## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| BEDROCK COMPUTER TECHNOLOGIES LLC, | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:09-cv-269 |
| Plaintiff, | | |
| vs. | | Jury Trial Demanded |
| 1. SOFTLAYER TECHNOLOGIES, INC., 2. CITIWARE TECHNOLOGY SOLUTIONS, LLC, 3. GOOGLE, INC., 4. YAHOO! INC., 5. MYSPACE, INC., 6. AMAZON.COM, INC., 7. PAYPAL INC., 8. MATCH.COM, INC., 9. AOL LLC, and 10. CME GROUP, INC., | | |
| Defendants. | | |

## DEFENDANT SOFTLAYER TECHNOLOGIES, INC.'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Softlayer Technologies, Inc. ("Softlayer" or "Defendant") files its Answer to Plaintiff Bedrock Computer Technologies LLC's ("Bedrock" or "Plaintiff") Original Complaint for Patent Infringement and shows the Court the following:

### PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies same.

Dockets.Justia.com

2. Defendant admits that it is a Texas corporation with its principal place of business at 6400 International Pkwy., Suite 2000, Plano, Texas 75093 and is doing business in the Eastern District of Texas. Defendant denies each and every other allegation contained in paragraph 2.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies same.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies same.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies same.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies same.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies same.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies same.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies same.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies same.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies same.

## JURISDICTION AND VENUE

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits that venue as to Softlayer is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

14. Defendant admits that it is transacting business within the State of Texas and this District, and is subject to the personal jurisdiction of this Court. Defendant denies each and every other allegation contained in paragraph 14.

## GENERAL ALLEGATIONS

15. Defendant admits that United States Patent No. 5,893,120 ("the '120 Patent") is entitled "Methods and Apparatus for Information Storage and Retrieval Using a Hashing Technique with External Chaining and On-the-Fly Removal of Expired Data." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore denies same.

16. Defendant denies each and every allegation contained in paragraph 16.

17. Defendant denies each and every allegation contained in paragraph 17.

## COUNT I
### Infringement of the '120 Patent

18. Defendant incorporates by reference its responses to paragraphs 1-17 as fully set forth herein.

19. Defendant denies each and every allegation contained in paragraph 19.

20. Defendant denies each and every allegation contained in paragraph 20.

21. Defendant denies each and every allegation contained in paragraph 21.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE (Non-Infringement)

1. Defendant has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid and enforceable claim of the '120 Patent and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND AFFIRMATIVE DEFENSE (Invalidity)

2. The '120 Patent is invalid because it fails to comply with the requirements of 35 U.S.C. §§ 101 *et. seq.*, including without limitation, §§ 101, 102, 103, 112, and/or 132.

## THIRD AFFIRMATIVE DEFENSE (Inequitable Conduct)

3. The '120 Patent is unenforceable by reason of inequitable conduct.

## FOURTH AFFIRMATIVE DEFENSE (No Immediate or Irreparable Injury)

4. Bedrock is not entitled to injunctive relief because any alleged injury to Bedrock is not immediate or irreparable, and Bedrock would have an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE (Waiver, Laches, and Estoppel)

5. The instrumentalities accused of infringement are staple articles of commerce sold and/or used in the United States for more than two decades. Defendant has invested significant resources in its business using these staple articles of commerce. By reason of Bedrock's unreasonable delay in asserting its alleged rights, Defendant is prejudiced and the relief sought by Bedrock is barred by the doctrines of Waiver, Laches, and/or Estoppel.

**SIXTH AFFIRMATIVE DEFENSE (No Willful Infringement)**

6. Should Defendant be found to infringe the '120 Patent, such infringement was not willful.

**SEVENTH AFFIRMATIVE DEFENSE (Limitation of Damages)**

7. To the extent that Bedrock may be entitled to damages, any claim for damages for patent infringement by Bedrock is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**EIGHTH AFFIRMATIVE DEFENSE (Lack of Standing)**

8. On information and belief, no assignment of the rights, title, or interest in the '120 Patent has been recorded with the United States Patent and Trademark Office. Bedrock lacks standing to bring suit against Defendant on the '120 Patent. Bedrock's claim of infringement on the '120 patent should be dismissed for failure to name an indispensible party.

**COUNTERCLAIMS**

Defendant Softlayer brings the following counterclaims, and states as follows:

1. This Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 2201 and 2202 for declaratory judgment adjudging the '120 Patent invalid, unenforceable, and not infringed by Defendant under the patent laws of the United States, 35 U.S.C §§. 1-376.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2201. This counterclaim arises out of the alleged conduct and controversy set forth in Bedrock's Complaint.

