IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BEDROCK COMPUTER TECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>- v. -<br><br>SOFTLAYER TECHNOLOGIES, INC. *et al.*,<br><br>                Defendants. | Civil Action No.  6:09-cv-269 (LED)<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT PAYPAL, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant PayPal, Inc. ("PayPal") answers the allegations in the Original Complaint For Patent Infringement ("Complaint") of plaintiff Bedrock Computer Technologies LLC ("Bedrock") as follows.

### I. PARTIES

1.      PayPal admits that the Complaint purports that Bedrock is a Texas corporation with its principal place of business at 100 E. Ferguson Street, Suite 712, Tyler, Texas 75702. PayPal denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies them.

3.      PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies them.

4.      PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies them.

5. PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies them.

6. PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies them.

7. PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies them.

8. PayPal admits it is a Delaware corporation, with a principal place of business at 2211 N. 1st Street, San Jose, California 95131. PayPal denies the remaining allegations contained in paragraph 8 of the Complaint.

9. PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies them.

10. PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies them.

11. PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

## II. JURISDICTION AND VENUE

12. PayPal admits that the Complaint purports to constitute an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285 and that the Court has jurisdiction over patent actions pursuant to 28 U.S.C. §§ 1331 and 1338(a). PayPal denies the remaining allegations contained in paragraph 12 of the Complaint.

13. PayPal admits that the Complaint purports that venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). PayPal denies the remaining allegations contained in paragraph 13 of the Complaint.

14. As to itself, PayPal admits that it transacts business within the State of Texas. As to the remaining defendants, PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies them. PayPal denies the remaining allegations contained in paragraph 14 of the Complaint.

### III. GENERAL ALLEGATIONS

15. PayPal admits that, on its face, U.S. Patent No. 5,893,120 (the "'120 patent"), bears the title "Methods and Apparatus for Information Storage and Retrieval Using a Hashing Technique with External Chaining and On-the-Fly Removal of Expired Data." PayPal admits that a copy of the '120 patent is attached to the Complaint as Exhibit A. PayPal is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and, therefore, denies these allegations.

16. As to itself, PayPal denies the allegations contained in paragraph 16 of the Complaint. As to the remaining defendants, PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies them.

17. As to itself, PayPal denies the allegations contained in paragraph 17 of the Complaint. As to the remaining defendants, PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis denies them.

# IV. COUNT I
## Infringement of the '120 patent

18. PayPal refers to and incorporates herein its responses to paragraphs 1-17 of the Complaint.

19. As to itself, PayPal denies the allegations contained in paragraph 19 of the Complaint. As to the remaining defendants, PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

20. As to itself, PayPal denies the allegations contained in paragraph 20 of the Complaint. As to the remaining defendants, PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies them.

21. As to itself, PayPal denies the allegations contained in paragraph 21 of the Complaint. As to the remaining defendants, PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis denies them.

# V. PRAYER FOR RELIEF

22. PayPal denies that Bedrock is entitled to any of the relief requested in its Prayer for Relief.

# AFFIRMATIVE DEFENSES

23. PayPal asserts the following affirmative defenses to Bedrock's Complaint. PayPal expressly reserves the right to amend or allege additional defenses as they become known through the course of discovery. By pleading these defenses, PayPal does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

24. The claims of the '120 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE

25. The accused instrumentality of PayPal does not infringe, literally or by the doctrine of equivalents, the claims of the '120 patent, either directly or indirectly, such as, contributorily or by inducement.

## THIRD AFFIRMATIVE DEFENSE

26. Bedrock is estopped, by virtue of the cancellations, amendments, elections, representations, and concessions the patentee made to the U.S. Patent and Trademark Office during the pendency of the application that ultimately issued as the '120 patent, from construing that any claim of the '120 patent has been infringed by PayPal.

## FOURTH AFFIRMATIVE DEFENSE

27. Bedrock is barred by the doctrine of prosecution laches from enforcing the '120 patent against PayPal.

## FIFTH AFFIRMATIVE DEFENSE

28. 35 U.S.C. § 286 precludes Bedrock from recovering any damages for alleged infringement, if any, that occurred more than six years prior to the commencement of this action.

