# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Bedrock Computer Technologies LLC, | |
| Plaintiff, | |
| v. | Case No. 6:09-CV-269-LED |
| Softlayer Technologies, Inc., CitiWare Technology Solutions, LLC, Google Inc., Yahoo! Inc., MySpace Inc., Amazon.com Inc., PayPal Inc., Match.com Inc., AOL LLC, and CME Group Inc., | JURY TRIAL DEMANDED |
| Defendants. | |

## MYSPACE, AMAZON.COM, AOL, CME GROUP, AND YAHOO!'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| FACTUAL BACKGROUND: THE COMPLAINT IDENTIFIES NO ACCUSED PRODUCTS AND PROVIDES NO FACTS SUPPORTING CONCLUSORY CLAIMS OF INDIRECT INFRINGEMENT | 2 |
| ARGUMENT: THE COMPLAINT IS DEFICIENT UNDER RULE 8 | 4 |
| I. Rule 8 Requires Specific Facts in Patent Cases | 4 |
| II. Bedrock's Complaint Fails to Comply with the Rule 8 Standard Set Forth in *Iqbal* | 6 |
| III. The Deficiencies in the Complaint Cannot be Cured by Local Practice | 8 |
| IV. Pre-*Iqbal* Decisions by This Court Do Not Control | 11 |
| CONCLUSION | 12 |

# **TABLE OF AUTHORITIES**

## **CASES**

Page

*Anticancer, Inc. v. Xenogen Corp.*,
    248 F.R.D. 278 (S.D. Cal. 2007) ................................................................................ 6

*Anton/Bauer, Inc. v. PAG, Ltd.*,
    329 F.3d 1343 (Fed. Cir. 2003) ................................................................................. 8

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ..................................................................................... passim

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... passim

*Business Guides, Inc. v. Chromatic Comms. Enterprises, Inc.*,
    498 U.S. 533 (1991) ................................................................................................ 10

*Cheetah Omni LLC v. Samsung*,
    Civ. No. 6:08-cv279, Mem. Op. and Order, Dkt No. 62 (E.D. Tex. Jan. 29, 2009) ........................................................................................................................ 11

*Clark v. Walt Disney Co.*,
    No. 2:08-cv-982, 2009 U.S. Dist. LEXIS 51831 (S.D. Oh. July 19, 2009) ............. 5

*Fifth Market, Inc. v. CME Group, Inc.*,
    Civ. Act. No. 1:08-cv-00520-GMS (D. Del. May 14, 2009) ................................ 6, 7

*FotoMedia Tech., LLC v. AOL*,
    No. 2:07-cv-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) .......................... 11

*In re Papst Licensing GmbH & Co. KG Litigation*,
    No. 08-cv-1405, 2008 WL 4865196 (D.D.C. Nov. 12, 2008) ................................ 6

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) ........................................................................ 5, 11

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) ............................................................................ 8, 9

*PA Advisors, LLC v. Google Inc.*,
    2008 U.S. Dist. LEXIS 71285 (Aug. 7, 2008) ................................................... 8, 11

*Q-Pharma, Inc. v. Andrew Jergens, Co.*,
   360 F.3d 1295 (Fed. Cir. 2004) .................................................................................. 2

*Ricoh Co., Ltd. v. Asustek Computer, Inc.*,
   481 F. Supp. 2d 954 (W.D. Wis. 2007) ...................................................................... 6

*Tierstein v. AGA Medical Corp.*,
   Civ. No. 6:08cv14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009) .............................. 9

*United States v. St. Luke's Episcopal Hosp.*,
   355 F.3d 370 (5th Cir. 2004). ...................................................................................... 9

*Vermont Teddy Co., Inc. v. 1-800 Beargram Co.*,
   373 F.3d 241 (2d Cir. 2004). ...................................................................................... 9

*View Engr'g, Inc. v. Robotic Vision Sys., Inc.*,
   208 F.3d 981 (Fed. Cir. 2000) ................................................................................... 10

**RULES**

Fed. R. Civ. P. 11 ................................................................................................................ 10

Fed. R. Civ. P. 16 ................................................................................................................ 11

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 1, 4

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants MySpace Inc., Amazon.com Inc., AOL LLC, CME Group Inc., and Yahoo! Inc. (collectively, "Movants") respectfully move for an order dismissing all claims asserted against Movants in Plaintiff Bedrock Computer Technologies LLC's ("Bedrock's") Complaint for Patent Infringement ("Complaint").

