**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| BEDROCK COMPUTER TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOFTLAYER TECHNOLOGIES, INC., CITIWARE TECHNOLOGY SOLUTIONS, LLC, GOOGLE INC., YAHOO! INC., MYSPACE INC., AMAZON.COM INC., PAYPAL INC., MATCH.COM, INC., AOL LLC, and CME GROUP INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 6:09-CV-00269

Hon. Leonard E. Davis

**JURY TRIAL DEMANDED**

**DEFENDANT MATCH.COM, LLC'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**

Defendant Match.com, LLC (incorrectly sued as Match.com, Inc.) ("Match.com")

answers Plaintiff Bedrock Computer Technologies LLC's ("Bedrock") Original Complaint for

Patent Infringement ("Complaint") as follows:

**PARTIES**

1.      Match.com lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in paragraph 1, and therefore denies them.

2.      The allegations of paragraph 2 are not directed to Match.com, and therefore no

answer is required.  To the extent a response is required, Match.com is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 2, and

therefore denies them.

Dockets.Justia.com

3.      The allegations of paragraph 3 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.      The allegations of paragraph 4 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5.      The allegations of paragraph 5 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6.      The allegations of paragraph 6 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7.      The allegations of paragraph 7 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.      The allegations of paragraph 8 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      Match.com admits that its principal place of business is located at 8300 Douglas Avenue, Suite 800, Dallas, Texas 75225.  For purposes of this action only, Match.com admits that it is doing business in the Eastern District of Texas and elsewhere in the United States. Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and therefore, on this basis, denies that it is infringing or has infringed any valid and enforceable patent claim and that Bedrock is entitled to any relief therefrom.  Match.com denies all remaining allegations of paragraph 9.

10.     The allegations of paragraph 10 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.     The allegations of paragraph 11 are not directed to Match.com, and therefore no answer is required.  To the extent a response is required, Match.com is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

## JURISDICTION AND VENUE

12.     Match.com admits that Bedrock's Complaint alleges infringement under the United States patent laws, and that this Court has subject matter jurisdiction over these patent law claims.  Consistent with the denial of the allegations of paragraph 15 below, on information and belief, Match.com denies that Bedrock has standing, and accordingly denies that this Court has subject matter jurisdiction over Bedrock's patent claims in this particular case.

13.     Match.com admits that venue is proper in the Eastern District of Texas for purposes of this particular action only, but states that this case should be transferred to the Northern District of California pursuant to Federal Rule of Civil Procedure § 1404(a).

14.     Match.com admits that it transacts business in the State of Texas and this District for the purposes of this particular action only, and that this Court has personal jurisdiction over it in this particular action only.  Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and therefore, on this basis, denies that it is infringing or has infringed any valid and enforceable patent claim and that Bedrock is entitled to any relief therefrom.  To the extent any remaining allegations of paragraph 14 are directed at Match.com, they are denied.  To the extent the allegations of paragraph 14 are directed to other defendants, Match.com lacks sufficient information to admit or deny the allegations and therefore denies them.

### GENERAL ALLEGATIONS

15.     Match.com admits that U.S. Patent No. 5,893,120 (the "'120 Patent") is entitled "Methods and Apparatus for Information Storage and Retrieval Using a Hashing Technique with External Chaining and On-the-Fly Removal of Expired Data."   Match.com is without knowledge or information sufficient to form a belief as to whether Bedrock holds all right, title and interest in and to the '120 Patent and therefore denies those allegations.  Match.com admits that a document that purports to be a true and correct copy of the '120 Patent is attached to Bedrock's Complaint as Exhibit A.  Match.com denies any remaining allegations of paragraph 15.

16.     Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and therefore, on this basis, denies that it is infringing or has infringed any valid and enforceable patent claim and

that Bedrock is entitled to any relief therefrom.  To the extent any remaining allegations of paragraph 16 are directed at Match.com, they are denied.  To the extent the allegations of paragraph 16 are directed to other defendants, Match.com lacks sufficient information to admit or deny the allegations and therefore denies them.

17.     Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and therefore, on this basis, denies that it is infringing or has infringed any valid and enforceable patent claim and that Bedrock is entitled to any relief therefrom.  To the extent any remaining allegations of paragraph 17 are directed at Match.com, they are denied.  To the extent the allegations of paragraph 17 are directed to other defendants, Match.com lacks sufficient information to admit or deny the allegations and therefore denies them.

**COUNT I**
**Infringement of the '120 Patent**

18.     Match.com incorporates its answers to paragraphs 1 through 17 as if set forth fully herein.

19.     Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and therefore, on this basis, denies that it is infringing or has infringed any valid and enforceable patent claim and that Bedrock is entitled to any relief therefrom.  the extent any remaining allegations of paragraph 19 are directed at Match.com, they are denied.  To the extent the allegations of paragraph 19 are directed to other defendants, Match.com lacks sufficient information to admit or deny the allegations and therefore denies them.

20.     Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and therefore, on

this basis, denies that it is infringing or has infringed any valid and enforceable patent claim and that Bedrock is entitled to any relief therefrom. To the extent any remaining allegations of paragraph 20 are directed at Match.com, they are denied. To the extent the allegations of paragraph 20 are directed to other defendants, Match.com lacks sufficient information to admit or deny the allegations and therefore denies them.

21.     Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and therefore, on this basis, denies that it is infringing or has infringed any valid and enforceable patent claim and that Bedrock is entitled to any relief therefrom. To the extent any remaining allegations of paragraph 21 are directed at Match.com, they are denied. To the extent the allegations of paragraph 21 are directed to other defendants, Match.com lacks sufficient information to admit or deny the allegations and therefore denies them.

