# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Bedrock Computer Technologies LLC, | |
| Plaintiff, | |
| v. | Case No. 6:09-CV-269-LED |
| Softlayer Technologies, Inc., CitiWare Technology Solutions, LLC, Google Inc., Yahoo! Inc., MySpace Inc., Amazon.com Inc., PayPal Inc., Match.com Inc., AOL LLC, and CME Group Inc., | JURY TRIAL DEMANDED |
| Defendants. | |

**MOVANTS MYSPACE, AMAZON.COM, AOL, CME GROUP, AND YAHOO!'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

                                                      **Page**

INTRODUCTION ....................................................................................................... 1

I. *IQBAL* SETS THE STANDARD FOR PLEADINGS IN PATENT CASES .............................................................................................................. 2

    A.    *Iqbal* Applies in Patent Cases ................................................... 2

    B.    Form 18 Must be Interpreted in View of *Iqbal* ......................... 3

II. BEDROCK'S COMPLAINT DOES NOT COMPLY WITH FORM 18 AND ITS STRAINED INTERPRETATION OF FORM 18 IS AT ODDS WITH *IQBAL* ..................................................................................... 4

III. DISCLOSURES REQUIRED BY THE PATENT RULES AND SUBSEQUENT DISCOVERY DO NOT SATISFY THE RULE 8 PLEADING REQUIREMENTS ................................................................... 5

CONCLUSION .......................................................................................................... 8

REQUEST FOR ORAL HEARING .......................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Ashcraft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) ............................................................. 1, 2, 4, 5, 6

*Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ................................................................ 7

*CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F.Supp.2d 1376 (N.D. Ga 2007) ............................................................................................................................. 3

*Clark v. Walt Disney Co.*, No. 2:08-cv-982, 2009 U.S. Dist. LEXIS 51831 (S.D. Oh. July 19, 2009) ................................................................................................................. 2

*Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 WL 4062845, *3 (N.D. Cal. 2007) ............................................................................................................................. 7

*Leatherman v. Tarrant Cty Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ................................................................................................................. 4

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) ............................................. 3, 8

## INTRODUCTION

Bedrock's opposition to Movants' Motion to Dismiss is non-responsive to the authorities that compel dismissal of the Complaint and does not address, let alone refute, many of the arguments advanced in the motion. One reason, no doubt, is that the opposition paper was not written in response to Movants' motion. Plaintiff's opposition consists of a verbatim copy of a paper filed by plaintiff's counsel in another matter involving a different Complaint.[1] To the extent plaintiff's arguments touch upon the issues relevant to this motion, plaintiff's apparent position is that the Supreme Court's decisions in *Iqbal* and *Twombly* are somehow superseded by local practice or were not meant to apply in patent cases. Ignoring the rulings in these cases cannot erase them. The Supreme Court in *Ashcroft v. Iqbal* said that the new pleading standard applies in "all civil actions," which necessarily includes patent cases. 129 S. Ct. 1937, 1953 (2009). There is a need for predictability and consistency in pleadings that can only be met by uniform application of the standards set forth by the Supreme Court.

The bulk of plaintiff's argument is that Form 18, not *Iqbal*, is the beginning and end of an inquiry into the sufficiency of a pleading in patent cases. Yet Bedrock fails to show how its bare-bones complaint complies with the example form. In fact, the complaint does not meet the test of Form 18, particularly since plaintiff does not even identify an accused product. Moreover, in light of the Supreme Court's decisions in *Iqbal* and *Twombly*, Form 18 must be interpreted in view of the newly articulated standard for patent pleadings, and plaintiff advances an interpretation of Form 18 that would permit pleading practice expressly rejected by *Iqbal*. Plaintiff's failure to satisfy *Iqbal's* requirements has unfair consequences to defendants,

---

[1] Bedrock's opposition is almost identical to the opposition to a motion to dismiss filed by i2 Technologies in *i2 Technologies, Inc. et al. v. Oracle Corp. et al.*, 6:09-cv-194-LED (Dkt. No. 16). The *i2* opposition is attached as Exhibit A. Bedrock has failed to provide any argument in response to many of Movants' arguments presented in the motion.

including delay in the ability to prepare defenses, also completely ignored in plaintiff's opposition. And *Iqbal* has rejected plaintiff's assertion that the deficiencies in the pleading and prejudice to defendants can be cured by later disclosures or discovery.

The sound basis for Movants' motion to dismiss is unanswered in the opposition. Movants respectfully submit that this Court should apply *Iqbal* and dismiss the Complaint for failure to state a claim.

