# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| i2 Technologies, Inc., and<br>i2 Technologies US, Inc.,<br><br>      Plaintiffs,<br><br>      v.<br><br>Oracle Corporation, and<br>Oracle USA, Inc.,<br><br>      Defendants. | Civil Action No. 6:09-CV-194-LED<br><br>JURY TRIAL REQUESTED |

## RESPONSE TO ORACLE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

The Complaint here breaks no new ground. Like scores of other patent cases filed in this District, the Complaint here accuses Oracle of patent infringement in the United States, identifies specific patents, recognizes the Court's jurisdiction, and prays for damages and injunctive relief. Yet Oracle treats the Complaint as something revolutionary, and somehow improper. Oracle argues that *Twombly* and *Iqbal* changed all the rules and require a detailed pleading standard in patent cases that i2 failed to meet in its Complaint.

The instant Complaint, which tracks the form patent complaint found in the Federal Rules, does not offend *Twombly* or *Iqbal*. The Federal Circuit explicitly considered patent complaints in light of *Twombly*, and found that compliance with the sample forms in the Federal Rules were sufficient to put a defendant on notice of the claims asserted against him. This conclusion is not surprising: unlike patent cases, the Federal Rules do not provide sample forms—or any other explicit guidance—for the antitrust and *Bivens* claims at issue in *Twombly*

and *Iqbal*. It is hard to imagine that a sample form, provided with the Federal Rules, would fail to comply with the notice standards required by the selfsame rules.

These considerations apply with greater force in this Court, where patent holders are forced to tip their hands early in discovery. Plaintiffs expect, in line with other recent patent cases in the Tyler Division, that the Court will require Plaintiffs to provide detailed infringement contentions shortly after the status conference. These infringement contentions specifically identify accused products and compare the accused products to the asserted claims of the patents-in-suit on an element-by-element basis. While Oracle might prefer to receive such information along with the Complaint, such information is not included in the form pleading for patent cases, and is certainly not required to provide "fair notice" of Plaintiffs' claims under Rule 8.

Plaintiffs' Complaint provides fair notice under the Federal Rules; thus, the Court should deny Oracle's Motion to Dismiss in its entirety.

## I.   STANDARD OF REVIEW

Motions to dismiss are purely procedural questions that do not pertain to patent law. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). For this reason, courts apply the law of regional circuits to determine if "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. at 1356 (citing *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 477 (5th Cir. 2002)).

A motion to dismiss under Rule 12(b)(6) is generally "viewed with disfavor and is rarely granted." *FotoMedia Tech., LLC v. AOL*, No. 2:07-CV-255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008) (Ward, J.) (citing *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). Similarly, motions for a more definite statement are "considered in light of the liberal pleading standards of Rule 8(a)" and are "denied if the detail of information sought by the

Dallas 280963v4

motion . . . is obtainable through discovery." *PA Advisors, LLC v. Google Inc.*, No. 2:07-CV-480, 2008 U.S. Dist. LEXIS 71285, *20 (E.D. Tex. Aug. 7, 2008) (Folsom, J.).

## II. ARGUMENT AND AUTHORITIES

### A. Rule 8 Requires Only a Short and Plain Statement Showing Entitlement to Relief

The Federal Rules include Forms in an appendix that serve as guidelines for drafting complaints, including complaints for patent infringement. FED. R. CIV. P. app. Form 18. The Federal Rules state that these Forms are examples of the brevity and simplicity of the pleading requirements. FED. R. CIV. P. 84. These Rules and Forms have long been relied on by plaintiffs when filing complaints for patent infringement in the Eastern District of Texas and other Federal jurisdictions.

For patent cases, the crux of the Complaint requires less than two dozen lines:

> **Form 18.** Complaint for Patent Infringement
> (Caption—See Form 1.)
> 1. (Statement of Jurisdiction—See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
>     (a) a preliminary and final injunction against the continuing infringement;

> (b) an accounting for damages; and
> (c) interest and costs.
> (Date and sign—See Form 2.)
> (Added Apr. 30, 2007, eff. Dec. 1, 2007.)

