## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BEDROCK COMPUTER** | § | |
| **TECHNOLOGIES LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 6:09-cv-269** |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **SOFTLAYER TECHNOLOGIES, INC.,** | § | |
| **et al.** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF BEDROCK COMPUTER TECHNOLOGIES LLC'S
### SUR-REPLY IN OPPOSITION TO MYSPACE, AMAZON.COM, AOL, CME GROUP, AND YAHOO!'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### I.      INTRODUCTION

The Movants read too much into *Iqbal*. *Iqbal* did not create an exception to Rule 84, and *Iqbal* did not overrule *McZeal*. *Iqbal* simply extended the *Twombly* standard to all civil cases. The Movants' so-called "proper interpretation" of *Iqbal*, however, would judicially amend Rule 84, despite Supreme Court precedent prohibiting such amendment. In any event, Bedrock's Complaint meets the pleading standards as set out by *Iqbal*, especially when the Complaint is considered in the context of the patent-in-suit that was attached to the Complaint.

### II.      The Movants' Interpretation of *Iqbal* Ignores *McZeal* and Further Would Require a Special Carve-Out of Rule 84.

The Federal Circuit already vetted Form 18 post-*Twombly*. The *McZeal* court cited Form 18 to show the pleading requirements applicable to patent infringement actions under *Twombly* and the Federal Rules. *McZeal*, 501 F.3d at 1356. The court relied on Form 18 in holding that "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged

Dockets.Justia.com

infringer on notice as to what he must defend." *Id.* (citing *Twombly*, 127 S. Ct. at 1971).[1] Bedrock does not ask the court to exempt patent cases in this district from the strictures of the Federal Rules. Instead, by conforming to *McZeal* and Form 18, Bedrock satisfies the Federal Rules, the Federal Circuit's interpretation of *Twombly* and, by extension, *Iqbal*.

Defendants ask the Court to ignore *McZeal* as a "pre-*Iqbal*" case. *See* Reply at 3. But *Iqbal* simply extended *Twombly* to all civil cases, and did not attempt to expound new pleading standards. *See Iqbal*, 129 S. Ct. at 1950-51 ("Under *Twombly*'s construction of Rule 8, we conclude that the respondent's complaint [fails to state a claim.]"); *id.* at 1953 ("Our decision in *Twombly* expounded the pleading standard 'in all civil actions[.]'"). For the same reasons that Form 18 complied with *Twombly* in *McZeal*, Bedrock's compliance with Form 18 is sufficient under *Iqbal*.

Finally, Movants' position ignores the plain text of the Federal Rules. The Movants' interpretation of *Iqbal* requires a carve-out of Form 18 from Rule 84, which states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." The *Twombly* court recognized the continuing vitality of these forms in interpreting the Federal Rules. *See Twombly*, 127 S. Ct. at 1970 n.10 ("This lack of notice contrasts sharply with the model form for pleading negligence, Form 9 . . . . A defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 would know what to answer . . . ."). The Movants respond to this point by asserting that Rule 84, like Form 18, must be

---

[1] While the Federal Circuit noted that *McZeal* involved a *pro se* plaintiff, the *McZeal* court also recognized that "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" and ultimately relied on Form 18 in reversing the district court. *See* 501 F.3d at 1356 (inner quotations removed). Thus, there is no indication that Form 18 is sufficient for *pro se* plaintiffs but not sufficient for plaintiffs that are represented by counsel. Further, the Movants offer no justification as to why Form 18 is not available to all plaintiffs litigating under the Federal Rules of Civil Procedure.

"interpreted" in light of *Iqbal*. Presumably, the Movants want Rule 84 interpreted to be: "The forms in the Appendix *may* suffice under these rules and *may* illustrate the simplicity and brevity that these rules contemplate." This interpretation is untenable and contravenes the reasoning in *Twombly* and *McZeal*. Neither this Court—nor the Supreme Court—can rewrite or amend the plain language of Rule 84. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ("Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.").

### III.   The Movants' Reading of *Iqbal* Would Collapse P. R. 3-1(c) Contentions into the Complaint.

The Movants repeatedly state that Form 18 must be interpreted in light of *Iqbal*. *See* Reply at 3. This begs the question: What is the result of this interpretation? The Movants do not directly identify what alleged, new requirements fall out of a so-called "proper interpretation" of Form 18 in light of *Iqbal*, and if the Movants succeed in their Motion, then Rule 84 and Form 18 will come under *Iqbal*-challenge after *Iqbal*-challenge until this question is resolved.

