# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| **BEDROCK COMPUTER TECHNOLOGIES LLC,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CASE NO. 6:09-cv-269** |
| **v.** | § § | |
| | § | **Jury Trial Demanded** |
| **SOFTLAYER TECHNOLOGIES, INC., et al.** | § § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S REPLY TO DEFENDANT GOOGLE INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES COUNTERCLAIMS, AND JURY DEMAND

Plaintiff Bedrock Computer Technologies LLC ("Bedrock") files this Reply to Defendant Google Inc.'s ("Google's") First Amended Answer, Affirmative Defenses, Counterclaims, and Jury Demand, served on September 28, 2009 (Dkt. No. 86). All allegations not expressly admitted are denied. Paragraphs 1-21, as well as Google's statement denying that Bedrock is entitled to Bedrock's requested relief, do not require a response.

### AFFIRMATIVE DEFENSES

1.      Bedrock incorporates by reference the allegations in its Complaint for Patent Infringement in response to each and every of Google's Affirmative Defenses.

2.      Bedrock denies all allegations contained within Google's First Affirmative Defense.

3.      Bedrock denies all allegations contained within Google's Second Affirmative Defense.

4. Bedrock denies all allegations contained within Google's Third Affirmative Defense.

5. Bedrock denies all allegations contained within Google's Fourth Affirmative Defense.

6. Bedrock denies all allegations contained within Google's Fifth Affirmative Defense.

7. Bedrock denies all allegations contained within Google's Sixth Affirmative Defense.

8. Bedrock denies all allegations contained within Google's Seventh Affirmative Defense.

9. Bedrock denies all allegations contained within Google's Eighth Affirmative Defense.

10. Bedrock denies all allegations contained within Google's Ninth Affirmative Defense.

11. Bedrock denies all allegations contained within Google's Tenth Affirmative Defense.

### RESPONSE TO COUNTERCLAIMS

12. Bedrock incorporates by reference the allegations in its Complaint for Patent Infringement in response to each and every of Google's Counterclaims.

13. Bedrock admits the allegations of Paragraph 1 of the Counterclaims.

14. Bedrock admits the allegations of Paragraph 2 of the Counterclaims.

15. Bedrock admits that this Court has jurisdiction as alleged in Paragraph 3 of the Counterclaims but denies that Google is entitled to any relief requested.

16.     Bedrock admits venue for Google's counterclaims is proper in this district as alleged in Paragraph 4 of the Counterclaims, but Bedrock denies that Google is entitled to any relief request and also denies that the case should be transferred to the Northern District of California.

17.     Bedrock admits the allegations of Paragraph 5 of the Counterclaims.

18.     Bedrock admits that it asserts Google infringes the '120 Patent and an actual case or controversy exists between the parties.  Maybe insert that Bedrock denies Google's allegations of noninfringement and invalidity of the '120 Patent contained in this paragraph.

19.     Paragraph 7 of the Counterclaims does not require a response.

20.     Bedrock admits the allegations of Paragraph 8 of the Counterclaims.

21.     Bedrock admits that Google seeks a judicial declaration of noninfringement as described in Paragraph 9 of the Counterclaims but denies that Google is entitled to any relief requested.

22.     Paragraph 10 of the Counterclaims does not require a response.

23.     Bedrock admits the allegation of Paragraph 11 of the Counterclaims.

24.     Bedrock admits that Google seeks a judicial declaration of invalidity as described in Paragraph 12 of the Counterclaims but denies that Google is entitled to any relief requested.

## PRAYER FOR RELIEF

Bedrock incorporates by reference the Prayer for Relief set forth in Bedrock's Complaint for Patent Infringement. Bedrock denies that Google is entitled to any relief.

## DEMAND FOR JURY TRIAL

Bedrock respectfully demands a jury trial of all issues triable to a jury in this action.

DATED: October 16, 2009

Respectfully submitted,

**McKOOL SMITH, P.C.**

_/s/ *Sam F. Baxter*_____
Sam F. Baxter, Lead Attorney
Texas Bar No. 01938000
**McKOOL SMITH, P.C.**
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

Douglas A. Cawley
Texas Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson, III
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
J. Austin Curry
Texas Bar No. 24059636
acurry@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4000
Facsimile: 214-978-4044

Robert M. Parker
Texas Bar No. 15498000
Robert Christopher Bunt
Texas Bar No. 00787165
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: 903-531-3535
Facsimile: 903-533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
BEDROCK COMPUTER
TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this, the 16th day of October, 2009. Local Rule CV-53(a)(3)(A).

                                 /s/ Austin Curry
                                  Austin Curry