# ALSTON&BIRD LLP

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404

202-756-3300
Fax:202-756-3333
www.alston.com

**Alan L. Whitehurst**                    **Direct Dial: 202-756-3491**                    **E-mail: alan.whitehurst@alston.com**

October 20, 2009

**VIA E-MAIL (dcawley@mckoolsmith.com)**

Douglas A. Cawley
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

> Re:    *Bedrock Computer Tech., LLC v. Softlayer Technologies, Inc. et al.*,
>        Civil Action No. 6:09-cv-269, pending in the Eastern District of Texas

Dear Doug:

   We are writing regarding the infringement contentions Bedrock served on MySpace, Amazon.com, AOL, and CME Group ("Defendants") on October 9, 2009.

   As you know, Bedrock's complaint does not identify any accused products, and Defendants' Motion to Dismiss Bedrock's Complaint is currently pending before the Court. Now Bedrock has complicated this issue further, by serving infringement contentions ("ICs") that are insufficient and do not comply with the Local Patent Rules. Bedrock cannot "keep hiding the ball." Bedrock's complete failure to comply with the rules is prejudicing the Defendants. Until Bedrock provides proper ICs, Defendants cannot adequately develop their invalidity contentions and other defenses.

   The Local Patent Rules require that Bedrock disclose, among other things:

1) a claim chart for each version of the Linux kernel it is accusing;

2) the accused source code, including an identification of the specific lines of code that Bedrock alleges practice the claims of the patent-in-suit;

3) an explanation as to how Bedrock alleges the identified code practices the claims of the patent-in-suit that does not merely "mimic" the language of the claims;

4) an identification of the "structure(s), act(s), or material(s)" in each of the accused versions of Linux that Bedrock alleges perform the claimed function of the means plus function limitations;

---

Dockets.Justia.com

5) the specific theories of direct infringement under which Bedrock alleges Defendants are liable; and

6) information regarding Bedrock's allegations of indirect infringement.

Bedrock claims in its ICs that the "actual source code of Linux that is installed on [Defendant's] servers and other device(s) is not publicly available and has not yet been produced for inspection." (ICs at 2). However, Defendants are *not* in the sole possession of the source code. To the contrary, the Linux source code functions cited by Bedrock are publically available open source. Thus, there is no excuse for Bedrock's failure to comply with the Local Patent Rules. Accordingly, we request that Bedrock immediately amend its ICs so as to not further prejudice the Defendants.

## Bedrock Fails to Provide a Claim Chart for Each Version of the Linux Kernel it Accuses

Bedrock accuses more than 300 different versions of the Linux kernel in a single claim chart. Yet, Bedrock fails to identify any similarities or differences between these versions. Defendants cannot be expected to investigate 300+ different versions of code to determine how Bedrock contends each version allegedly practices the claims. Furthermore, several of the functions identified by Bedrock, including ip_mkroute_input, and ip_mkroute_output do not even appear in the "source.c" file for some, if not all versions. This is further proof that Bedrock's infringement contentions are insufficient.

Bedrock must amend its claim charts to specifically identify the accused aspects of the identified code for each different Linux kernel that Bedrock is accusing of infringement. Defendants cannot determine how Bedrock is interpreting its claims when there are 300+ different versions of accused source code, and numerous different deletion functions within the source code identified. As the source code is public, Bedrock can adequately comply with its obligations.

## Bedrock Fails to Identify the Accused Code and Merely "Mimics" the Language of the Claims

Bedrock's ICs fail to state "specific theories of infringement." *See STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754,755 (E.D. Tex. 2004) (J. Davis). Instead, for each element, Bedrock vaguely cites to the names of one or more functions. Bedrock states that the "contentions contained in this chart are based on functionality observable through the open source versions of Linux that are publicly available." Furthermore, Bedrock alleges that "code in . . ." certain functions perform the steps of the claim. Where Bedrock merely "mimic[s] the claim language of the patents-at-issue," it fails to indicate, as necessary by the local rules, what code is actually alleged to be practiced. As Judge Davis set forth in *Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp. 2d 256 (E.D. Tex. 2005) this is not enough.

Bedrock has merely recited the claim language as evidence of infringement with a vague reference to certain function names (*e.g.*, ip_mkroute_input and ip_mkroute_output), without including any of the actual code or otherwise indicating how the functions meet the claimed limitations. It is unclear from these functions what specific aspects of the Linux functionality Bedrock contends satisfies the various limitations of the claims. Bedrock must comply with its obligations under P.R. 3-1 and specifically identify the accused aspects of this code.

