

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1530 Page Mill Road
Suite 200
Palo Alto, CA 94304-1125
650.798.0300
650.798.0310 fax
www.sonnenschein.com

**Yar R. Chaikovsky**
650.798.0330
ychaikovsky@sonnenschein.com

November 10, 2009

<u>VIA E-MAIL</u>

Doug Cawley
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX 75201

    Re:    *Bedrock Computer Techs. v. Softlayer Techs., et al*, C.A. 6:09-CV-269 (E.D. Tex.)

Dear Doug:

    I write regarding the infringement contentions served by Bedrock Computer Techs., LLC ("Bedrock") on Yahoo! Inc. ("Yahoo!"). This letter takes into account Bedrock's responses to the other defendants' grievances with your infringement contentions including Bedrock's additional charts provided to Amazon, AOL, CME, and MySpace and Bedrock's refusal to provide additional information in your November 3, 2009 meet and confer with Amazon, AOL, CME, and MySpace. Under the Patent Rules, Bedrock is required to specifically identify the accused products and its specific theories of infringement. *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (Davis, J.). Bedrock failed to meet its obligations when its infringement contentions failed to:

- identify any specific Yahoo! product, service, or act that allegedly infringes;

- identify specific code that allegedly infringes despite the public availability of Linux; and

- identify a theory of infringement by not providing claim charts explaining how each version of Linux allegedly infringes Bedrock's patents; Bedrock's attempt to break up the individual Linux versions into separate charts does not cure Bedrock's defects because the language in each chart is the same.

Brussels    Chicago    Dallas    Kansas City    Los Angeles    New York    Phoenix    St. Louis
San Francisco    Short Hills, N.J.    Silicon Valley    Washington, D.C.    Zurich

dockets.Justia.com


SONNENSCHEIN NATH & ROSENTHAL LLP

Doug Cawley
November 10, 2009
Page 2

1. **Bedrock's Deficient Claim Charts Fail to Explain What Bedrock Accuses of Infringement and Its Theories of Infringement.**

As an initial matter, Bedrock fails to identify any specific Yahoo! act, product, or service that allegedly infringes Bedrock's patent. Thus, Bedrock's infringement contentions are deficient. Bedrock's generic assertions that the use of certain versions of Linux constitutes infringement of Bedrock's patents does not cure the defect, as explained in detail below.

    (a) **Bedrock's Claim Charts Fail to Specify Where Each Asserted Claim is Found Within Each Accused Instrumentality.**

Patent Rule 3-1(c) requires that a plaintiff produce a chart that identifies "specifically where each asserted claim is found within each Accused Instrumentality." The majority of the elements in Bedrock's claim charts simply consist of naming a function, and stating that "code contained within" that function performs an act that is described with verbatim claim language in a conclusory manner. This fails to specify what code actually infringes the patent.

Further, footnote 4 of the infringement contentions evidences Bedrock's failure to comply with Patent Rule 3-1. This particular footnote provides the disclaimer that the identified functions are "not intended to identify all of the code necessary to satisfy the claim limitation at issue" and "[o]ther source and/or object code components . . . may be necessary." In other words, Bedrock admits that its disclosures on their face do not satisfy each and every claim limitation of the asserted claim language. Bedrock's other claim chart elements are similarly deficient, naming only a data structure or variable, and pasting in claim language. Bedrock's infringement contentions are particularly deficient because the Linux kernel is publicly available, so Bedrock is perfectly capable of providing the accused code in a very high level of detail.

In short, Bedrock's infringement contentions leave Yahoo! with the burden of deciphering Bedrock's contentions—to comb through hundreds of versions of Linux to analyze unspecified code within eight functions, a data structure, a variable, and/or "[o]ther source and/or object code" and then make the determination of what falls within what Bedrock's accusation. This cannot be what the Court would consider "identifying specifically" under Patent Rule 3-1. Yahoo! has examined the additional charts that Bedrock has provided to MySpace, Amazon, AOL, and CME, and finds these charts unhelpful, as they provide no additional disclosure and merely repeat the same contentions verbatim for every accused version of Linux.

