# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL S SUTTON LIMITED | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| vs. | § | CASE NO. 6:07CV203 |
| | § | PATENT CASE |
| NOKIA CORPORATION and NOKIA INC. | § | |
| | § | |
| **Defendants** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Nokia Corporation and Nokia, Inc.'s (collectively "Nokia") motion to compel compliance with Patent Rule 3-1(c) (Docket No. 46). After considering the parties' briefs, the Court **GRANTS** Nokia's motion to compel and **ORDERS** the parties to meet and confer.

## BACKGROUND

Plaintiff Michael S Sutton Limited ("Sutton") brought an action for patent infringement on April 30, 2007 against Nokia based on U.S. Patent No. 5,771,238 ("the '238 patent"), entitled "Enhanced One Way Radio Set Bit Data Network." The invention disclosed in the '238 patent is generally for a method of preparing a message packet for digital data transmission. The protective order in this case requires that a party producing source code should include specific tools, including Source-Navigator or a similar program. Protective Order, ¶ 6(B)(iv), Docket No. 37. Source-Navigator is a "code analysis and comprehen[s]ion tool that provides a graphic framework for understanding and reengineering large or complex software projects." Sutton's Resp. Ex. 4. The protective order also states that the source code's entire directory structure must be maintained and produced so the hierarchy of the code files can be determined. Protective Order ¶ 6(B)(ix), Docket

No. 37.

On January 3, 2008, Sutton served Nokia with its initial infringement contentions, and on February 12, 2008, Sutton served Nokia with first supplemental infringement contentions. Nokia produced its source code for inspection in June 2008. On August 14, 2008, Sutton served Nokia with second supplemental infringement contentions. Nokia then filed the present motion to compel Sutton to provide additional supplemental infringement contentions.

Nokia contends that Sutton's claim chart in Sutton's second supplemental infringement contentions does not comply with Patent Rule 3-1(c). Nokia alleges that Sutton made no attempt to correspond the claim language to the contents of the cited source code. Nokia cites to the following parts of Sutton's claim chart:

*Example 1.*

| | |
|---|---|
| (2) if a data message,<br>(a) analysing it to determine if it can be compressed according to a known compression technique and if so compressing the data by that technique.<br>(b) if compression was not possible, and if the data consists of characters which are uniquely determined by 7 bits, treating the data as a 7 bit character string and stuffing the 7 bit character string into an 8 bit string,<br>(c) assigning a sub-channel number to data which is processed according to steps 2(a) or (b) or which has not been so processed, | Reference is made to Exhibit 4-B.<br>The Editor_HandleMessagePackingEvents function calls the EMS_Packer function implemented in emspacker.c<br><br>Reference is made to Exhibit 4-C<br>EMS_Packer states that this "routine packs the internally represented message data into a linked list of SMS_PACKETS_LIST.<br>Calls EMS_PackWithForwarding<br>A call is made to the function CompressEMSData. |

*Example 2.*

| | |
|---|---|
| (4) unpacking the packet from 8 bit bytes to form a 7 bit byte packet, | Reference is made to Exhibit 4-F |
| (5) analysing the 7 bit byte packet to ascertain if it contains any prohibited characters and if so substituting such prohibited characters with a suitable escape character and a complementary check character to produce the message packet for transmission. | |

Referring to Example 1, Nokia complains that although the limitations of (2)(a) through (2)(c) identify separate steps of claim 1, Sutton merely groups all of them together, makes reference to exhibits, and lists various functions while not specifically identifying which of the listed functions relate to which step. Referring to Example 2, Nokia complains that Sutton grouped two limitations together and referenced an exhibit. The exhibit consists of seven pages of source code, and Sutton has not identified where in the seven pages that the individual elements can be found.

Sutton argues that its second supplemental infringement contentions comport with the Patent Rules. Sutton asserts that a detailed explanation of how the source code satisfies the elements of a claim is not required and thus requests that the Court deny Nokia's motion to compel. Alternatively, Sutton argues that any deficiencies in its claim charts are attributable to Nokia's failure to comply with the Court's protective order regarding production of the source code, which Sutton claims has prevented it from obtaining full access to the relevant source code.

## APPLICABLE LAW

Pursuant to Rule 83 of the Federal Rules of Civil Procedure, the Court has adopted Local Patent Rules to assist with case management in patent cases. FED. R. CIV. P. 83; *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 821 (E.D. Tex 2007) (Clark, J.)

(recognizing adoption of Local Patent Rules as a valid exercise of a court's authority). The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration*, 503 F. Supp. 2d at 822 (citations omitted).

