# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **BEDROCK COMPUTER TECHNOLOGIES LLC,** § § § | |
| **Plaintiff,** § § | **CASE NO. 6:09-cv-269** |
| v. § § | **Jury Trial Demanded** |
| **SOFTLAYER TECHNOLOGIES, INC., et al.** § § § | |
| **Defendants.** § | |

## BEDROCK COMPUTER TECHNOLOGIES LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-3) TO GOOGLE, INC.

To: Defendant Google, Inc., by and through its attorney of record, Michael E. Jones, Esq., Potter Minton PC, 110 North College, Suite 500, Tyler, Texas 75702.

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Bedrock Computer Technologies LLC ("Plaintiff") serves its First Set of Interrogatories (Nos. 1-3) on Google, Inc..

A written response to the Interrogatories is due within thirty (30) days of service.

# DEFINITIONS

1. The term "Google, Inc." shall mean or refer to Defendant Google, Inc. and shall include its agents, representatives, attorneys or anyone authorized or purportedly authorized to act on their behalf.

2. "You" and "your" refers to Google, Inc. including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, and employees.

3. "Bedrock" means Bedrock Computer Technologies LLC, together with all past and present parents, controlled and affiliated companies, subsidiaries and subdivisions of any of the foregoing, and all actual or alleged predecessors and successors to the foregoing, and all past and present agents, directors, principals, officers, employees, representatives, consultants, attorneys, and anyone acting on behalf of the foregoing.

4. The term "party" shall mean any natural person, corporation, partnership, association, joint venture, government body, or other legal entity, including Plaintiff and Defendant Google, Inc..

5. The term "third party" shall mean any natural person, corporation, partnership, association, joint venture, government body, or other legal entity other than the Plaintiff and Defendant Google, Inc..

6. The phrase "the '120 patent" or "the patent-in-suit" refers to United States Patent No. 5,893,120.

7. The term "documents" or "document" shall have the same broad meaning as defined in Rule 34 of the Fed. R. Civ. P., include, without limitation, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be

obtained or translated, if necessary, by Google, Inc. through detection devices into reasonably usable form. "Document" or "documents" also include all drafts and copies that are not identical to the original in any way whatsoever, including copies or drafts with notations on the front or back of any of the pages thereof of any written, recorded or graphic matter, including, but not limited to, any notebook, book, pamphlet, periodical, letter, correspondence, telegram, contract, purchase order, bill, invoice, estimate, report, appraisal, memorandum, docket, diary, calendar, interoffice or intraoffice communication, specification, record, study, work sheet, desk calendar, graph, computer run, computer diskette, computer tape, print-out, chart, check register, canceled check, blue print, income tax return, receipt, deed, trust agreement, note, budget, telephone log or record, statement of account, ledger, journal, financial statement, map, check, tape recording, transcription or any other memorial of any conversation, meeting, conference or telephone call, however produced or reproduced, any other form of notation of events or intentions, and any other printed, written, or reproduced matter. To the extent that information requested is stored as computer data or computer-readable data, "documents" shall mean electronic, printed or "hard copy" versions of such data.

8. The term "all documents" shall include each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a given document request. Where originals are not available, authentic copies of such documents may be produced; but, if a document has been prepared in separate copies, or additional copies have been made and the copies are not identical (or which, by reason of subsequent modification of a copy or by the addition of notations, are no longer identical), each non-identical copy is a separate document and should be identified or produced.

9. The terms "relate to" or "relating to" shall mean constituting, discussing,

mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

10. The terms "concerning," "referring" and "relating to" mean analyzing, containing, dealing with, constituting, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the request.

11. The terms "communication" or "communications" shall include the disclosure, transfer, or exchange of information by every manner or means, whether orally, by document, face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

12. The terms "infringe" and "infringement" refer to direct infringement, contributory infringement, or active inducement of infringement, any of which can be either literal or under the doctrine of equivalents.

13. The singular of all definitions and terms also includes the plural of such definitions and terms whenever such a change would result in any additional Document being responsive to a request or any additional persons, business entities, articles or products, or communications being identified.

