# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BEDROCK COMPUTER TECHNOLOGIES LLC, | ) ) ) |
| Plaintiff, | ) CASE NO. 6:09-CV-00269 ) ) Hon. Leonard E. Davis ) |
| v. | ) ) **JURY TRIAL DEMANDED** ) |
| SOFTLAYER TECHNOLOGIES, INC., CITIWARE TECHNOLOGY SOLUTIONS, LLC, GOOGLE INC., YAHOO! INC., MYSPACE INC., AMAZON.COM INC., PAYPAL INC., MATCH.COM, LLC., AOL LLC, and CME GROUP INC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
PLAINTIFF TO COMPLY WITH PATENT RULE 3-1
AND TO EXTEND THE TIME TO SERVE INVALIDITY CONTENTIONS**

## I. INTRODUCTION

Bedrock's vague identification of various source code functions that include hundreds (perhaps thousands) of lines of source code does not meet the specificity requirements of P.R. 3-1. Nor does Bedrock's single claim chart, which purportedly applies to approximately 375 versions of the publicly available Linux kernel that has been modified many times over the past six years. Finally, Bedrock's failures to specifically identify code corresponding to the means-plus-function limitations, to affirmatively specify its direct and indirect infringement theories, and to state whether it contends Defendants infringe literally or under the doctrine of equivalents, renders Bedrock's infringement contentions insufficient under P.R. 3-1. Given that Bedrock has in its possession each and every line of the publically available source code it accuses, Bedrock has clearly failed to comply with P.R. 3-1's mandate to be "as specific as possible." Accordingly, Defendants' motion to compel should be granted.

## II. BEDROCK'S IDENTIFICATION OF CERTAIN FUNCTIONS IN THE PUBLICLY AVAILABLE LINUX SOURCE CODE DOES NOT MEET THE SPECIFICITY REQUIREMENTS OF PATENT RULE 3-1

Bedrock claims it complied with P.R. 3-1(c) because it has "disclosed at least one function or data structure in the accused source code that performs each limitation of each asserted claim." Opp. at 2. But the issue is not Bedrock's failure to identify enough functions, it is Bedrock's disclosure of too many functions. The list of functions Bedrock identified contain or call dozens of other functions, which in turn contain hundreds, perhaps thousands, more lines of code. Bedrock's contentions put thousands of lines of code in play. Thus, Defendants have no way of knowing what portions of the code in these functions and sub-functions Bedrock is accusing of infringement.

Identification of a function may satisfy P.R. 3-1 in some situations. For example, if a function contains only a few lines of source code and does not call any other functions,

identification of it alone may be enough. However, where a function includes hundred of lines of code and calls many other functions, mere identification of the function is inadequate.

The example Bedrock cites in its opposition exposes the inadequacy of Bedrock's infringement contentions. That contention states that "code contained within function rt_intern_hash . . . comprises record search means." Opp. at 2. Bedrock does not dispute that there are multiple functions performed by, and hundreds (perhaps thousands) of lines of code contained within or referenced by rt_intern_hash. Moreover, Bedrock does not dispute that rt_intern_hash calls many other functions that contain hundreds of lines of code and call other sub-functions. Given the multiplicity of functions performed by, and the vast amount of source code within and called by, rt_intern_hash, this mere identification does not come close to identifying the specific function that is alleged to infringe by citing its source code, as required by P.R. 3-1. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (requiring plaintiff "to supplement its 3-1(c) charts with specific references to the source code"); *ConnectTel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005) (requiring plaintiff to "highlight . . . the text of every piece of cited literature where elements of the asserted claims are found").

Contrary to its claim, it is Bedrock, and not Defendants that has misread *Michael S. Sutton Ltd. v. Nokia Corp.*, No. 6:07-cv-00203-LED (E.D. Tex. Feb. 13, 2009) (Docket No. 59). In *Sutton*, this Court held that merely naming a function for claim elements leaves the defendant "guessing as to the alleged location of the steps in the source code." *Id*. at *5. Bedrock's identification of functions is no different. For numerous claim elements, Bedrock identifies the same code function. For example, Bedrock identifies the function (rt_intern_hash) as practicing 16 of the 19 elements in its chart; for 13 of those elements, it vaguely refers to "code contained within" that function as infringing. In doing so, Bedrock's chart, like the chart in *Sutton*, fails to "point specifically to

where each step is found" in the source code. *Id*. That Bedrock broke out the claim elements into different rows of its chart rather than grouping them together does not remedy this deficiency.

