IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Bedrock Computer Technologies LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>Softlayer Technologies, Inc.,<br>CitiWare Technology Solutions, LLC,<br>Google Inc.,<br>Yahoo! Inc.,<br>MySpace Inc.,<br>Amazon.com Inc.,<br>PayPal Inc.,<br>Match.com, LLC,<br>AOL LLC, and<br>CME Group Inc.,<br><br>           Defendants. | Case No. 6:09-CV-269-LED<br><br>JURY TRIAL DEMANDED |

## **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures**. By November 30, 2009 and without awaiting a discovery request, each party shall disclose to every other party the following information:

   A. the correct names of the parties to the lawsuit;
   B. the name, address, and telephone number of any potential parties;
   C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
   D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
   E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
   F. any settlement agreements relevant to the subject matter of this action;
   G. any statement of any party to the litigation;

2.  **Additional Disclosures**. Each party shall provide to every other party the following information:

    A.  the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;
    B.  to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], on the same day as the Rule 3-3 and 3-4 disclosures are due, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and
    C.  on the same day as the Rule 3-3 and 3-4 disclosures are due, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

3.  **Testifying Experts**. Plaintiff may have up to four (4) experts. Each defendant may have up to two (2) experts. Defendants collectively may have up to two (2) additional experts.

    By the date(s) provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.  The expert's name, address, and telephone number;
    B.  The subject matter on which the expert will testify;
    C.  A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
    D.  If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:
        (1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony except as excluded by the Protective Order to be negotiated by the parties; and
        (2) the expert's current resume and bibliography.

4.  **Discovery Limitations**. Discovery is limited to the disclosures described in Paragraphs 1 - 3, together with the following:

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

A. <u>Interrogatories</u>**:**
   a. Plaintiff is allowed to serve twenty (20) written interrogatories on each Defendant.

   b. Each defendant is allowed to serve twenty (20) written interrogatories on Plaintiff.

B. <u>Requests for Admission:</u> Plaintiff may serve (30) common requests for admissions as to all Defendants, and also up to an additional fifteen (15) requests for admission on each Defendant. Defendants may serve on Plaintiff up to twenty-five (25) common requests for admissions on Plaintiff. Each Defendant may also serve up to an additional twenty-five (25) requests on Plaintiff. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of document or the applicability of the business record exception. Requests for admission directed to document authentication and the business records exception shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

C. <u>Depositions</u>:
   a. <u>Fact Depositions of Parties</u>: Plaintiff shall be entitled to take up to 300 hours of deposition testimony of the Defendants (including 30(b)(6) depositions and depositions of employees and officers), but Plaintiff may take no more than 30 hours of deposition testimony of a single Defendant. Each Defendant shall be entitled to take up to 18 hours of deposition testimony of Plaintiff (including 30(b)(6) depositions and depositions of employees and officers). Either party may petition the Court for additional hours upon a showing of good cause.

   b. <u>Depositions of Inventors and Prosecuting Attorneys</u>:
   In addition, Defendants may take up to twenty-one (21) hours of deposition testimony of the named inventor, Richard Michael Nemes, in his individual capacity. In addition, Defendants may jointly take up to fourteen (14) hours total deposition testimony of each individual attorney(s) that participated in the prosecution of the applications related to the patent-in-suit.

   To the extent the inventor or prosecuting attorney is designated as a Rule 30(b)(6) deponent, the time involved in taking his Rule 30(b)(6) deposition will not be counted against his deposition as an individual.

   c. *Depositions of Third Parties*:

   Plaintiff shall be entitled to take up to fifty (50) hours of third-party deposition testimony. Defendants shall be entitled to take up to 150 hours of third-party deposition testimony. The parties agree that they will work in good faith to agree on additional deposition hours if and as needed.

All third-party depositions are subject to any restrictions placed on such depositions by a court of competent jurisdiction ruling on a protective order sought by representatives of such third parties.

    d.    *Depositions of Experts*:

The parties agree that deposition of expert witnesses shall be limited to 7 hours per witness per report (such that, for example, if a defendant's expert issues a report on claim construction, a report on invalidity, and a report on noninfringement, that witness would be subject to one 7-hour day of deposition for each of his three reports).