3. Venue is proper in this district pursuant to 28 U.S.C.§ 1391(b) and (c).

4. By its Complaint, Bedrock has requested a judgment that Defendant has infringed the '120 Patent, and that as a result, Bedrock is entitled to damages from Defendant.

5. An actual and justiciable controversy exists between Defendant and Bedrock with respect to the validity, enforceability and infringement of the '120 Patent.

6. The '120 Patent is invalid and unenforceable for failure to comply with the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 120 and/or 132.

## RELIEF REQUESTED

Defendant specifically denies that it currently infringes or has ever infringed any valid claim of the '120 Patent and further denies that Bedrock is entitled to any relief whatsoever from the District Court. Defendant further denies each and every factual allegation in the prayer for relief of the Complaint, including subparagraphs thereof.

WHEREFORE, Defendant prays that this Court enter a judgment:

A. Against Bedrock and in favor of Defendant;

B. Dismissing Bedrock's Complaint in its entirety with prejudice and adjudging that Bedrock is entitled to no relief whatsoever from Defendant;

C. Declaring and finding that Defendant has not infringed any asserted claims of the '120 Patent;

D. Declaring and finding that the '120 Patent is invalid and unenforceable against Defendant;

E.  Adjudging that Bedrock take nothing by its Complaint;

F.  Awarding Defendant its costs and attorney's fees; and

G.  Awarding Defendant such other and further relief as the Court deems appropriate.

## JURY DEMAND

Defendant demands a trial by jury as to all issues presented in each counterclaim.

Respectfully submitted,

*/s/ Paul V. Storm*

Paul V. Storm
State Bar No. 19325350
S. Scott Pershern
State Bar No. 24060412
STORM LLP
901 Main Street
Suite 7100
Dallas, Texas 75202
(214) 347-4700 (Telephone)
(214) 347-4799 (Facsimile)

**ATTORNEYS FOR DEFENDANT SOFTLAYER TECHNOLOGIES, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2009, a true and correct copy of the foregoing DEFENDANT SOFTLAYER TECHNOLOGIES, INC.'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS has been sent to the following counsel of record by electronic mail through ECF filing in accordance with the Federal Rules of Civil Procedure and the local Rules of the Eastern District of Texas:

| | |
|---|---|
| Sam F. Baxter<br>sbaxter@mckoolsmith.com<br>McKOOL SMITH, P.C.<br>104 E. Houston Street, Suite 300<br>P.O. Box 0<br>Marshall, Texas  75670<br>903.923.9000 (Telephone)<br>903.923.9099 (Facsimile) | Douglas A. Cawley<br>dcawley@mckoolsmith.com<br>Theodore Stevenson, III<br>tstevenson@mckoolsmith.com<br>McKOOL SMITH, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, Texas  75201<br>214.978.4000 (Telephone)<br>214.978.4044 (Facsimile) |
| Robert M. Parker<br>rmparker@pbatyler.com<br>Robert Christopher Bunt<br>rcbunt@pbatyler.com<br>PARKER, BUNT & AINSWORTH, P.C.<br>100 E. Ferguson, Suite 1114<br>Tyler, Texas  75702<br>903.531.3535 (Telephone)<br>903.533.9687 (Facsimile) | Michael Edwin Jones<br><br>POTTER MINTON PC<br>110 N College<br>Suite 500<br>PO Box 359<br>Tyler , TX 75710-0359<br>903.597.8311 |
| Yar R. Chaikovsky<br>ychaikovsky@sonnenschein.com<br>John Alexander Lee<br>johnlee@sonnenschein.com<br>SONNENSCHEIN NATH &<br>ROSENTHAL LLP<br>1530 Page Mill Road, Ste 200<br>Palo Alto , CA 94304-1125<br>650.798.0330<br>Fax: 650.798.0310 | Mark Christopher Nelson<br>mcnelson@sonnenschein.com<br>SONNENSCHEIN NATH &<br>ROSENTHAL LLP<br>2000 McKinney Avenue, Suite 1900<br>Dallas , TX 75201<br>214.259.0901<br>Fax: 214.259.0910 |

Alan Lee Whitehurst
alan.whitehurst@alston.com
Marissa Rachel Ducca
marissa.ducca@alston.com
Michael J Newton
mike.newton@alston.com
ALSTON & BIRD
950 F Street, NW
Washington , DC 20004
202.756.3491
Fax: 202.756.3333

*[signature]*

Theresa S. Costin