## SIXTH AFFIRMATIVE DEFENSE

29. 35 U.S.C. § 287 precludes Bedrock from recovering any damages for alleged infringement, if any, that occurred prior to the time it provided the required notice to PayPal.

## SEVENTH AFFIRMATIVE DEFENSE

30. Bedrock is precluded from recovering any damages to the extent it failed to mitigate those damages.

### EIGHTH AFFIRMATIVE DEFENSE

31. Bedrock's claims for relief are barred in whole or in part because of a license, express and/or implied, to practice the claims of the '120 patent.

### NINTH AFFIRMATIVE DEFENSE

32. Bedrock's claims for relief are barred by under the doctrine of patent exhaustion.

### TENTH AFFIRMATIVE DEFENSE

33. Bedrock's claims are barred to the extent they fail to state a claim upon which relief may be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

34. Bedrock's claims for relief are barred by the doctrines of acquiescence, estoppel, laches, and waiver.

### TWELTH AFFIRMATIVE DEFENSE

35. On information and belief, Bedrock is not the owner of any right, title, and interest in and to the '120 patent.

### PAYPAL, INC.'S COUNTERCLAIMS

Defendant PayPal, Inc. brings these Counterclaims against Plaintiff Bedrock Computer Technologies LLC pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

### PARTIES

1. Defendant and counter-claimant PayPal, Inc. ("PayPal") is a Delaware corporation with a principal place of business at 2211 N. 1st Street, San Jose, California 95131.

2.      Upon information and belief, Plaintiff and counter-defendant Bedrock Computer Technologies LLC ("Bedrock") alleges that it is a Texas limited liability company having a place of business in Tyler, Texas.

**JURISDICTION AND VENUE**

3.      This is an action seeking a declaration of non-infringement and invalidity with respect to U.S. Patent No. 5,893,120 (the "'120 patent") pursuant to 28 U.S.C. §§ 2201 and 2202; and the Patent Act, 35 U.S.C. § 1 et seq. An actual controversy exists under the Declaratory Judgment Act because Bedrock contends, and PayPal denies, infringement and validity of the '120 patent. The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      The Court has personal jurisdiction over Bedrock because, *inter alia*, Bedrock is the plaintiff in the underlying action.

5.      Venue is proper in this judicial district for PayPal's counterclaim against Bedrock's underlying action pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c).

**DECLARATORY RELIEF CLAIM**

6.      PayPal repeats the allegations of the above paragraphs 1-5 as if fully set forth herein.

7.      Bedrock contends that it holds all right, title and interest in and to the '120 patent and that PayPal infringes the '120 patent.

8.      PayPal has not made, used, sold, offered for sale, or imported into the United States, any devices, products, services, or methods that infringe the '120 patent, or otherwise infringe the '120 patent, either directly or indirectly, willfully, literally or by the doctrine of equivalents.

9. The claims of the '120 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, PayPal respectfully requests that the Court:

A. Find that PayPal has not infringed any claim of the '120 patent directly or indirectly, willfully, literally or by the doctrine of equivalents;

B. Find that the claims of the '120 patent are invalid;

C. Find that the claims of the '120 patent are unenforceable;

D. Deny all relief requested by Bedrock;

E. Dismiss Bedrock's Complaint with prejudice;

F. Enter judgment against Bedrock and in favor of PayPal in all respects;

G. Award PayPal its attorneys' fees, costs, and prejudgment interest incurred in this action, including an award under 35 U.S.C. § 285 based on a finding that this is an exceptional case; and

H. Grant such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Defendant PayPal, Inc. hereby demands trial by a jury on all issues so triable.

Dated: September 9, 2009                                   Respectfully submitted,

                                                           */s/ Michael E. Jones*

                                                           Michael E. Jones
                                                           State Bar No. 10929400
                                                           Allen Gardner
                                                           State Bar No. 24043679
                                                           POTTER MINTON
                                                           A PROFESSIONAL CORPORATION
                                                           110 N. College, 500 Plaza Tower
                                                           P.O. Box 359
                                                           Tyler, Texas 75710
                                                           Tel: (903) 597-8311
                                                           Fax: (903) 593-0846
                                                           mikejones@potterminton.com
                                                           allengardner@potterminton.com

                                                           **ATTORNEYS FOR
                                                           DEFENDANT PAYPAL, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 9, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

                                                           */s/ Michael E. Jones*