Dismissal is appropriate because Bedrock's Complaint does not name *any* accused products or provide other specific facts necessary for the asserted claims. The Complaint thus fails to comply with Fed. R. Civ. P. 8(a)(2) ("Rule 8") for the reasons set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 2009 LEXIS 3472 (2009). *Iqbal* resolves any lingering uncertainty as to whether the pleading requirements explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) apply to all civil cases. While Movants do not contend that Rule 8 requires disclosure of each and every detail regarding a plaintiff's infringement contentions, Bedrock has failed to identify even a single accused product and has provided no facts supporting contentions of inducement and contributory infringement. The pleading cannot be squared with the clear Rule 8 standards established by the Supreme Court in *Twombly* and *Iqbal*.

Movants recognize that infringement contentions are required by the Eastern District of Texas' Local Patent Rules. While the Patent Rules serve an important purpose, they do not rectify the deficiencies in Bedrock's Complaint and there is no exception in Rule 8, *Twombly*, or *Iqbal* for post-Complaint disclosures of facts missing in the Complaint. Neither the Patent Rules nor any other post-Complaint identification of accused products is a substitute for a well-pled Complaint as required by Rule 8 and the Supreme Court decisions. Moreover, important policy considerations require uniform compliance with Rule 8 standards under *Iqbal*. Permitting post-Complaint disclosures to satisfy the Rule 8 requirements would lead to a patchwork of

inconsistent results in District Courts based on the various local practices.

Moreover, Rule 11 requires for a patent infringement complaint, "at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v Andrew Jergens, Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). Assuming Bedrock complied with Rule 11, there is no acceptable reason for Bedrock to withhold this information. Bedrock's failure to comply with *Iqbal* and *Twombly* has unfair consequences, such as limiting Movants' right to pursue indemnification from third parties.

Under *Iqbal*, Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Specific facts are required, which in patent cases, includes **at a minimum** identification of the accused product. Bedrock's Complaint does not meet this standard. For the reasons set forth below, the Movants respectfully request that the case be dismissed for failure to state a claim for relief.

**FACTUAL BACKGROUND:**
**THE COMPLAINT IDENTIFIES NO ACCUSED PRODUCTS AND PROVIDES NO FACTS SUPPORTING CONCLUSORY CLAIMS OF INDIRECT INFRINGEMENT**

Bedrock filed its Complaint against 10 defendants on June 16, 2009. The Complaint makes the same insufficient allegations against all 10 defendants in a single infringement count. In its section entitled "General Allegations," Bedrock alleges the following against all 10 defendants:

> 16. In the course of their business operations, Defendants use the method and apparatus falling within one or more claims of the '120 Patent.
>
> 17. Defendants infringe the Patent-in-Suit directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling, and/or supporting **products and/or services** that fall within one or more claims of the '120 Patent.

2

Complaint at ¶¶ 16-17 (emphasis added). These same conclusory, but not factually supported allegations are repeated in Bedrock's section entitled "Count I":

> 19. Defendants have infringed and continue to infringe the '120 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the ***claimed method and apparatus*** of the '120 Patent without authority or license of Bedrock.
>
> 20. Defendants have contributorily infringed and/or induced others to infringe and continue to contributorily infringe and/or to induce others to infringe the '120 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the ***claimed method and apparatus*** of the '120 Patent without authority or license of Bedrock.

Complaint at ¶¶19-20 (emphasis added).