## PRAYER FOR RELIEF

Match.com denies that Bedrock is entitled to any of the requested relief and denies any allegations in paragraphs 22 through 31 of its prayer for relief.

## AFFIRMATIVE DEFENSES

Match.com alleges and asserts the following affirmative defenses. In addition to the affirmative defenses described below and subject to its responses above, Match.com specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '120 Patent

Match.com lacks sufficient information regarding the specific nature of Bedrock's allegations of infringement (direct, contributory, by inducement, or otherwise), and on this basis, asserts that it does not infringe and has not infringed (not directly, contributorily, by inducement, nor in any other way) literally or under the doctrine of equivalents any claim of the '120 Patent.

### SECOND AFFIRMATIVE DEFENSE: Invalidity of the '120 Patent

The claims of the '120 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, 112 and 132.

### THIRD AFFIRMATIVE DEFENSE: Waiver, Acquiescence and/or Consent

Bedrock's claims of infringement under the '120 Patent are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or consent.

### FOURTH AFFIRMATIVE DEFENSE: Unclean Hands

Bedrock's claims of infringement under the '120 Patent are barred, in whole or in part, by unclean hands.

### FIFTH AFFIRMATIVE DEFENSE: Laches

Bedrock's claims of infringement under the '120 Patent are barred, in whole or in part, by laches.

## SIXTH AFFIRMATIVE DEFENSE: Estoppel

Bedrock's claims of infringement under the '120 Patent are barred, in whole or in part, by the doctrines of equitable estoppel and/or prosecution history estoppel.

## SEVENTH AFFIRMATIVE DEFENSE: Lack of Standing

Bedrock lacks standing to assert infringement of the '120 Patent because it did not have sufficient rights in the '120 Patent at the time the suit was filed.

## EIGHTH AFFIRMATIVE DEFENSE: Failure to Join

Bedrock has failed to name or join an indispensable party or parties to the present action, including but not limited to certain persons or entities who may have an ownership interest in the '120 Patent.

## NINTH AFFIRMATIVE DEFENSE: Bar to Damages

Bedrock's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation), 35 U.S.C. § 287 (marking), and 28 U.S.C. § 1498 (government manufacture and use).

## TENTH AFFIRMATIVE DEFENSE: Failure to State a Claim

Bedrock's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because Bedrock's complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Match.com asserts the following Counterclaims against Bedrock:

## THE PARTIES

1.      Counterclaim-Plaintiff Match.com is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 8300 Douglas Ave, Suite 800, Dallas, Texas 75225.

2.      Counterclaim-Defendant Bedrock purports to be a Texas corporation with its principal place of business at 100 E. Ferguson Street, Suite 712, Tyler, Texas 75702.

## JURISDICTION AND VENUE

3.      Subject to Match.com's affirmative defenses and denials, including those concerning Bedrock's lack of standing, Match.com alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

4.      Venue for these Counterclaims is proper in this district, but this case should be transferred to the Northern District of California pursuant to Federal Rule of Civil Procedure § 1404(a).

5.      This Court has personal jurisdiction over Bedrock.

## FACTUAL BACKGROUND

6.      In its Original Complaint for Patent Infringement, Bedrock asserts that Match.com has infringed U.S. Patent No. 5,893,120 (the "'120 Patent").  Match.com denies Bedrock's allegations of infringement and further denies that the '120 patent is valid. Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the '120 Patent.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,893,120

7.     Match.com restates and incorporates by reference its allegations in paragraphs 1 through 6 of its Counterclaims.

8.     An actual case or controversy exists between Match.com and Bedrock as to whether the '120 Patent is not infringed by Match.com.

9.     Match.com seeks a judicial declaration finding that Match.com has not infringed and does not infringe, directly or indirectly, any claim of the '120 Patent.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,893,120

10.     Match.com restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11.     An actual case or controversy exists between Match.com and Bedrock as to whether the '120 Patent is invalid.

12.     Match.com seeks a judicial declaration finding that the '120 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Match.com prays for judgment as follows:

a.      A judgment in favor of Match.com denying Bedrock all relief requested in its

        Complaint in this action and dismissing Bedrock's Complaint for patent

        infringement with prejudice;

b.      A judgment in favor of Match.com on all of its Counterclaims;

c.      A declaration that Match.com has not infringed, contributed to the infringement

        of, or induced others to infringe, either directly or indirectly, any valid claims of

        the '120 Patent;

d.      A declaration that the '120 Patent is invalid;

e.      A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to

        Match.com of its reasonable costs and expenses of litigation, including attorneys'

        fees and expert witness fees;

f.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  September 28, 2009           Respectfully submitted,

By: */s/ Michael E. Jones*
    Michael E. Jones
    Texas State Bar No. 10929400
    POTTER MINTON
    110 N. College
    Tyler, Texas 75702
    Telephone: (903) 597-8311
    Facsimile: (903) 593-0846
    Email: mikejones@potterminton.com

    Claude M. Stern
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    555 Twin Dolphin Dr., Suite 560
    Redwood Shores, CA 94065
    Telephone: 650-801-5000
    Facsimile: 650-801-5100
    Email: claudestern@quinnemanuel.com

    ATTORNEYS FOR MATCH.COM, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANT MATCH.COM, LLC'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**, via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 28, 2009.  Any other counsel will be served via First Class mail.


By: */s/ Michael E. Jones*
        Michael E. Jones