## I. *IQBAL* SETS THE STANDARD FOR PLEADINGS IN PATENT CASES

### A. *Iqbal* Applies in Patent Cases

The predicate for plaintiff's opposition is that *Iqbal* and *Twombly* do not apply to patent cases. The argument is untenable. *Iqbal* confirmed that the *Twombly* decision "expounded the pleading standard for all civil actions." *Iqbal* at 1953. Bedrock argues that *Twombly* and *Iqbal* should be limited to their respective subject matter, even though the plaintiff in *Iqbal* raised that exact issue, and it was firmly rejected. In response to the *Iqbal* plaintiff's argument that *Twombly* applies only in the antitrust context, the Supreme Court in *Iqbal* responded:

> Though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard "in all civil actions and proceedings in the United States district courts." Our decision in *Twombly* expounded the pleading standard for "all civil actions," and it applies to antitrust and discrimination suits alike.

*Iqbal*, 129 S. Ct. at 1953 (internal citations omitted). The Supreme Court is clear and unambiguous that its interpretation of Rule 8, which enhanced the scrutiny applied to pleadings, applies in all District Court actions. There is no carve-out for patent cases. *See, e.g. Clark v. Walt Disney Co.*, No. 2:08-cv-982, 2009 U.S. Dist. LEXIS 51831 (S.D. Oh. July 19, 2009) (citing *Iqbal* as the standard in a patent case). This Court should follow these precedents and

apply *Iqbal* here to dismiss the Complaint.

**B.      Form 18 Must be Interpreted in View of *Iqbal***

Applying its theme that patent cases are somehow exempt from the pleading standard set forth in *Twombly* and *Iqbal*, Bedrock argues that the controlling standard for drafting patent infringement complaints is Form 18 in the Federal Rules of Civil Procedure. But Bedrock fails to recognize that Form 18 (and hence, Rule 84) must, like Rule 8, be interpreted in view of *Iqbal* and *Twombly*. Not surprisingly, Bedrock cites no support for its contentions that Form 18 controls over *Iqbal* and need not be scrutinized under *Iqbal*.

For authority, Bedrock relies solely on pre-*Iqbal* cases. Bedrock cites to *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) and *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F.Supp.2d 1376 (N.D. Ga 2007). These decisions, decided before *Iqbal*, offer no support for the proper interpretation of Form 18 in view of *Iqbal*. Moreover, *McZeal* suggests that compliance with Form 18 may not be enough for a patent infringement pleading in all cases. In permitting the Complaint in *McZeal*, the Federal Circuit explained that, because McZeal was a *pro se* plaintiff, he may be granted "leeway on procedural matters, such as pleading requirements." Bedrock is entitled to no such "leeway." Contrary to Bedrock's suggestion, the Federal Circuit majority in *McZeal* did not endorse Form 18 as sufficient to satisfy Rule 8 pleading standards in all cases; nor did the Court consider the circumstances under which compliance with Form 18 satisfies *Iqbal* (which was decided 20 months after *McZeal*).[2]

Bedrock's second case, CBT *Flint Partners* is equally inapposite. The *CBT Flint Partners* court expressly based its decision on the assumption that *Twombly* was "narrowly confine[d]" to its facts as an antitrust case." *CBT Flint Partners*, 529 F.Supp.2d at 1379. *Iqbal*

---

[2] In his concurrence-in-part and dissent-in-part, Judge Dyk questioned the sufficiency of Form 18. *McZeal*, 501 F.3d at 1360.

has made clear that this assumption was wrong.

Bedrock also cites to *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), a case decided 14 years before *Twombly*, that has no relevance at all to this case. In *Leatherman*, the defendants were seeking application of a more stringent standard in ***one specific type*** of case: "civil rights cases alleging municipal liability under 42 U.S.C. § 1983." 507 U.S. at 164. Here, Movants are not advocating any pleading standard that is heightened from the norm. Movants are only seeking application of Rule 8, as clarified by recent Supreme Court precedent, to Bedrock's Complaint.

## II. BEDROCK'S COMPLAINT DOES NOT COMPLY WITH FORM 18 AND ITS STRAINED INTERPRETATION OF FORM 18 IS AT ODDS WITH *IQBAL*

*Iqbal* directly contradicts Bedrock's argument that its bare bones recitation of the general elements of a patent claim complies with Form 18. Form 18 at a minimum requires identification of the accused product. In Form 18, the accused product is an "electric motor." The Complaint here references no accused products of any kind. Although Movants do not suggest that merely naming a single accused product is enough to comply with *Iqbal* and *Twombly*, Bedrock's Complaint fails to do even this. The Court need not hold that *Iqbal* renders Form 18 obsolete for all cases; this Complaint, however, clearly does not pass muster.