FED. R. CIV. P. app. Form 18; *McZeal*, 501 F.3d at 1356-57. The Rules provide that the allegations in the forms are sufficient to state a claim. *See* Rule 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *McZeal*, 501 F.3d at 1356-57 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the forms contained in the appendix to the Federal Rules "plainly demonstrate" the requirements for pleadings)); *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1379-80 (N.D. Ga. 2007) (holding that Rule 84 controls and that the statements in Form 16 are sufficient for pleading direct, indirect, and willful infringement).

The Forms conform with the civil case pleading requirements found in Rule 8(a). That rule includes three elements that must be included in claims for relief:

> (1) a short claim or plain statement of the grounds of the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(2).

i2's Complaint meets the requirements of Form 18 and Rule 8(a). Specifically, i2 alleges that (1) jurisdiction is appropriate in the Eastern District of Texas (Complaint at ¶¶ 6-8); (2) i2 owns all rights and interest in the asserted patents (Complaint at ¶¶ 10-20); (3) "Oracle has infringed and/or continues to infringe the Patents-in-Suit" and is "liable for direct infringement, as well as indirect infringement by way of inducement or contributory infringement, of the Patents-in-Suit pursuant to 35 U.S.C. § 271 (a), (b), (c), (f), and/or (g)" (Complaint at ¶¶ 22-23);

4

and (4) Oracle has received actual notice of infringement (Complaint at ¶ 24). i2's Complaint also includes the required prayer for relief. *See* Complaint at 6, ¶¶ 1-8.

Further, in addition to including the required elements in its Complaint, i2 attached each of the patents-in-suit to its complaint. The patents themselves identify the subject matter of the suit. These attachments form part of the Complaint, and must be considered as such. *See United States v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) ("The exhibits attached to the complaint, however, are part of the complaint 'for all purposes.' Thus it is not error to consider the exhibits to be part of the complaint for purposes of a Rule 12(b)(6) motion."). As Oracle and its patent counsel are aware, the claims of these patents define (in much more detail than Form 18) the products and services at issue in this case.

Because i2 has tracked Form 18, it has satisfied all of the requirements of the Federal Rules, and the Court should deny Oracle's Motion to Dismiss.

**B.  The Patent Infringement Form Pleading Does Not Offend *Twombly* or *Iqbal***

Furthermore, the patent form pleading has already been tested by *Twombly*, and passed unscathed. In *McZeal v. Sprint Nextel Corp.*, the Federal Circuit found that pleadings in patent cases are governed by Rule 8(a) and the illustrative Forms included in the Appendix, and that use of those forms still passed muster after *Twombly*. *Id*. at 1356-57. The court relied on Form 18 as evidence of the information that should be included in a complaint for patent infringement and noted that "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."[1] *Id*. (citing *Twombly*, 129 S. Ct. at 1971). "[A] plaintiff in a patent infringement suit is not required to specifically include each element of

---

[1] *McZeal* refers to "Form 16" instead of "Form 18" in its opinion. The Forms were renumbered in the 2007 amendments to the Federal Rules. Only the form number changed -- the content of "Form 16" and "Form 18" are the same.

5

the claims in the asserted patent" in the pleadings. *Id*. at 1357. *McZeal*'s stance has been adopted by district courts in at least the Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits—including courts in the Eastern District of Texas.[2]

*Iqbal* noted that while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleaded regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. But *Iqbal* was not a patent case—it was a *Bivens* action accusing federal agents of discriminating against Arab Muslims in detentions following the terrorist attacks of September 11, 2001. *Id*. at 1951.

While *Iqbal* applies the reasoning in *Twombly* to "all civil cases,"[3] Form 18 clearly defines the requirements for complaints in patent cases. Complaints that track Form 18 satisfy the pleading requirements of the Federal Rules. FED. R. CIV. P. 84. *McZeal*, 501 F.3d at 1356-57; *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d at 1379-80. Patent cases are unique because the claims of the asserted patents identify the apparatus, method, or system that forms the basis of the infringement. Oracle is on notice of i2's infringement allegations because the attached patents define the infringing acts. The attached patents are part of the Complaint and should be considered by the Court. *St. Luke's Episcopal Hosp.*, 355 F.3d at 375. Nothing more is required to meet the pleading requirements in Form 18 and Rule 8.