Although the Movants do not directly identify the alleged, new requirements of Form 18 post-*Iqbal*, their Reply hints at what those requirements would be. In an attempt to summarily brush off every fact contained in the patent-in-suit[2] as irrelevant to the merits of their Motion, the Movants state that the patent "appears to claim a generic algorithm and purports to describe a method for processing certain data", but they go on to complain that "[t]here is no indication as

---

[2] The Court must consider the patent-in-suit, which was attached to the Complaint, as part of the Complaint itself. *See United States v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) ("The exhibits attached to the complaint, however, are part of the complaint 'for all purposes.'") The Movants do not dispute this.

to where this apparent algorithm may be supported or used by Movants . . . ."  *See* Reply at 5.  It certainly seems that the Movants expect "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . ." per P. R. 3-1(c).[3]  The fact that the Movants state that they are not seeking "P. R. 3-1-like disclosures" in a complaint, *see* Reply at 8, is a tacit admission that this would be an undesirable result.

## IV.    Bedrock's Complaint Satisfies *Iqbal* Even Absent Rule 84 and *McZeal*

Even if the Movants are correct that *McZeal* is irrelevant and the plain text of Rule 84 was somehow amended by judicial interpretation, Bedrock's Complaint still passes muster under the "plausible inference" test set out in *Iqbal*.  *Iqbal* recognizes that its teachings are flexible and context-specific.  *See Iqbal*, 129 S. Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *id*. at 1948 (recognizing that the elements that a litigant must plead depends on the claim at issue).

Bedrock's Complaint satisfies *Iqbal* by alleging that "[i]n the course of their business operations, Defendants use the method and apparatus falling within one or more claims of the '120 Patent."  Complaint at ¶ 16.  The allegations of infringement in the Complaint do not stand alone; they must be considered in light of the patent's claims.  These claims are not unduly numerous; there are only eight in total.  Further, for the claims elements that are governed by 35 U.S.C. § 112 ¶ 6, the attached patent-in-suit provides extensive support for these elements in the form of descriptive text, flowcharts, and pseudocode.  *See* Ex. 3 at cols. 3-14.  These claims,

---

[3]  Incidentally, Bedrock served its P. R. 3-1(c) contentions on the defendants in this case on Friday, October 9, 2009.  These contentions contain citations to specific data structures and routines at a granular, source code level of detail.  *See, e.g.* Ex. 2.  It is hard to imagine how Bedrock could have given an "indication where [the claimed] algorithm may be supported or used by Movants" without launching into a full-blown P. R. 3-1(c) claim chart.

thus, provide context to the factual statement that "Defendants use the method and apparatus falling within one or more claims of the '120 Patent."

The Movants attempt to sidestep this issue by asserting that "[t]he asserted patent in this case appears to claim a generic algorithm and purports to describe a method for processing certain data." *See* Reply at 5. Because the Movants have failed to make a genuine effort to address the attached patent-in-suit, which is a part of allegations in the Complaint, the Movants have failed to show that there is not a facial plausibility that the Movants are liable for patent infringement. *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## V.     CONCLUSION

For the reasons stated in Bedrock's Response and in this sur-reply, Bedrock respectfully requests that the Court deny the Movants' Motion.[4]

---

[4] If the Court chooses to grant Movants' Motion, Bedrock respectfully requests a stay of the dismissal and leave to replead.

DATED: October 16, 2009

Respectfully submitted,

**McKOOL SMITH, P.C.**

 _/s/ *Sam F. Baxter*_____
Sam F. Baxter, Lead Attorney
Texas Bar No. 01938000
**McKOOL SMITH, P.C.**
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

Douglas A. Cawley
Texas Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson, III
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
J. Austin Curry
Texas Bar No. 24059636
acurry@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4000
Facsimile: 214-978-4044

Robert M. Parker
Texas Bar No. 15498000
Robert Christopher Bunt
Texas Bar No. 00787165
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: 903-531-3535
Facsimile: 903-533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
BEDROCK COMPUTER
TECHNOLOGIES LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this, the 16th day of October, 2009. Local Rule CV-53(a)(3)(A).

 /s/ Austin Curry               
Austin Curry