### Bedrock Fails to Adequately "identity of the structure(s), act(s), or material(s) in the Accused Instrumentalit[ies]" for the Means-plus-Function Limitations

Many of the asserted claims include means-plus-function limitations. Yet, Bedrock fails to adequately comply with P.R. 3-1(c) by disclosing what structures in the accused instrumentalities allegedly perform the claimed function. For example, with respect to claim 1, element (b), Bedrock elusively lists two different functions, both of which contain many lines of code. Furthermore, the identified functions differ in the 300+ different accused versions of the Linux kernel. Defendants should not have to guess which lines of code Bedrock is alleging perform the claimed function.

### Bedrock Fails to Set Forth Specific Theories of Direct Infringement

Bedrock indicates in its claim charts that each Defendant "makes, uses, sells, offers to sell or imports (or actively induces or contributes to same)" the accused products. This broad assertion of the text of the patent statute is not helpful to identifying the alleged infringement, and does not comply with the local patent rules. Defendants cannot determine, by this statement, how Bedrock is alleging Defendants are infringing the claims. Bedrock must indicate how it alleges Defendants are violating the patent statute.

### Bedrock Fails to Set Forth Specific Theories of Indirect Infringement

Bedrock provides no information relating to its allegations of inducement or contributing infringement. If Bedrock is indeed accusing Defendants of indirect infringement, then Bedrock must set forth how the Defendants are inducing or contributing to the infringement of others. For example, Bedrock has failed to identify 1) what infringers the Defendants are allegedly inducing to infringe; 2) how Defendants have the requisite knowledge requirement necessary for an allegation of indirect infringement; and 3) what actions of Defendants constitute the requisite "inducement."

So that Defendants can avoid unnecessary motion practice, please confirm by Friday, October 23, 2009, that Bedrock will amend its infringement contentions by Monday, November 2, 2009 to (1) provide claim charts for each accused version of the Linux kernel; (2) identify in its claim charts, the specific lines of code it alleges practice the asserted claims; (3) explain how those lines of code practice the asserted claims

without "mimicking" the language of the claims; (4) identify the structure that allegedly performs the functions of the means-plus-function limitations; (5) identify the specific theories of direct infringement Bedrock is asserting; and (6) identify the specific theories of indirect infringement Bedrock is asserting.  Otherwise, please provide a day and time for us to meet and confer on these issues.

Sincerely,

Alan L. Whitehurst

ALW:kds

A PROFESSIONAL CORPORATION • ATTORNEYS

300 Crescent Court
Suite 1500
Dallas, Texas  75201

Doug Cawley
Direct Dial:  (214) 978-4972
dcawley@mckoolsmith.com

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

October 29, 2009

**VIA EMAIL (alan.whitehurst@alston.com)**

Alan Whitehurst
Alston & Bird LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004

RE:     *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc. et al.*, Civil Action No. 6:09-cv-269 (E.D. Tex)

Dear Alan:

I write in response of your letter on October 20, 2009 regarding Bedrock's infringement contentions that were served on October 9, 2009.

Bedrock's infringement contentions fully comply with the Patent Rules.  Your letter requests that Bedrock amend its contentions to address the following alleged insufficiencies:

(1)     a claim chart for each version of the Linux kernel that Bedrock is accusing;

(2)     the accused source code, including an identification of the specific lines of code that Bedrock alleges practice the claims of the patent-in-suit;

(3)     an explanation as to how Bedrock alleges the identified code practices the claims of the patent-in-suit;

(4)     an identification of the structures, acts, or materials in each of the accused versions of Linux that Bedrock alleges perform the claimed function of limitations governed by 35 U.S.C. § 112 ¶ 6;

(5)     the specific theories of direct infringement under which Bedrock alleges the defendants are liable; and

(6)     information regarding Bedrock's allegations of indirect infringement.

I will separately address each of these requested amendments below.