    (b) **Bedrock Must Explain Its Infringement Theories in Detail.**

The claim chart also fails to specify how each element is found within each Accused Instrumentality, because the chart contains pasted claim language rather than specifying which



Doug Cawley
November 10, 2009
Page 3

elements in the code infringe the patent and how those elements do so. "[P]laintiffs must explain their infringement theories in detail." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (Davis, J.). Claim charts containing "vague, conclusory language or simply mimicking the language of the claims," *ConnecTel, LLC*, 391 F. Supp. 2d at 528, or that "merely parrot[ing] the asserted claim language and fail[ing] to explain how the accused products infringed the asserted patents," *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 711 (E.D. Tex. 2008) (Love, J.), have been rejected as insufficient.

The infringement contentions require that the plaintiff provide an "explanation of how [defendant's] accused infringing products read on the asserted claim language." *ConnecTel*, 391 F. Supp. 2d at 528. Bedrock's conclusory statements reiterating the claim language do not espouse a specific theory of infringement, which is required when the Accused Instrumentality is publicly available, as is the case with the Linux kernel. *See Orion IP*, 407 F. Supp. 2d at 817 ("When information is publicly available, the Patent Rules require plaintiffs to set forth specific theories of infringement at the outset of the case").

The Patent Rules require that the identification be "as specific as possible." In this instance, the citation to specific Linux code is appropriate because Bedrock must have had the opportunity to review the publicly available Linux code. Bedrock would have examined the code in order to conclude that certain functionalities allegedly infringe Bedrock's patent. Bedrock should supplement its claim charts so that they specifically identify the code that it claims is infringing, and describe in detail how that code falls within the claims of the patent-in-suit.

### 2. Bedrock Fails to Provide a Claim Chart for Each Accused Version of Linux.

The claim chart also is not sufficiently specific under Patent Rule 3-1(c). Bedrock provides one infringement chart that accuses hundreds of versions of Linux. Such a blanket statement is deficient. The Linux code does not remain the same across all versions of Linux. For example, the accused ip_mkroute_input and ip_mkroute_output functions do not even exist in linux/net/ipv4/route.c in Linux version 2.4.22. Patent Rule 3-1(c) requires an element-by-element claim chart of each Accused Instrumentality, and this requires a separate claim chart for each accused version of Linux. Bedrock should provide separate infringement charts for each version of Linux that it accuses Yahoo! of infringing, including the specific code that allegedly infringes Bedrock's patent.

We have reviewed Bedrock's additional charts to MySpace, Amazon, AOL, and CME in response to these defendants' complaints that Bedrock's infringement contentions are deficient. The additional charts fail to cure the defect in Bedrock's infringement contentions. The charts



Doug Cawley
November 10, 2009
Page 4

provide no additional information because they simply copy and paste the previous contentions for each version number, completely disregarding the differences between the accused versions.

3. **Bedrock Fails to Identify a Structure for Its § 112(6) Claims.**

Patent Rule 3-1(c) also requires that the plaintiff must identify the structure, act, or materials that perform the claimed function of all elements of claims governed by § 112(6). The patent-in-suit contains several such elements in its claims. Bedrock has identified no such structure, act, or materials, thus its infringement contentions are deficient in that regard.

While it is true that the court has not yet construed any claims as governed by § 112(6), that cannot possibly be necessary, because Rule 3-1(c) specifically requires that such structure be identified in the infringement contentions. Regardless, the claim is presumed to be governed by § 112(6), *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1318 (Fed. Cir. 1999), and there is no reasonable argument that the presumption could be rebutted.

Also, the Patent Rules require that the plaintiff identify the applicable structure, and not, as you argue, make it so that "Defendants can easily discern how the structures that Bedrock cites perform the claimed function." Letter from D. Cawley to A. Whitehurst (Oct. 29, 2009), at 4. The Patent Rules require the plaintiff to specify what it considers to be the accused structure and instrumentalities; these rules would be eviscerated to a nullity if the infringement contentions could be met by accusations that the defendants must figure it out for themselves.

Bedrock should supplement its infringement contentions to identify the structure in the Accused Instrumentalities for all elements of all claims that rely on § 112(6).