Patent Rule 3-1 provides that "a party claiming patent infringement must serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'" P.R. 3-1. The Disclosure of Asserted Claims and Infringement Contentions shall contain "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." P.R. 3-1(c). Plaintiffs must provide enough specificity to give an alleged infringer notice of the patentee's claims. *Computer Acceleration*, 503 F. Supp. 2d at 823; *see also Orion IP, LLC v. Staples*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (Davis, J.) (citing *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (Davis, J.)). This requires that a plaintiff's claim chart refers to "a single structure, process, algorithm, feature or function of any accused product." *See Connectel*, 391 F. Supp. 2d at 528.

## ANALYSIS

Nokia argues that Sutton's second supplemental infringement contentions do not satisfy the requirements set by Patent Rule 3-1(c). Patent Rule 3-1(c) requires plaintiffs to submit a "chart *identifying specifically where each element of each asserted claim is found*." P.R. 3-1(c) (emphasis added). Sutton's claim chart does not meet this standard. In Example 1 of Sutton's claim chart, there are at least two steps disclosed, "analyzing" the data message and "assigning a sub-channel

4

number."  Sutton does not specifically identify where these steps are found in the source code.  Instead, Sutton merely makes reference to exhibits and offers a brief statement of function.  Sutton refers to its exhibit 4-B and explains, "The Editor_HandleMessagePackingEvents function calls the EMS_Packer function implemented in emspacker.c."  While this may provide some information on Sutton's infringement theory, it does not point specifically to where each step is found.  Thus Nokia is left guessing as to the alleged location of the steps in the source code.  Consequently, Sutton's claim chart does not show the location of each element and thus does not meet the standard set by Patent Rule 3-1(c).

Furthermore, in Example 2, Sutton groups multiple elements together and makes reference to an exhibit that consists of several pages of material.  This disclosure does not satisfy Patent Rule 3-1(c), which requires an element-by-element analysis.  While Sutton is correct that Patent Rule 3-1(c) does not require a detailed explanation of how the source code satisfies the elements of a claim, that assertion does not change that Sutton must "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c).  Grouping two elements together and referencing a seven-page source code does not clarify where the elements are allegedly located.  Due to such lack of clarity, Nokia "is unable to crystallize its non-infringement and invalidity theories, and the parties are hindered in identifying what claim terms need construction." *Connectel*, 391 F. Supp. 2d at 528.[1]

Alternatively, Sutton argues that Nokia's manner of "dumping" its source code and presenting the source code without a usable Source-Navigator precluded Sutton from meeting the

---

[1] Nokia cites to other parts of Sutton's claim chart in its briefs.  The above analysis also applies to those cited portions and Sutton's claim chart in general.

requirements set by Patent Rule 3-1(c). Sutton requests the Court to compel Nokia to produce source code that segregates out the allegedly infringing applications and to provide a fully operational Source-Navigator with corresponding "project files." However, Nokia's arguments in reply significantly put in doubt the severity of any burdens that Nokia imposed. Nokia states that it provided guidance as to the operation and structure of the folders and files in the source code directories and installed search and analysis tools that accompanied the source code. Nokia also asserts that Sutton did not request "project files" for any of the software tools and that Nokia unilaterally offered such files if Sutton would give direction on how it wanted those files created. Furthermore, Nokia states that it provided more time, equipment, references to technical documents, and leniency with respect to printouts of confidential source code than the protective order required.

Most telling is that Sutton has narrowed its infringement contentions to eighty-three pages of source code, which indicates that Sutton has been able to analyze Nokia's source code with the tools already produced. And at this point, Sutton has had over seven months to analyze the source code since Nokia made its production in June 2008 and should now be able to provide a more detailed claim chart that shows specifically where each element of every accused device is found.

Accordingly, Nokia is not required to take further action in segregating out the allegedly infringing applications. However, to be sure that Sutton is adequately equipped to serve detailed supplemental contentions and because Nokia has expressed a willingness to produce "program files," the Court orders the parties to meet and confer on what Sutton requires in regards to using Source-Navigator within ten days of this order. Nokia has explained that it needs Sutton to provide direction on how Sutton wants the "program files" created. The parties are to resolve Nokia's request for instructions. Nokia will have ten days from the date of the meet and confer to produce the "program

files," and Sutton will have ten days from the production of the "program files" to serve supplemental infringement contentions.

## CONCLUSION

Accordingly, the Court **GRANTS** Nokia's motion to compel and **ORDERS** the parties to meet and confer as detailed above.

**So ORDERED and SIGNED this 13th day of February, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**