14. "Identify," or "identity" when used with reference to:

(a) an individual person, means to state his full name, present or last known employer, job title, present or last known residence, address and telephone number, and present or last known business addresses and telephone number, and any other information which would establish his/her relationship to you; and

(b) a business entity, means to state the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested.

(c) a document, means to give, to the extent known, the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the authors, addressees, and recipients of the document; (v) the location of the document; (vi) any Bates numbering associated with the document; (vii) the identity of the person who has custody of the document; and (viii) whether the document has been destroyed and, if so, the date of its destruction, the reason for its destruction, and the identity of the person who destroyed it.

15. "Accused Version of Linux" means software based on Linux kernel version 2.4.22.x, 2.4.23.x, 2.4.24.x, 2.4.25.x, 2.4.26.x, 2.4.27.x, 2.4.28.x, 2.4.29.x, 2.4.30.x, 2.4.31.x, 2.4.32.x, 2.4.33.x, 2.4.37.x, 2.6.0.x, 2.6.1.x, 2.6.2.x, 2.6.3.x, 2.6.4.x, 2.6.5.x, 2.6.6.x, 2.6.7.x, 2.6.8.x, 2.6.9.x, 2.6.10.x, 2.6.11.x, 2.6.12.x, 2.6.13.x, 2.6.14.x, 2.6.15.x, 2.6.16.x, 2.6.17.x, 2.6.18.x, 2.6.19.x, 2.6.20.x, 2.6.21.x, 2.6.22.x, 2.6.23.x, 2.6.24.x, 2.6.25.x, 2.6.26.x, 2.6.27.x, 2.6.28.x, 2.6.29.x, 2.6.30.x, or 2.6.31.x.

16. "Modification" in Interrogatory 3 means any difference between the code within of the Accused Version of Linux executing on a server in your possession or control and the code within of the corresponding version of the Linux kernel as archived at http://www.kernel.org/, but only with respect to the code within /net/ipv4 (including its subdirectories) and /include/net (including its subdirectories). For example, if you possessed or controlled a server that operates, executes, or runs software based on Linux kernel version 2.4.22, the Modifications would be all of the differences between that code and the code of the

Linux kernel for version 2.4.22, which can be found at [http://www.kernel.org/pub/linux/kernel/v2.4/](http://www.kernel.org/pub/linux/kernel/v2.4/), but only with respect to the code within /net/ipv4 (including its subdirectories) and /include/net (including its subdirectories).

## INSTRUCTIONS

1. The interrogatories must be answered fully in writing in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure.

2. In the event any information is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege from disclosure, please provide sufficient detail regarding the nature of the information, its source, the general subject matter, and the names and addresses of all persons to whom that information was disclosed, and a statement of the grounds for refusal to answer the interrogatories, such as would enable an assessment of the applicability of the privilege or protection.

3. The interrogatories call for not only your knowledge, but also all information that is available to you by reasonable inquiry and due diligence, including inquiry of your directors, officers, managing agents, representatives, and attorneys.

4. If you cannot respond to the interrogatories fully, after a diligent attempt to obtain the requested information, answer the interrogatories to the extent possible, specifying which portion you are able to answer, and provide whatever information you have regarding the unanswered portion.

5. If, in responding to the following interrogatories, or with respect to any definition or instruction applicable hereto, you claim ambiguity in interpreting the interrogatories, definition or instruction, each such claim should not be utilized by you as a basis for refusing to

respond, but should be set forth as part of your response regarding the language deemed to be ambiguous and the interpretation chosen or used by you in responding to the interrogatories.

6. In the event you claim that the interrogatories are overbroad, you are to respond to that portion of the request believed to be unobjectionable and specifically identify that aspect of the interrogatories that you believe is overbroad.

7. If the interrogatories are silent as to the time period for which a response is sought, please respond by providing all information, regardless of time.