Bedrock complains that Defendants are improperly trying to force it to explain "how" they allegedly infringe. Opp. at 1, 4. Not so. Defendants are trying to find out **what** actual code in the thousands of lines of allegedly infringing code Bedrock contends meets each claim limitation (i.e., "where," and not "how" the allegedly infringing code performs a claim limitation). Defendants are not requesting an exhaustive explanation of how the alleged infringement occurs. Defendants simply request that which they are entitled to – what they are being accused of infringing.

This Court has noted that P.R. 3-1(c) does require patent holders to describe how the alleged infringement occurs. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("According to Patent Rule 3-1(c), the patent holder's preliminary infringement contentions were to specifically identify **how** defendants infringe the patent by including a chart specifying where each element of each asserted claim was found.") (emphasis added). Given that each and every line of the accused versions of Linux are publicly available, Bedrock should be required to identify with specificity the allegedly infringing source code and state how that code allegedly infringes the asserted claims.

Bedrock also offers an inapposite "engine" analogy. Opp. at 4. To illustrate Bedrock's approach with a pertinent analogy, if an asserted claim required a "cylindrical element," Bedrock's position would be that P.R. 3-1 is satisfied by simply pointing to an "engine," even though the engine contains many different structures (such as cylinders, shafts, rods, bolts, etc.) that may potentially qualify as "cylindrical elements."

Bedrock fails to sufficiently explain the damaging admission in its infringement contentions that the "identification of specific routines [in its claim chart] is not intended to identify all of the code necessary to satisfy the claim limitation at issue." Exhibit A, at 1. Rather, Bedrock confirms

Defendants' argument by recognizing that naming functions is wholly insufficient because each function contains sub-functions, which in turn contain "sub-sub-functions, ad infinitum." Opp. at 4.

Finally, Bedrock does not claim that it is unable to provide citations to the specific source code that is alleged to infringe. This is not surprising since all of the allegedly infringing Linux source code is available to the public, including Bedrock, free of charge. Bedrock had a pre-filing obligation to inspect all publicly-available material—including the Linux source code. *See ConnecTel, LLC,* 391 F. Supp. at 528 ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement."). Thus, Bedrock has no excuse for not providing detailed infringement contentions at this time, as required by the Patent Rules.

## III. BEDROCK FAILS TO EXPLAIN HOW ITS SINGLE CLAIM CHART APPLIES TO 375 VERSIONS OF LINUX THAT HAVE BEEN MODIFIED MANY TIMES OVER THE PAST SIX YEARS

Bedrock does not dispute that (1) it has accused over 375 versions of the publicly available Linux kernel of infringement,[1] and (2) the Linux kernel and route.c in particular have been modified thousands of times over the past six years. Nevertheless Bedrock maintains that its single claim chart meets the requirements of P.R. 3-1.

Bedrock claims that it ignored the differences in all of these versions for Defendants' convenience. Opp. at 9. Bedrock goes on to say that "it was [its] intention to disclose its crystallized theories of infringement in a way that would be ***clearest*** to Defendants." *Id*. (emphasis added). It is hard to comprehend how failing to identify any of the code variations implicated in the alleged infringement can assist Defendants in understanding Bedrock's infringement contentions.

---

[1] Bedrock claims that Defendants references to the number of accused versions of Linux are somehow a "red herring." However, acknowledges that Defendants' count is correct by noting that its "3-1 disclosures therefore are specifically limited to Linux version 2.4.22 ***and subsequent versions***." Opp. at 9 (emphasis supplied). Defendants' count accurately includes Linux version 2.4.22 and all later versions up to version 2.6.31.