However, the deposition of any of the Plaintiff's or Defendants' experts who are designated to testify with respect to or on behalf of multiple defendants shall be limited to 5 hours with an additional 3 hours for each individual defendant as to which the expert offers testimony, not to exceed 21 hours.

    e.    *Depositions on Written Questions*:

The Plaintiff will have a limit of twenty-five (25) depositions upon written questions taken pursuant to Fed. R. Civ. P. 31; the Defendants will jointly have a limit of sixty (60) depositions upon written questions taken pursuant to Fed. R. Civ. P. 31.

5. **Electronic Discovery and Production**

   a. The parties have agreed that no voicemails, instant messages, and cell phone text messages will be preserved, searched for, or produced under any circumstances.

   b. The parties have agreed that no metadata (as used herein to refer to electronically stored information about the document that does not appear on the face of the original document if emailed or printed), audio, or video information will be searched for or produced without good cause and further subject to the producing party's claim of undue burden or cost. The parties agree that good cause to search and produce metadata exists when such metadata is reasonably likely to reveal the date, author, or recipient of specific key documents that the party identifies as material to a fact or issue in dispute, and such information is not reasonably available through other forms of discovery.

   b. The parties have agreed that materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Federal Rule 26(b)(2)(B) and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval. The parties have further agreed that archives stored on computer servers, external hard drives, notebooks, or personal computer hard

        drives that are not used as reference materials in the ordinary course of a party's business operations (*e.g.*, archives created for disaster recovery purposes or in connection with document holds in litigations other than the present litigation) need not be searched or produced absent good cause, and further subject to the producing party's claim of undue burden or cost. The parties agree that good cause to search and produce such archives exists when the documents contained in the archives are reasonably likely to contain responsive documents that are unique, or otherwise not duplicative of documents found in those non-archived files that the producing party has otherwise searched for production.

        c.    The parties agree that all documents will be exchanged electronically, and that all English-language documents must be exchanged on discs or other digital storage medium in a form that is electronically searchable. The parties anticipate entering into appropriate agreements regarding that format and other matters related to electronically stored materials.

6.    **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order pursuant to the provisions set forth in the Protective Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order. None of the parties shall be required to log any privileged documents or information attained or generated after the date this lawsuit was filed (June 16, 2009).

The parties further agree that testifying expert's drafts reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject

to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

7. **Pre-trial Disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
    B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
    C. An appropriate identification of each document or, other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

    By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that maybe made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

8. **Signature**. The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

9. **Exchange of Disclosures**. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

10. **Notification of the Court**. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

11. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

12. **Requests for Production**. Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain

relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

13. **Discovery Disputes**. Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

14. **Discovery Conferences**. Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

15. **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

16. **Protective Orders**. The parties are meeting and conferring regarding the terms of a protective order and will submit an agreed protective order. In the event that the parties do not agree on the terms of a protective order before disclosures are due, the Court's standard protective order shall govern as modified by paragraphs 16(a) and (b) below. A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, a party may move to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to the Protective Order under seal.

    a. Upon issuance of the Court's standard Protective Order, documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE shall be treated as "Protected Documents" under the Court's standard Protective Order.

    b. Until further order by this Court, Plaintiff, any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff or attorneys of Plaintiff who obtains, receives, has access to, or otherwise learns, in whole or in part, confidential technical information (designated as "Protected Documents" under the Court's standard Protective Order or otherwise designated as confidential information under any separately agreed protective order) from any of the Defendants shall not prepare, prosecute, supervise, or assist in the

prosecution of any patent application pertaining to the subject matter of the patent-in-suit or the disclosed technical information for a period ending three (3) years after the final resolution of this litigation (including any appeals).

c. Until further order by this Court, Plaintiff, any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff or attorneys of Plaintiff who obtains, receives, has access to, or otherwise learns, in whole or in part, confidential technical information (designated as "Protected Documents" under the Court's standard Protective Order or otherwise designated as confidential information under any separately agreed protective order) from any of the Defendants shall not draft or assist in the drafting of any claim or amendment to any claim of the patent-in-suit pursuant to a re-examination proceeding for a period ending three (3) years after the final resolution of this litigation (including any appeals); otherwise, participation, including but not limited to the discharge of the duty of candor and good faith, in re-examination proceedings is permitted.

17. **Courtesy Paper Copies**. Paper copies will not be accepted by this Court unless specifically requested.

18. **Hearing Notebooks**. With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.