Absent from the Complaint is any identification of the allegedly infringing "products and/or services" and any facts to support paragraph 20's conclusory allegations of contributory infringement or inducement. For example, the Complaint fails to specify:

- Who the alleged direct infringers are;
- How Movants had the requisite knowledge for indirect infringement;
- Whether the alleged infringement is direct, indirect, or both; or
- What claims Movants are alleged to infringe.

The entirety of Bedrock's Complaint is boilerplate language reciting a generalized conclusion of infringement.

On August 12, 2009, counsel for MySpace, Amazon.com, AOL, and CME sent a letter to Bedrock's counsel regarding the deficiencies of Bedrock's Complaint. Exh. A. Bedrock's counsel responded on August 20, 2009, asserting without explanation, that the Complaint adequately complied with *Twombly*, *Iqbal*, and Form 18. Exh. B. Notably absent from Bedrock's response is any identification of where the Complaint identifies any accused products,

3

any direct infringers that Movants supposedly induced to infringe, or any other facts indicating the manner in which Movants supposedly engaged in contributory infringement.

**ARGUMENT:**
**THE COMPLAINT IS DEFICIENT UNDER RULE 8**

I.  **Rule 8 Requires Specific Facts in Patent Cases**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Recently, the Supreme Court has issued landmark opinions setting forth clear standards for Rule 8 that ended prior pleading practices based on boilerplate and conclusory allegations. To survive a motion to dismiss, a plaintiff must now plead facts sufficient to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (quotations omitted). Legal conclusions, as opposed to well-pled factual allegations, are not presumed to be true in the context of a motion to dismiss. *Id.*

Under Rule 8, as explained by the Supreme Court, a plaintiff must plead "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 544). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

If there was any doubt as to whether *Twombly* applied to patent cases, the Supreme Court

in *Iqbal* made it clear that the standard is not limited to antitrust actions, and in fact, applies "in all civil actions." *Iqbal*, 129 S. Ct. at 1953. *Iqbal* has since been cited in numerous patent cases as the applicable test for determining the sufficiency of a pleading. *See, e.g., Clark v. Walt Disney Co.,* No. 2:08-cv-982, 2009 U.S. Dist. LEXIS 51831 (S.D. Oh. July 19, 2009) (citing *Iqbal* as the standard in patent infringement disputes seeking a motion to dismiss). There is no authority to suggest that patent infringement cases are excused from the standards set forth in *Iqbal*. Indeed, the policy considerations underlying the Supreme Court's rule in *Twombly* and *Iqbal* apply with special force in patent cases, since infringement claims typically require fact specific comparisons of the accused product and the claims of the patent-in-suit.

Even before the Supreme Court's decision in *Iqbal*, the Federal Circuit echoed the requirements of *Twombly* in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). The plaintiff in *McZeal* was a *pro se* plaintiff, and therefore was granted leniency and held to a "less demanding standard." *Id.* at 1356. But, even the *pro se* litigant in *McZeal* specifically identified an actual product that was accused of infringing the claims, and further identified the features of that product that allegedly infringed. *Id.* at 1357. The Court in *McZeal* indicated that at least the following elements should be included in a complaint for patent infringement:

1) an allegation of jurisdiction;
2) a statement that the plaintiff owns the patent;
3) a statement that defendant has been infringing the patent *"by making, selling, and using [the device] embodying the patent"*;
4) a statement that the plaintiff has given the defendant notice of its infringement; and
5) a demand for an injunction and damages

*McZeal*, 501 F.3d at 1357 (emphasis added). Here, as noted, the Complaint identifies no alleged product or device embodying the patent.