Bedrock's strained analysis that its Complaint satisfies Form 18 cannot be reconciled with the requirements of *Iqbal*. The test under *Iqbal* and *Twombly* is clear: the facts pled must give rise to a "plausible inference" that the defendant is liable for patent infringement. *Iqbal*, 129 S.Ct. at 1940, 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id* at 1949. The plaintiff is required to "show" that it is entitled to relief in the complaint—not allege facts that are "merely consistent with" a defendant's liability.

4

Unlike Form 18, Bedrock's Complaint fails to provide a plausible inference that defendants are liable for patent infringement and fails to plead any facts that give rise to anything more than a "sheer possibility" of patent infringement. With respect to accused products, Form 18, paragraph 3 specifically identifies "***electric motors*** that embody the patented invention". Thus, Form 18 bases its allegations of patent infringement on much more than Bedrock's unidentified "***products and/or services*** that fall within one or more claims of the '120 patent [(i.e., embody the patented invention)]". By failing to identify any specific accused products, Bedrock's Complaint is at best "merely consistent with" defendants liability for patent infringement. *Iqbal's* plausible inference test demands a greater showing by plaintiff in its Complaint.

Apparently failing to find any facts in their own Complaint to support their argument, Bedrock argues that, by attaching the patent-in-suit to the Complaint, they have set forth facts suitable to meet the pleading requirement. The asserted patent in this case appears to claim a generic algorithm and purports to describe a method for processing certain data. There is no indication as to where this apparent algorithm may be "support[ed] or use[d]" by Movants,[3] no identification of accused products purporting to employ the method, and no allegation of which third-parties infringe the patent. Attaching the patent "stops short of the line between possibility and plausibility of [Bedrock's] 'entitlement to relief'" for patent infringement. *Id*. In short, Bedrock's Complaint does not satisfy *Iqbal*.

### III. DISCLOSURES REQUIRED BY THE PATENT RULES AND SUBSEQUENT DISCOVERY DO NOT SATISFY THE RULE 8 PLEADING REQUIREMENTS

Bedrock asserts in its opposition brief that disclosures required by the patent rules will

---

[3] Bedrock's allegation that Movants "support or use" products that infringe the patent does not satisfy *Iqbal*, but it does point out other inadequacies of Bedrock's Complaint, as "support" of a product does not in itself give rise to liability for infringement under United States laws without further facts.

5

provide Movants further information about Bedrock's infringement claims. In advancing this argument, Bedrock ignores or fails to address substantial reasons why these disclosures do not avoid dismissal of the Compliant.

Bedrock has no answer to Movants' point that discovery disclosures required by the patent rules do not, as a matter of law, cure the deficiencies in the Complaint. Plaintiff ignores *Iqbal's* unambiguous mandate – a motion to dismiss "does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953. There are many reasons why a defendant should not have to wait for compliance with the patent rules. At the outset, plaintiff's failure to identify products in its Complaint deprives Movants of the certainty respecting the basis for plaintiff's claims, to which they are entitled. Consequently, Movants are unable to tailor their investigation to determine which products Bedrock might possibly be accusing of infringement. It is unfair to require Movants to analyze many aspects of their business operations, product offerings, and services and to make guesses as to whether Bedrock seeks to interpret its patent to apply to that particular product or service. And, because Bedrock has asserted indirect infringement, Movants are also afforded no clarity regarding analysis that may be necessary of their customers' uses of products. Movants are entitled to a Complaint that at least provides enough notice to permit Movants to tailor their investigations toward specific products and/or business units.

Second, by delaying the identification of accused products until the P.R. 3-1 disclosure date, Bedrock deprives Movants of meaningful time to prepare and develop their defenses, including their P.R. 3-4 disclosure obligations. In order to promote timely compliance with the P.R. 3-4 disclosure deadlines, Movants may be compelled to initiate collection and review of large groups of documents, which may turn out to be irrelevant to the case once plaintiff

6

provides its P.R. 3-1 disclosures.  Furthermore, without knowing what is actually accused, it is extremely difficult for Movants to develop defenses until they receive the P.R. 3-1 disclosures.  This is valuable time during which plaintiff, knowing all of the facts, can continue to develop its case.  Again, plaintiff's failure to identify a single infringing product deprives Movants of valuable time to develop defenses and to mobilize, collect, assess, and process the pertinent documents.