---

[2] To the extent Oracle argues that *McZeal* is not applicable because the plaintiff in *McZeal* was *pro se* (and more liberal pleading standards generally apply to *pro se* litigants), the argument is overcome in the following section because courts in the Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits -- including courts in the Eastern District -- have applied *McZeal* to cases in which plaintiffs are represented by counsel.

[3] *Iqbal*, 129 S. Ct. at 1953.

The Federal Rules do not provide a sample form or any other specific guidance for the antitrust claims in *Twombly* or the *Bivens* claims in *Iqbal*. Thus, *Twombly* and *Iqbal* did not abrogate the use of Form 18 in patent cases—nor could they. The Supreme Court recognizes that Federal Rules cannot be amended by judicial interpretation. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *CBT Flint Partners*, 529 F. Supp. 2d at 1380 ("As a general matter, I am loathe to assume that the Supreme Court [in *Twombly*] circumvented the normal channels for amending the Federal Rules.") (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002)). While *Twombly* and *Iqbal* may provide guidance for interpreting the Federal Rules, they do not and cannot repeal the specific pleading forms contained therein.

C. **The Eastern District Has Adopted *McZeal* and Has Denied Similar Motions**

Courts in this District have followed *McZeal*, and have found complaints comparable to the instant complaint as providing sufficient notice. In *FotoMedia Technologies, LLC v. AOL*, the Court denied a motion to dismiss, relying on Form 18, Rule 8, and *McZeal*. *See* No. 2:07-CV-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Ward, J.) ("[T]he Federal Circuit recently considered the issue, albeit in the context of a *pro se* plaintiff, and rejected the argument that [*Twombly*] changed the pleading requirements of Rule 8(a) in patent infringement cases.") *Id*. at *2-3. The *FotoMedia* Court noted that neither Rule 8 nor *McZeal* "require the pleading of each individual element of a claim for indirect infringement." *Id*. at *2.

A second Eastern District court performed a similar analysis and reached a similar result. In *PA Advisors, LLC v. Google Inc.*, the Court cited *McZeal* and agreed that *Twombly* did not change the pleading requirements of Rule 8. No. 2:07-CV-480, 2008 U.S. Dist. LEXIS 71285 at

7

*18-20 (E.D. Tex. Aug. 7, 2008) (Folsom, J.). The court denied defendants' motion to dismiss, finding that plaintiff "satisfied the liberal standards of Rule 8(a)." *Id*. at *19.[4]

Accordingly, Oracle is on notice that it has been accused of direct and indirect infringement, and i2 has satisfied the provisions of Rule 8(a)(2). As noted in *FotoMedia*, the standards for pleading are similar for both indirect and direct infringement, and Oracle has failed to cite an Eastern District case that holds otherwise. *FotoMedia*, 2008 WL 4135906 at *2.

i2's Complaint meets the requirements defined by the Federal Rules, the Federal Circuit, and courts in the Eastern District of Texas. For these reasons, the Court should deny Oracle's Motion to Dismiss in its entirety.[5]

### D. Oracle's Motion for a More Definite Statement Should Also be Denied Because the Local Patent Rules Ensure that Oracle Will Receive Detailed Infringement Contentions

Oracle moves, in the alternative, for a more definite statement pursuant to Rule 12(e). The Court should deny the motion. It is clear from the holdings in *McZeal*, *FotoMedia*, and

---

[4] The court did grant defendants' motion for a more definite statement, but only as to pleadings of indirect infringement. *Id*. at *22-23. *PA Advisors* is inapposite to the present case, however, because plaintiffs failed to cite the specific statutory provisions related to indirect infringement in its complaint. *Id*. at *4-5 (showing the plaintiffs' complaint alleged infringement under 35 U.S.C. § 271 but that specific subsections of § 271, including §§ 271(b) and (c), were not specifically identified). In contrast, i2's Complaint clearly states that Oracle infringes the patents-in-suit under § 271(b) and § 271(c). These statutes identify the standards for inducing infringement and contributory infringement, respectively.