## Requested Amendment 1: A Claim Chart for Each Version of the Linux Kernel That Bedrock Is Accusing

Bedrock's infringement contentions identify the Accused Instrumentality as "Computer equipment configured with or utilizing software based on an Accused Version of Linux" and defines Accused Version of Linux as "software based on Linux version 2.4.22.x, 2.4.23.x, 2.4.24.x, 2.4.25.x, 2.4.26.x, 2.4.27.x, 2.4.28.x, 2.4.29.x, 2.4.30.x, 2.4.31.x, 2.4.32.x, 2.4.33.x, 2.4.37.x, 2.6.0.x, 2.6.1.x, 2.6.2.x, 2.6.3.x, 2.6.4.x, 2.6.5.x, 2.6.6.x, 2.6.7.x, 2.6.8.x, 2.6.9.x, 2.6.10.x, 2.6.11.x, 2.6.12.x, 2.6.13.x, 2.6.14.x, 2.6.15.x, 2.6.16.x, 2.6.17.x, 2.6.18.x, 2.6.19.x, 2.6.20.x, 2.6.21.x, 2.6.22.x, 2.6.23.x, 2.6.24.x, 2.6.25.x, 2.6.26.x, 2.6.27.x, 2.6.28.x, 2.6.29.x, 2.6.30.x, or 2.6.31."

At any given time, there are several stable versions of Linux and one development version. Linux supports many older stable versions, which is why multiple versions exist. Linux version numbers follow a have three numbers, i.e., X.Y.Z. The "X" is incremented when there is a change that makes software written for one version no longer operate correctly on the other. The "Y" indicates the development series. The "Z" specifies the exact version of the kernel, and it is incremented on every release. Bedrock's infringement charts additionally contain a ".x" after the X.Y.Z numbering scheme to encompass the "point releases." Bedrock identified Linux version 2.4.22.x and every stable version released thereafter as an Accused Version of Linux.

This numbering scheme is different from numbering schemes of proprietary software, but a comparison between the two is instructive. Taking Microsoft Windows as an example of proprietary software, my computer tells me that I'm running Microsoft Windows XP SP3. That indicates that I've installed the third service pack for Windows XP on my computer; however, there is no indication as to what other dynamic link libraries (DLLs) are installed on my computer through Microsoft's automatic updates feature. And while each combination of these DLLs and service packs technically constitutes a "version" and while there are possibly hundreds or even thousands of such unnamed versions, the Patent Rules would probably only require a plaintiff who is accusing Windows XP of infringement to provide one chart for Windows XP. Similarly, by identifying the first infringing version of Linux and every stable version released thereafter, Bedrock's infringement charts comply with the Patent Rules even though there exists an explicit version number for each version of Linux.

Also, Bedrock consolidated the Accused Versions of Linux into one chart for the Defendants' convenience. Attached to this letter are expanded claim charts pertaining to your clients. In them, Bedrock has created contentions for each Accused Version of Linux. Note that this is not an amendment; rather, these attachments merely repeat the substance of Bedrock's infringement contentions separately for each version of Linux. The only difference between the charts is that the charts served on October 9th were about 25 pages per Defendant while the charts attached to this letter are about 810 pages per Defendant. By organizing the infringement contentions in the original manner, it was Bedrock's intention to reveal its crystallized theories of infringement in a way that would be clearest to the Defendants.

Finally with respect to this requested amendment, your letter mentions that "ip_mkroute_input and ip_mkroute_output do not even appear in the 'source.c' file for some, if not all versions" of Linux. Bedrock did not once mention the file source.c in its contentions.

Assuming that you intended to write "route.c" instead of "source.c," Bedrock notes that its infringement contentions always list the functions ip_mkroute_input and ip_mkroute_output in a larger list of functions "ip_route_input_mc, ip_mkroute_input, ip_route_input_slow, ip_mkroute_output, ip_rt_redirect, and/or ip_route_output_slow."

### Requested Amendment 2: The Source Code Related to the Cited Functions and Data Structures, Including An Identification Of The Specific Lines Of Code That Bedrock Alleges Practice the Claims of the Patent-in-Suit;

In your letter, you state that Bedrock failed "to indicate, as necessary by the local rules, what code is actually alleged to be practiced." To the contrary, Bedrock's infringement contentions disclose specific routines and data structures that satisfy the limitations of the claims.