4. **Bedrock Fails to Identify a Theory of Either Direct or Indirect Infringement.**

As shown above, the "plaintiffs must explain their infringement theories in detail." *Orion IP*, 407 F. Supp. 2d at 817. Bedrock repeatedly accuses Yahoo! of infringing when it "makes, uses, sells, offers to sell or imports (or actively induces or contributes to the same) computer equipment configured with or utilizing software based on an Accused Version of Linux." Yet Bedrock provides no theory as to what acts Yahoo! has done to directly infringe the patent-in-suit. Bedrock similarly provides no detail for its accusation that Yahoo! induced or contributed to infringement, failing to describe which parties may have committed related direct infringement, or what acts Yahoo! has done to induce or contribute to such infringement.

Bedrock's argument that Patent Rule 3-1 does not require disclosure of any factual information to support its theories of infringement lacks merit because the Linux kernel is publicly available. In *Orion,* the court emphasized that the patent rules of this district require a



Doug Cawley
November 10, 2009
Page 5

plaintiff to disclose its specific theories of infringement when the information concerning the Accused Instrumentality is publicly available. *Id.* at 817.

Further, Patent Rule 3-1(b) requires that the plaintiff disclose "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware. This identification must be as specific as possible." Thus, if Bedrock has any basis for its claim that Yahoo! has induced or contributed to infringement, Bedrock must name the instrumentalities that cause third parties to directly infringe Bedrock's patent in a way that is "as specific as possible." Bedrock should supplement its infringement contentions so that they set forth Bedrock's theories of both direct and indirect infringement by Yahoo!, and do so in detail. All Accused Instrumentalities must be named and charted as specifically as possible.

5. **Bedrock Fails to Select Literal Infringement or Infringement Under the Doctrine of Equivalents.**

Patent Rule 3-1(d) requires that the plaintiff select whether each asserted claim is "literally present or present under the doctrine of equivalents." Bedrock's infringement contentions assert both types of infringement in disregard of this rule. Bedrock should supplement its infringement contentions to specify whether it is accusing Yahoo! of literally infringing or infringing under the doctrine of equivalents.

Yahoo! wishes to avoid unnecessary motion practice. Please confirm by Monday, November 16, 2009, that Bedrock will supplement its infringement contentions to address Yahoo!'s objections detailed above. Otherwise, it is my understanding that, during the November 3 meet and confer between Bedrock and Amazon, AOL, CME, and MySpace, Bedrock agreed that further meet and confers on this issue would not be necessary for the other defendants. Please let us know if that is the case.

Sincerely,

Yar R. Chaikovsky
Partner

14827204

# MCKOOL SMITH

A PROFESSIONAL CORPORATION • ATTORNEYS
300 Crescent Court
Suite 1500
Dallas, Texas 75201

Douglas Cawley
Direct Dial: (214) 978-4972
dcawley@mckoolsmith.com

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

December 7, 2009

**VIA EMAIL (ychaikovsky@sonnenchein.com)**

Yar Chaikovsky
Sonnenchein Nath & Rosenthal LLP
1530 Page Mill Road
Suite 200
Palo Alto, CA 94304

RE: *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc. et al.*, Civil Action No. 6:09-cv-269 (E.D. Tex)

Dear Yar:

I write in response of your letter regarding Bedrock's infringement contentions that were served on October 9, 2009. As you know, you first sent me a letter regarding Bedrock's infringement contentions on November 10, 2009, which was a week after Bedrock and some of the other defendants had already met and conferred on the sufficiency of Bedrock's PICs. During that first meet and confer on November 3, 2009, the parties reached an impasse, and Bedrock agreed that the meet and confer requirement had been satisfied for any defendant joining or advancing a motion to compel on the issues raised by Alan Whitehurst and Todd Briggs in their respective letters to me on behalf of their clients. Since you sent me your letter after that agreement, I responded to you two days later, on November 12, 2009, and asked you whether Yahoo! intended to use your letter in support of the defendants' motion to compel, and if so, stated that Bedrock would substantively respond to that letter and the parties would have to meet and confer again. Yesterday, three weeks after my November 12th letter, you wrote me a letter saying that you intend to use your original letter in support of your motion, and you requested that I give you a substantive response to your original letter.