8. The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

9. Google, Inc. is advised that this discovery request is continuing and require further and supplemental responses by Google, Inc., in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, as and whenever Google, Inc. acquires, makes or discovers additional responsive information, between the time of initial response and the conclusion of the trial of this action.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Separately for each year since 2003, identify the Accused Version(s) of Linux that were/was installed during that year on a server in your possession or control and, separately for each Accused Version of Linux within each year, the number of servers on which that Accused Version of Linux was installed. If, during a particular year, different Accused Versions of Linux were installed on a particular server in your possession or control, your response should not double-count that one server across multiple Accused Versions of Linux but instead should count

that server only once for the chronologically latest Accused Version of Linux that was installed on that server during that year.

*Example:*

| *Year* | *Version* | *Number of Installations* |
|---|---|---|
| *2003* | *Linux version 2.4.22* | *100 servers* |
|  | *Linux version 2.4.23* | *50 servers* |
| *2004* | *Linux version 2.4.22* | *25 servers* |
|  | *Linux version 2.4.23* | *100 servers* |
| *. . .* | | |

**ANSWER:**

**INTERROGATORY NO. 2**:

Separately for each year since 2003, identify the Accused Version(s) of Linux that were/was operating, executing, in service, or running during that year on a server in your possession or control and, separately for each Accused Version of Linux within each year, the number of servers on which that Accused Version of Linux was operating, executing, in service, or running. If, during a particular year, different Accused Versions of Linux were operating, executing, in service, or running on a particular server in your possession or control, your response should not double-count that one server across multiple Accused Versions of Linux but instead should count that server only once for the chronologically latest Accused Version of Linux that was operating, executing, in service, or running on that server during that year.

*Example:*

| *Year* | *Version* | *Number of Operating Servers* |
|---|---|---|
| *2003* | *Linux version 2.4.22* | *1000 servers* |
|  | *Linux version 2.4.23* | *500 servers* |
| *2004* | *Linux version 2.4.22* | *250 servers* |
|  | *Linux version 2.4.23* | *1000 servers* |
| *. . .* | | |

**ANSWER:**

**INTERROGATORY NO. 3**:

For each Accused Version of Linux that was/is operating, executing, in service, or running on a server in your possession or control since 2003, describe all Modifications. For each Modification, your description should include:

(i) some way to identify the Modification;
(ii) the nature of the Modification (i.e., whether the modification is/was an addition, a change, or a deletion);
(iii) the version(s) of the Linux kernel that were/are modified by the Modification;
(iv) the file(s) of the Linux kernel (identified by file name) that were/are modified by the Modification;
(v) separately for each year since 2003, the number of servers in your possession or control in which the Modification was/is operating, executing, in service, or running; and
(vi) persons with knowledge related to the Modification.

If, during a particular year, a Modification replaced another Modification on a server in your possession or control that was/is operating, executing, in service, or running, your response should only count that server for the chronologically latest Modification that was operating, executing, in service, or running on that server during that year.

*Example:*

| *Modification* | *Effect* | *Number of Servers by Year* |
|---|---|---|
| *route1.c* | *Change to route.c of Official Linux Kernel version 2.4.22; John Doe has knowledge related to this Modification* | *2003 - 100 servers*<br>*2004 - 200 servers*<br>*2005 - 100 servers* |
| *route2.c* | *Change to route.c of Official Linux Kernel version 2.4.22; John Doe has knowledge related to this Modification* | *2003 - 50 servers*<br>*2004 - 200 servers*<br>*2005 - 300 servers*<br>*2006 - 400 servers* |
| *. . .* | | |

**ANSWER:**

DATED: November 20, 2009

Respectfully submitted,

**McKOOL SMITH, P.C.**

 /s/ *Sam F. Baxter*
Sam F. Baxter, Lead Attorney
Texas Bar No. 01938000
**McKOOL SMITH, P.C.**
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Douglas A. Cawley
Texas Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson, III
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
J. Austin Curry
Texas Bar No. 24059636
acurry@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4000
Facsimile: 214-978-4044

Robert M. Parker
Texas Bar No. 15498000
Robert Christopher Bunt
Texas Bar No. 00787165
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: 903-531-3535
Facsimile: 903-533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF BEDROCK COMPUTER TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via electronic mail to Michael E. Jones, who is listed as counsel for Google, Inc. in this matter.

                                                  /s/ Austin Curry
                                                  Austin Curry