Bedrock also fails to explain how the identification in its chart of functions that do not even appear in some accused versions of Linux relate to its infringement allegations.

Bedrock points to this Court's allowance of "representative examples" in *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006), and states that it "at least" complied with that rule. Bedrock misses the mark. The rule in *Orion IP* does not relieve Bedrock of its obligation to provide separate charts for the *different* Accused Instrumentalities, as required by P.R. 3-1. *Orion IP* simply recognizes that representative claim charts can be used when the allegedly infringing aspects of the Accused Instrumentalities are the *same*. Here, the allegedly infringing aspects of the 375 accused versions of Linux versions have changed over the past six years. Thus, Defendants are entitled to a claim chart for each version of Linux with different code in the alleged infringement.

## IV. BEDROCK SHOULD BE REQUIRED TO COMPLY WITH OTHER REQUIREMENTS OF P.R. 3-1

**Means-Plus-Function Limitations**: Despite the plain language of P.R. 3-1 requiring identification of allegedly infringing structures, acts, or materials for claim elements governed by 35 U.S.C. § 112(6), Bedrock stubbornly contends that its infringement contentions do not need to identify structures for means-plus-function limitations. Opp. at 10. Whether or not the Court ultimately determines that a limitation is governed by § 112(6), the Patent Rules plainly require a specific identification of the structure corresponding to each limitation. *See* P.R. 3-1(c).

**Direct/Indirect Infringement Allegations** and **Literal Infringement/Doctrine of Equivalents Allegations:** Bedrock barely defends its attempt to assert every "and/or" infringement theory under the sun. If Bedrock truly contends that Defendants make, use, sell, offer to sell, import *and* actively induce *and* contribute to the infringement of the asserted claims, Bedrock should be required to explain each allegation in detail. Similarly, Bedrock should be required to specifically state whether it is alleging literal infringement or infringement under the doctrine of equivalents. *See* P.R. 3-1(d).

## V. CONCLUSION

For all of the reasons stated in Defendants' moving brief and in this reply, the Court should grant Defendants' motion.

Respectfully submitted,

By: */s/ Alan L. Whitehurst*
Frank G. Smith
frank.smith@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7240
Facsimile: (404) 256-8184

Alan L. Whitehurst
alan.whitehurst@alston.com
Marissa R. Ducca
marissa.ducca@alston.com
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, N.W.
Washington, DC 20004
Telephone: (202) 756-3300
Facsimile: (202) 756-3333

Michael J. Newton (SBN 24003844)
mike.newton@alston.com
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
Telephone: (214) 922-3423
Facsimile: (214) 922-3839

Louis A. Karasik (*pro hac vice*)
lou.karasik@alston.com
ALSTON & BIRD LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1148

By: */s/ Michael E. Jones (with permission)*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Claude M. Stern
claudestern@quinnemanuel.com
Todd M. Briggs
toddbriggs@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
Telephone: 650-801-5000
Facsimile: 650-801-5100

*Attorneys for Defendants Google Inc. and Match.com, LLC*

By: */s/ Yar R. Chaikovsky (with permission)*
Yar R. Chaikovsky
ychaikovsky@mwe.com
McDERMOTT WILL & EMERY
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7400
Facsimile: (650) 815-7401

*Attorney for Defendant Yahoo! Inc.*

Facsimile: (213) 576-1100

*Attorneys for Defendants MySpace Inc.,
Amazon.com Inc., AOL Inc.,
CME Group Inc, and PayPal Inc.*

Michael E. Jones
State Bar No. 10929400
Allen Gardner
State Bar No. 24043679
POTTER MINTON
A PROFESSIONAL CORPORATION
110 N. College, 500 Plaza Tower
P.O. Box 359
Tyler, Texas 75710
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com

*Attorneys for Defendant PayPal, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PATENT RULE 3-1 AND TO EXTEND THE TIME TO SERVE INVALIDITY CONTENTIONS**, via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 7, 2010. Any other counsel of record was served via First Class Mail.

By: */s/ Alan L. Whitehurst*
     Alan L. Whitehurst