5

Consistent with this standard, complaints so deficient that they even fail to identify a specific product accused of infringement have been dismissed under Rule 8. *Fifth Market, Inc. v. CME Group, Inc.*, Civ. Act. No. 1:08-cv-00520-GMS (D. Del. May 14, 2009) (granting motion to dismiss even where a product is mentioned in the factual background of the complaint); *Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp.2d 954, 959 (W.D. Wis. 2007) ("In the context of alleged patent infringement, this means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent."); *In re Papst Licensing GmbH & Co. KG Litigation*, No. 08-cv-1405, 2008 WL 4865196, at *1-*2 (D.D.C. Nov. 12, 2008) (granting a motion to dismiss without leave to amend where the original complaint alleged "a reasonable opportunity for further investigation or discover is likely to provide evidentiary support" and then, the amended complaint alleged "upon information and belief, the . . . [d]efendants have made, used, sold or offered to sell . . . digital cameras which infringe the Patents in Suit."); *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007) (granting a motion to dismiss where the plaintiff pled nothing more than statements of direct and indirect infringement). The Rule 8 standard set forth by all of these cases from *Twombly* through *Iqbal* require more than just mere boilerplate language alleging infringement, and require, at the very least, the identification of an accused product.

## II. Bedrock's Complaint Fails to Comply with the Rule 8 Standard Set Forth in *Iqbal*

Although a plaintiff does not have to set forth every single fact that serves as the basis for its allegations of patent infringement, the complete absence of facts in Bedrock's Complaint is plainly insufficient to meet the *Iqbal* standard. Bedrock fails to plead even the most basic facts to support its contentions:

- The Complaint does not identify any products embodying the claimed method and apparatus that Movants purportedly manufacture, import, sell, offer for sell, or

6

- use.

- The Complaint does not identify any third-parties that Movants have allegedly induced to infringe or with whom Movants have purportedly engaged in contributory infringement.

- The Complaint does not identify any products that third-parties allegedly manufacture, import, sell, offer for sell, or use.

These are basic questions that Bedrock presumably investigated before filing its Complaint in order to meet its Rule 11 obligations. As detailed above, this information needs to be in the Complaint in order to state a claim for patent infringement.

Moreover, Form 18 provides a high level, basic guideline for drafting complaints for patent infringement, and likewise requires naming an infringing product. *Fifth Market, Inc. v. CME Group, Inc.*, C.A. No. 1:08-cv-520, Dkt. No. 24 at 2 (D. Del. May 14, 2009) ("Form 18 of Federal Rule of Civil Procedure 84 makes clear that, at a minimum, Fifth Market must allege, in general terms, an infringing product."). Form 18's brief and concise example of a Complaint for Patent Infringement includes the identification of an accused product:

> 1. (Statement of Jurisdiction – See Form 7.)
>
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> . . . .

Fed. R. Civ. P. App. Form 18. Form 18, unlike Bedrock's Complaint, sets forth facts supporting the allegations in that it alleges infringement by ***actual products – "electric motors."*** Bedrock,

7

by contrast, has named *no* accused products and instead only conclusorily points to unidentified "products and/or services." Merely attaching the patent, which identifies no accused technology, and accusing "products and/or services" without any factual support is not enough.

Form 18 must be read in light of the Supreme Court's interpretation in *Iqbal*. Even if Form 18 remains a viable example of a patent infringement complaint after *Iqbal* (a point Defendants do not concede), Bedrock does not even come close to complying with Form 18's basic example guidelines. Furthermore, Form 18 does not include an example of a pleading for contributory infringement or inducement, which Bedrock has also pled.

Allegations of indirect infringement require direct infringement by some third party. *See, e.g. Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1349 (Fed. Cir. 2003). There are no factual allegations of any direct infringement by any third party related to the indirect infringement included in the Complaint. Even pre-*Iqbal*, Plaintiffs were required to include factual allegations related to these most basic tenets of patent law. *See PA Advisors, LLC v. Google Inc.*, 2008 U.S. Dist LEXIS 71285, *21 (Aug. 7, 2008) (granting leave to amend the complaint where the identification of "users" was insufficient to identify a direct infringer).