Finally, Movants, like most companies, purchase products from other companies and uses those products in their business.  Some of the companies that make products purchased by Movants also agree to indemnify Movants for their use of those products.  Plaintiff's failure to identify specific products at issue makes it much more difficult for Movants to properly evaluate potential indemnity claims, to provide the requisite notice of such claims to the third-party manufacturers, and/or to name additional parties to the lawsuit.

Defendants faced with this sort of insufficient complaint are prejudiced with each passing day.  Where, as here, the complaint does not meet the *Iqbal* test, Defendants lose valuable time that could be spent on investigation, document collection and review, and numerous other litigation-related tasks that could be pursued more effectively if those defendants were provided with notice of the accused products at issue.  *See*, *e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 WL 4062845, *3 (N.D. Cal. 2007) ("being forced to litigate without fair notice of the claims and defenses arrayed against you constitutes 'prejudice'"); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (purpose of Rule 8 is "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense . . . the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds").  This assumes, of course, that the

accused product, once revealed by plaintiff, is even used by Movants – in some cases, the failure to comply with *Iqbal* will result in needless litigation that would have been obviated if the accused product was identified in the Complaint, as required.

To be clear, Movants are not seeking detailed P.R. 3-1-like disclosures. Movants however, are seeking "facts sufficient to place [it] on notice as to what [it] must defend." *McZeal v. Sprint*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (applying 5th Cir. law). Exceptions should not be made (and are not permitted under *Iqbal*) for patent cases filed in jurisdictions with patent rules. Any such result would lead to inconsistent standards and forum shopping by plaintiffs. There is a clear need for consistent patent litigation pleading standards in all Courts. Plaintiff has presumably performed its Rule 11 analysis and thus should have pled these facts in its Complaint. Both *Twombly* and *Iqbal* require that such facts be pled. Plaintiff chose not to plead them. In fact, Bedrock provided no answer to Movants' point that Rule 11 is tested based on whether a Plaintiff conducted a reasonable inquiry before filing the Complaint – not before complying with the patent Rules. If Bedrock has complied with Rule 11, the results of its due diligence should be reflected in the infringement allegations in its Complaint.

## CONCLUSION

The Supreme Court's decision in *Iqbal* establishes Rule 8 pleading requirements for all cases, including patent cases, and several defendants in this Court are currently seeking to have plaintiffs properly comply with clear Supreme Court precedent. Bedrock's entire argument hinges on ignoring this clear precedent. Movants respectfully request that the Court grant Movants' motion to dismiss for failure to state a claim.

## REQUEST FOR ORAL HEARING

Movants respectfully request an oral hearing on their Motion to Dismiss for Failure to State a Claim.

Dated: October 5, 2009

Respectfully submitted,

| | |
|---|---|
| _____/s/ Alan L. Whitehurst_____<br>Frank G. Smith<br>frank.smith@alston.com<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Telephone: (404) 881-7240<br>Facsimile: (404) 256-8184<br><br>Alan L. Whitehurst<br>alan.whitehurst@alston.com<br>Marissa R. Ducca<br>marissa.ducca@alston.com<br>ALSTON & BIRD LLP<br>The Atlantic Building<br>950 F Street, N.W.<br>Washington, DC 20004<br>Telephone: (202) 756-3300<br>Facsimile: (202) 756-3333<br><br>Michael J. Newton (SBN 24003844)<br>mike.newton@alston.com<br>ALSTON & BIRD LLP<br>Chase Tower<br>2200 Ross Avenue, Suite 3601<br>Dallas, TX 75201<br>Telephone: (214) 922-3423<br>Facsimile: (214) 922-3839<br><br>Louis A. Karasik (*pro hac vice*)<br>lou.karasik@alston.com<br>ALSTON & BIRD LLP<br>333 South Hope Street<br>16th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 576-1148<br>Facsimile: (213) 576-1100<br><br>*Attorneys for Defendants MySpace Inc.,*<br>*Amazon.com Inc., AOL LLC, and*<br>*CME Group Inc.* | _____/s/ Yar R. Chaikovsky_____<br>Yar R. Chaikovsky<br>California State Bar No. 175421<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>1530 Page Mill Road, Suite 200<br>Palo Alto, CA 94304<br>Telephone: (650) 798-0300<br>Facsimile: (650) 798-0310<br>ychaikovsky@sonnenschein.com<br><br>*Attorney for Defendant Yahoo! Inc.* |

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 5th of October, 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule Cv-5(a)(3). Any other counsel of record will be served via first class mail and/or facsimile.

                                              */s/ Alan L. Whitehurst*
                                              Alan L. Whitehurst