[5] As mentioned above, courts in other Circuits have adopted the Federal Circuit's holdings in *McZeal* and the Eastern District holding in *FotoMedia* in denying similar motions to dismiss and motions for more definite statements. *See, e.g.*, *S.O.I.T.E.C. Silicon on Insulator Tech., S.A. v. MEMC Elec. Matls*., Inc., No. 08-292-SLR, 2008 U.S. Dist. LEXIS 13155, at *5 (D. Del. Feb. 20, 2009) (citing *FotoMedia* and holding that "[t]he complaint at bar provides the level of detail suggested by Form 18 and, therefore, passes muster"); *Taltwell, LLC v. Zonet USA Corp.*, No. 3:07cv543, 2007 U.S. Dist. LEXIS 93465, at *39 (E.D. Va. Dec. 20, 2007) (adopting *McZeal* and denying a motion to dismiss); *Edge Capture L.L.C. v. Lehman Bros. Holdings, Inc.*, No. 08 C 2412, 2008 U.S. Dist. LEXIS 83945, at *3-4 (N.D. Ill. Aug. 28, 2008) (adopting *McZeal* and denying a motion to dismiss allegations of both direct and indirect infringement); *Schwendimann v. Arkwright, Inc.*, No. 08-162 ADM/JSM, 2008 U.S. Dist. LEXIS 56421, at *5 (D. Minn. July 23, 2008) (denying a motion to dismiss and adopting *McZeal* as the standard likely to be applied in the Eighth Circuit); *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1379-81 (N.D. Ga. 2007) (holding that *Twombly* did not alter pleading standards - especially in the patent context" in view of the Federal Rules, the Forms in the Appendix, and the Local Patent Rules that "require plaintiffs to disclose a great deal of extremely detailed information"); *Sikes Cookers & Grill, Inc. v. Vidalia Outdoor Prods., Inc.*, No. 1:08-CV-0750-JOF, 2009 U.S. Dist. LEXIS 13094, at *6-10 (N.D. Ga. Feb. 19, 2009) (citing *FotoMedia*, adopting *McZeal*, and denying a motion to dismiss).

related cases that pleadings satisfying Rule 8(a) and tracking Form 18 are "not so vague that the defendants cannot reasonably be required to frame a responsive pleading." *FotoMedia*, 2008 WL 4135906 at *3. i2's Complaint meets these standards, and Oracle's motion should be denied.

Furthermore, the Local Patent Rules include provisions that require i2 to identify specific products accused of infringement and provide detailed infringement contentions that compare the accused products to the asserted claims of the patents-in-suit on an element-by-element basis. These infringement contentions will be due soon after the status conference. This will provide ample time for Oracle to assess i2's infringement contentions and begin discovery accordingly.

## III. CONCLUSION

i2's Complaint satisfies the notice pleading requirements of the Rule 8(a)(2) and closely tracks the exemplary form provided in the Federal Rules. Both the Federal Circuit and courts in the Eastern District have recognized that the pleading standards set out in the Federal Rules comport with *Twombly* and *Iqbal*. Moreover, detailed infringement contentions are a matter of course in the Eastern District of Texas, and Oracle will soon receive detailed information concerning its accused products.

For these reasons, i2's Complaint meets all of the notice requirements in the Federal Rules, and Oracle's Motion to Dismiss, including its motion for a more definite statement, should be denied.

DATED: July 6, 2009.  Respectfully submitted,

**McKOOL SMITH, P.C.**

 /s/Sam Baxter_____
Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Christopher T. Bovenkamp
Texas State Bar No. 24006877
cbovenkamp@mckoolsmith.com
Scott W. Hejny
Texas State Bar No. 24038952
shejny@mckoolsmith.com
Luke F. McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFFS
i2 TECHNOLOGIES, INC. AND i2
TECHNOLOGIES US, INC.**

10

Dallas 280963v4

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 6, 2009.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

                                                      /s/     Scott W. Hejny

Dallas 280963v4