With respect to *STMicroelectronic, Inc. v Motorola, Inc.*, 308 F.Supp.2d 754 (E.D. Tex. 2004) (J. Davis) and *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526 (E.D. Tex 2005), Bedrock agrees that if it only mimicked the claim language of the patent-in-suit, its infringement contentions would be deficient. Bedrock, however, did not merely mimic the claim language. Judge Davis, in *ConnecTel*, pointed out that "[t]he charts in ConnecTel's PICs do not refer in their text to a single structure, process, algorithm, feature or function of any accused product." 359 F.Supp.2d. at 528. In contrast, Bedrock's infringement contentions cite specific routine(s) or data structure(s) that meet each limitation. Also, Judge Davis "viewed plaintiff's pre-suit diligence with favor" when recalling the PICs in *American Video Graphics*, noting that such diligence resulted in plaintiff's "only wanting to view precise pieces of source code to build its case." *Id*. (citing *American Video Graphics, L.P. v. Electronic Arts, Inc.* 359 F.Supp.2d 558, 560-61). Similarly here, Bedrock's infringement contentions focus on just route.c, which is a single file of source code within the huge body of Linux source code. Further, nothing is "vague" about the cites that Bedrock provides in its infringement contentions; in fact, it seems to me that citing specific routines and data structures is the antithesis of "vague."

Finally, your request that Bedrock amend its infringement contentions by providing line numbers is specious. First, P. R. 3-1 does not require a plaintiff to disclose line numbers of accused software in its infringement contentions. Second, because Bedrock's infringement contentions already identify, by name, the infringing routines and data structures as well as the file paths in which they reside, including line numbers would be completely redundant in that it would provide no additional information.

### Requested Amendment 3: An Explanation as to How Bedrock Alleges the Identified Code Practices the Claims of the Patent-in-Suit;

In addition to stating that Bedrock's citations of specific routines and data structures are insufficient, you also state that Bedrock has not satisfied its P. R. 3-1 requirements because it did not indicate "how the functions [that Bedrock cites] meet the claimed limitations." The type of information that you seem to be requesting here will by provided in Bedrock's expert reports, and Bedrock is not required to provide expert analysis in its infringement contentions.

**Requested Amendment 4: An Identification of the Structures, Acts, or Materials in Each of the Accused Versions of Linux That Bedrock Alleges Perform the Claimed Function of Limitations Governed by 35 U.S.C. § 112 ¶ 6;**

While some of the limitations in the patent-in-suit contain means-plus function limitations, the Court has not yet construed which terms are actually governed by 35 U.S.C. § 112(6). But by identifying specific routines and data structures, Bedrock has identified what would serve as the structure(s) for any such limitation(s). Your criticism that Bedrock did not cite the code that performs the claimed function is misplaced; the Patent Rules only require that Bedrock identify the structure. *See* P. R. 3-1(c). In any event, given that the patent-in-suit provides pseudocode and that Bedrock identifies specific routines and data structures, the Defendants should be able to easily discern how the structures that Bedrock cites perform the claimed function of any limitation found to be controlled by § 112(6).

**Requested Amendment 5: The Specific Theories of Direct Infringement under which Bedrock Alleges the Defendants Are Liable**

Your letter points out that Bedrock did not provide any factual information to indicate how each Defendant "makes, uses, sells, offers to sell or imports (or actively induces or contributes to same)" the Accused Instrumentalities. This is not a requirement of P. R. 3-1.

**Requested Amendment 6: Information Regarding Bedrock's Allegations of Indirect Infringement.**

Similarly, your letter points out that Bedrock did not provide any factual information to related to indirect infringement. With respect to inducement, you specifically complain that Bedrock did not provide information related to (i) what infringers the Defendants are inducing to infringe; (ii) how the Defendants have the requisite knowledge; and (iii) what actions constitute the requisite inducement. This is not a requirement of P. R. 3-1.

For the reasons stated above, Bedrock will not amend its infringement contentions. And because Bedrock has fully complied with its obligations under P. R. 3-1, the Defendants are suffering no prejudice. Also, I understand that you have raised the alleged insufficiency of Bedrock's infringement contentions as justification for a later due date for the Defendants' invalidity contentions. Again, because Bedrock has fully complied with its obligations under P. R. 3-1, I see no reason why the Defendants could not agree to Bedrock's current compromise of January 8th, 2010, which is already well beyond the November 27th, 2009 deadline that would have applied under the normal Patent Rules.

I am generally available for a meet and confer on these issues during the week of November 2nd.

Sincerely,

/s/ Doug Cawley

Doug Cawley

Enclosures