Bedrock's infringement contentions fully comply with the Patent Rules. Your letter claims that Bedrock failed to:

- "identify any specific Yahoo! product, service, or act that allegedly infringes" although Bedrock's PICs identify the infringing acts;

- "identify specific code that allegedly infringes . . ." although Bedrock's PICs do, in fact, cite specific code for each and every claim limitation; and
- "identify a theory of infringement by not providing claim charts explaining how each version of Linux allegedly infringes . . ." although Bedrock has expanded its PICs for some defendants and has offered to expand its PICs for any defendant, including your client.

**Alleged Failure 1: Bedrock's Charts Fail to Explain What is Accused of Infringement and Its Theories of Infringement**

Bedrock satisfied its P. R. 3-1 obligations by disclosing the Accused Instrumentalities. Bedrock's infringement contentions identify the Accused Instrumentality as "Computer equipment configured with or utilizing software based on an Accused Version of Linux" and defines Accused Version of Linux as "software based on Linux version 2.4.22.x, 2.4.23.x, 2.4.24.x, 2.4.25.x, 2.4.26.x, 2.4.27.x, 2.4.28.x, 2.4.29.x, 2.4.30.x, 2.4.31.x, 2.4.32.x, 2.4.33.x, 2.4.37.x, 2.6.0.x, 2.6.1.x, 2.6.2.x, 2.6.3.x, 2.6.4.x, 2.6.5.x, 2.6.6.x, 2.6.7.x, 2.6.8.x, 2.6.9.x, 2.6.10.x, 2.6.11.x, 2.6.12.x, 2.6.13.x, 2.6.14.x, 2.6.15.x, 2.6.16.x, 2.6.17.x, 2.6.18.x, 2.6.19.x, 2.6.20.x, 2.6.21.x, 2.6.22.x, 2.6.23.x, 2.6.24.x, 2.6.25.x, 2.6.26.x, 2.6.27.x, 2.6.28.x, 2.6.29.x, 2.6.30.x, or 2.6.31." To Bedrock's knowledge, Yahoo! does not market these Accused Instrumentalities as products that have names, which is what you seem mean in your use of the words "product" and "service." Therefore, there are no "products" or "services" that Bedrock could identify. The Defendants have been aware of this for some time now. *See* Plaintiff's Response to MySpace, Amazon.com, AOL, CME Group, and Yahoo!'s Motion to Dismiss for Failure to State a Claim (Dkt. No 84) at 5 n.2. In any event, Bedrock identified Yahoo!'s infringing acts in conjunction with the Accused Instrumentalities.

Your letter also states that Bedrock did not identify "specifically where each asserted claim is found within each Accused Instrumentality." To the contrary, Bedrock cited specific function and data structures in its PICs. Also, you take Bedrock's footnote 4 of its PICs as some sort of admission that Bedrock did not satisfy its P.R. 3-1 obligations. That footnote makes no such admission. Footnote 4 of Bedrock's PICs explains that, in source code, a function or data structure can be called upon by a multitude of functions or data structures, and that a function or data structure can, itself, call upon or utilize a multitude of sub-functions or sub-structures. Because of this, Bedrock, in its PICs, cited the most relevant function or data structure responsible for infringement.

*Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006) (Davis, J.) and *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005) (Davis, J.) are inapposite to Bedrock's PICs. While those cases stand for the basic proposition that a plaintiff cannot merely parrot claim language in its PICs, Bedrock did not merely mimic the claim language. Judge Davis, in *ConnecTel*, pointed out that "[t]he charts in ConnecTel's PICs do not refer in their text to a single structure, process, algorithm, feature or function of any accused product." 359 F.Supp.2d. at 528. In contrast, Bedrock's infringement contentions cite specific routine(s) or data structure(s) that meet each limitation. Also, Judge Davis "viewed plaintiff's pre-suit diligence with favor" when recalling the PICs in *American Video Graphics*, noting that such diligence resulted in plaintiff's "only wanting to view precise pieces of source code to build

its case." *Id*. (citing *American Video Graphics, L.P. v. Electronic Arts, Inc.* 359 F.Supp.2d 558, 560-61). Similarly here, Bedrock's infringement contentions focus on just route.c, which is a single file of source code within the huge body of Linux source code. Further, Bedrock's charts did not just stop at identifying route.c. As you point out in your letter, you tally that Bedrock cited just "eight functions, a [single] data structure" and "a variable" in its PICs. Given the extreme degree of specificity of Bedrock's PICs, it is hard to imagine how Bedrock could supplement them to provide more detail.