**III.   The Deficiencies in the Complaint Cannot be Cured by Local Practice**

Movants recognize the relevance and importance of the patent rules in the Eastern District of Texas, and are aware of the detail required when Plaintiff must serve its infringement contentions. Movants also recognize that before *Iqbal*, the Eastern District of Texas held that the Patent Rules provide a basis for defendants to obtain more detailed information about the Plaintiff's claims. *PA Advisors, LLC v. Google Inc.*, 2008 U.S. Dist. LEXIS 71285 (Aug. 7, 2008). However, early discovery obligations such as those provided in the local Patent Rules cannot trump a Plaintiff's obligations set forth by the Supreme Court in *Iqbal. See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("To be

8

valid, local rules must be consistent with both acts of Congress and the Federal Rules of Civil Procedure."); *Vermont Teddy Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (". . . it is axiomatic that the Federal Rules of Civil Procedure trump inconsistent interpretations of local rules."). Simply put, the infringement contentions are ***not*** a substitute for a well-pled complaint.

Without an adequate, well-pled complaint, the Court should not permit plaintiff to proceed with costly discovery and an impending trial. *See Twombly*, 550 U.S. at 557-558. The Supreme Court made it clear in *Iqbal* that a motion to dismiss "does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953; *see also Twombly*, 550 U.S. at 559. The standard for a pleading under Rule 8 set forth by the Supreme Court cannot be satisfied merely because the Local Patent Rules provide for early discovery of Bedrock's infringement contentions. *Id.*

Important policy considerations support a uniform pleading rule in patent cases that does not turn on the timing of post-Complaint disclosures. First, and most fundamentally, the sufficiency of a Complaint is tested by the allegations appearing in the four corners of the document, not materials found in subsequent papers. *See, e.g.*, *United States v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). There is no exception to this rule for patent cases. Second, a defendant is entitled to test the sufficiency of a pleading in accordance with Rule 8 and Rule 12(b)(6) at the outset of the case, and should not be required to participate in discovery or other proceedings before the purported basis for the case is disclosed. Third, a rule permitting deficient complaints to meet Rule 8 standards based on local rules requiring subsequent disclosure of necessary facts would lead to inconsistent pleading standards in cases across the country where practices differ. The sufficiency of patent claims should not turn on the

9

different timing and substance of local disclosure rules. Patents, of course, are a matter of exclusive federal jurisdiction, and a uniform pleading standard under Rule 8 applicable in all District Courts is required.

In addition, compliance with *Iqbal* and *Twombly* in patent cases is consistent with the requirements of Fed. R. Civ. P. 11 ("Rule 11"): "[t]he signature of an attorney or party constitutes a certificate by the signer that . . . to the best of the signer's knowledge, information, and belief ***formed after a reasonable inquiry*** it is well grounded in fact. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court . . . shall impose upon the person who signed it . . . an appropriate sanction." Rule 11 (Emphasis added); *see also Business Guides, Inc. v. Chromatic Comms. Enterprises, Inc.*, 498 U.S. 533, 541 (1991). Rule 11 is tested based on whether Plaintiff conducted a reasonable inquiry before filing the Complaint; it is not based on subsequent discovery. *See Business Guides, Inc.*, 498 U.S. at 569. Under Rule 11, Bedrock ***at least*** had the obligation to identify accused products and conclude there is a reasonable basis for infringement. *See View Engr'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.").

Assuming Bedrock complied with Rule 11, there is no acceptable reason for Bedrock to intentionally keep the Movants "in the dark." Failure to comply with *Iqbal* and *Twombly* in patent cases has unfair consequences for Movants in terms of their right to pursue indemnification from potentially liable third-parties and may lead to unnecessary delay in the prosecution of such third-party claims. Where no accused product is identified, Movants are

unable to identify or contact third parties who may be potential indemnifiers. Movants thus cannot properly evaluate potential indemnity claims or the potential to name additional parties under Fed. R. Civ. P. 16. Movants here may have rights to demand a duty of defense from third-parties but are precluded by Bedrock's failure to comply with Rule 8 from exercising those rights at the earliest possible time.