### Alleged Failure 2: Bedrock Fails to Provide a Claim Chart for Each Accused Version of Linux.

At any given time, there are several stable versions of Linux and one development version. Linux supports many older stable versions, which is why multiple versions exist. Linux version numbers follow a have three numbers, i.e., X.Y.Z. The "X" is incremented when there is a change that makes software written for one version no longer operate correctly on the other. The "Y" indicates the development series. The "Z" specifies the exact version of the kernel, and it is incremented on every release. Bedrock's infringement charts additionally contain a ".x" after the X.Y.Z numbering scheme to encompass the "point releases." Bedrock identified Linux version 2.4.22.x and every stable version released thereafter as an Accused Version of Linux.

This numbering scheme is different from numbering schemes of proprietary software, but a comparison between the two is instructive. Taking Microsoft Windows as an example of proprietary software, my computer tells me that I'm running Microsoft Windows XP SP3. That indicates that I've installed the third service pack for Windows XP on my computer; however, there is no indication as to what other dynamic link libraries (DLLs) are installed on my computer through Microsoft's automatic updates feature. And while each combination of these DLLs and service packs technically constitutes a "version" and while there are possibly hundreds or even thousands of such unnamed versions, the Patent Rules would probably only require a plaintiff who is accusing Windows XP of infringement to provide one chart for Windows XP. Similarly, by identifying the first infringing version of Linux and every stable version released thereafter, Bedrock's infringement charts comply with the Patent Rules even though there exists an explicit version number for each version of Linux.

Also, Bedrock consolidated the Accused Versions of Linux into one chart for the Defendants' convenience. In my October 29th letter to Alan Whitehurst, I attached expanded claim charts pertaining to certain defendants. In them, Bedrock has created contentions for each Accused Version of Linux. These were not amended claims charts; rather, these attachments merely repeat the substance of Bedrock's infringement contentions separately for each version of Linux. The only difference between the charts is that the charts served on October 9th were about 25 pages per Defendant while the charts attached to my October 29th letter were about 810 pages per Defendant. By organizing the infringement contentions in the original manner, it was Bedrock's intention to reveal its crystallized theories of infringement in a way that would be clearest to the Defendants. Your argument regarding the differences between the route.c file across the different accused versions of Linux misses the point. As demonstrated by the expanded claim charts that accompanied my October 29th letter to Alan Whitehurst, Bedrock would have described—and now, has described—its infringement contentions for every version of Linux in exactly the same terms.

### Alleged Failure 3: Bedrock Fails to Identify a Structure for Its § 112(6) Claims.

While some of the limitations in the patent-in-suit contain means-plus function limitations, the Court has not yet construed which terms are actually governed by 35 U.S.C. § 112(6). But by identifying specific routines and data structures, Bedrock has identified what would serve as the structure(s) and function(s) for any such limitation(s).

### Alleged Failure 4: Bedrock Fails to Identify a Theory of Either Direct or Indirect Infringement.

Your letter points out that Bedrock did not provide any factual information to indicate how each Defendant "makes, uses, sells, offers to sell or imports (or actively induces or contributes to same)" the Accused Instrumentalities or how each Defendant is liable for indirect infringement. This is not a requirement of P. R. 3-1. That the Linux source code is publicly available does not mean that Bedrock is required to somehow provide specific information on issues not related to the Linux source code.

### Alleged Failure 5: Bedrock Fails to Select Literal Infringement or Infringement under the Doctrine of Equivalents.

You recite P. R. 3-1(d), which states, "whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents" for the proposition that Bedrock must choose between literal infringement or infringement under the doctrine of equivalents. This is a misreading of P. R. 3-1(d). The "or" in P. R. 3-1(d) is not a logical "exclusive-or." A plaintiff, such as Bedrock, can assert alternative theories of infringement in its infringement contentions, including a mix of literal infringement theories and infringement theories under the doctrine of equivalents.

For the reasons stated above, Bedrock will not amend its infringement contentions. And because Bedrock has fully complied with its obligations under P. R. 3-1, the Defendants are suffering no prejudice.

Sincerely,

/s/ Douglas Cawley

Douglas Cawley