## IV. Pre-*Iqbal* Decisions by This Court Do Not Control

Prior decisions in the Eastern District of Texas denying motions to dismiss are inapposite because they were issued prior to *Iqbal*. Moreover, the facts of this case represent a more flagrant violation of Rule 8 than these prior decisions, where plaintiffs at least identified accused products. For example, Judge Ward's pre-*Iqbal* decision in *FotoMedia Tech., LLC v. AOL*, No. 2:07-cv-255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008) addressed a situation where the Plaintiff accused an actual product: a photosharing website. Likewise, in Judge Folsom's pre-*Iqbal* decision, *PA Advisors, LLC v. Google Inc.*, No. 2:07-cv-480, 2008 U.S. Dist LEXIS 71285, the Plaintiff identified a particular website as well as a particular method and system ("Yahoo Search Marketing").[1] The *pro se* plaintiff in the Federal Circuit decision, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) was even more specific – he named the Motorola i930 cellular telephone as an accused product. Here, Bedrock has identified no accused products and no third-party infringers to support Bedrock's allegations of indirect infringement.

---

[1] Movants are also aware of two pre-*Iqbal* decisions where this Court denied motions to dismiss counterclaims. *See Cheetah Omni LLC v. Samsung,* Civ. No. 6:08-cv279, Memorandum Opinion and Order, Docket No. 62 (E.D. Tex. Jan. 29, 2009) (granting in part the motion to dismiss regarding an inequitable conduct allegation, and denying the remainder of the motion to dismiss); *Tierstein v. AGA Medical Corp.*, Civ. No. 6:08cv14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009) (denying motion to dismiss invalidity counterclaims). In these cases, this Court denied motions to dismiss invalidity and inequitable conduct defenses where the plaintiff was seeking more extensive details about those defenses. In this case, Movants are not seeking the extensive details that must be disclosed in the 3-1 infringement contentions. The Movants are seeking only to have Bedrock comply with the pleading rules required by the Federal Rules of Civil Procedure and the Supreme Court.

# CONCLUSION

The Supreme Court's decision in *Iqbal* establishes Rule 8 pleading requirements for all cases, including patent cases. The Complaint here does not remotely meet the Supreme Court's test. Bedrock has failed to identify a single product, and has grouped 10 separate and distinct defendants into a single infringement count with no factual information supporting any claim against any Defendant. Important policy considerations support application of *Iqbal* in patent cases, and post-Complaint disclosures pursuant to local rules or discovery demands are not a substitute for a well-pled Complaint. Movants respectfully request that the Court grant Movants' motion to dismiss for failure to state a claim.

Dated:  September 9, 2009

     */s/ Alan L. Whitehurst*
Frank G. Smith
frank.smith@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309
Telephone:  (404) 881-7240
Facsimile:  (404) 256-8184

Alan L. Whitehurst
alan.whitehurst@alston.com
Marissa R. Ducca
marissa.ducca@alston.com
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, N.W.
Washington, DC  20004
Telephone:  (202) 756-3300
Facsimile:  (202) 756-3333

Michael J. Newton (SBN 24003844)
mike.newton@alston.com
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 3601
Dallas, TX  75201
Telephone:  (214) 922-3423
Facsimile:  (214) 922-3839

Louis A. Karasik (*pro hac vice*)
lou.karasik@alston.com
ALSTON & BIRD LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1148
Facsimile:  (213) 576-1100

*Attorneys for Defendants MySpace Inc., Amazon.com Inc., AOL LLC, and CME Group Inc.*

Respectfully submitted,

     */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky
California State Bar No. 175421
SONNENSCHEIN NATH & ROSENTHAL LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 798-0300
Facsimile: (650) 798-0310
ychaikovsky@sonnenschein.com

*Attorney for Defendant Yahoo! Inc.*

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that on this 9th of September, 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule Cv-5(a)(3). Any other counsel of record will be served via first class mail and/or facsimile.

                                                 */s/ Alan L. Whitehurst*
                                                 Alan L. Whitehurst