# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BEDROCK COMPUTER TECHNOLOGIES LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 6:09-cv-269** |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **SOFTLAYER TECHNOLOGIES, INC., et al.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect the parties' confidential information, to ensure that only materials that are confidential are treated as such, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

## INFORMATION SUBJECT TO THIS ORDER

1.      Documents or discovery responses containing confidential information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY" and which are disclosed or produced to counsel

for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

## **DESIGNATION**

2.      Each party shall have the right to designate as "CONFIDENTIAL" Protected Documents in the following categories: (i) non- public information; (ii) trade secret or other confidential research, development, financial or commercial information the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide improper business or commercial advantage to others.  The following information is not CONFIDENTIAL:(a) any information which at the time of disclosure to a receiving party is in the public domain; (b) any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; (c) any information which a receiving party can show it received, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and (d) any information which a receiving party can show was independently developed by its personnel who did not have access to the producing party's Protected Documents.  Each party shall have the right to designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and "HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY" Protected Documents in one or more of the following categories: (i)  non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology that would reveal trade secrets;  (ii) non-public damages-related information (e.g., the number of products sold, total dollar value of

sales products, and profit margins); (iii) non public financial information; (iv) non-public customer lists; (v) non-public business and/or marketing plans; (vi) non-public price lists and/or pricing information; and (vii) information subject to a current nondisclosure Non-Disclosure Agreement ("NDA"). Each party shall have the right to further designate "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY" information as "NO ELECTRONIC COPIES." The NO ELECTRONIC COPIES designation will only apply to a narrow set of extremely sensitive technical documents. A producing party can designate up to two thousand (2,000) pages with the NO ELECTRONIC COPIES designation. If necessary, the producing party may request to designate more than 2,000 pages with the NO ELECTRONIC COPIES designation, which the receiving party shall not unreasonably deny. The NO ELECTRONIC COPIES designation shall not apply to limit the availability of source code in its native format. No electronic copies of documents designated NO ELECTRONIC COPIES shall be made by the receiving party except for electronic copies made for filing (under seal) in a proceeding with the Court, in an expert's report, or for use for presentation purposes at trial or in a hearing in this matter.

3. Any documents (including physical objects) made available for initial inspection by counsel for the receiving party will be considered as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY and treated accordingly under this Order. Thereafter, the producing party may for a reasonable period of time review and designate the appropriate documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY before furnishing copies to the receiving party.

4.     Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate confidentiality designation as the designating party may direct, or (b) within fifteen (15) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record.  All portions of deposition transcripts designated as subject to this Protective Order shall be separately bound from the remaining portions of the transcript, and all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.  All deposition transcripts not previously designated shall be deemed to be and shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information until the expiration of the period set forth in this paragraph.

## DISCOVERY RULES REMAIN UNCHANGED

5.     Nothing in this Order changes or alters the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules or Rules of Practice for Patent Cases before the Honorable Leonard Davis, United States District Court for the Eastern District of Texas, and the Court's Deadlines for Docket Control Order and Discovery Order.  Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules or Rules of Practice for Patent Cases before the Honorable Leonard Davis, United States District Court for the Eastern District of Texas, and the Court's Deadlines for Docket Control Order and Discovery Order.

## QUALIFIED PERSONS

6. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

7.1. Documents or information designated CONFIDENTIAL shall not be disclosed to any person except:

A. Counsel of record in this action and other disclosed outside counsel for the party or parties receiving Protected Documents or any information contained therein;

B. Employees of counsel of record in this action (excluding experts and investigators) and outside vendors used to process documents assigned to and necessary to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

C. The Court and the Court's personnel as well any court considering any appeal in this matter and its personnel;

D. Technical advisors, consultants, and testifying experts that are disclosed and qualified pursuant to the terms of paragraph 9 below;

E. Three (3) in-house counsel for each party who are substantively involved in the management or supervision of the litigation, provided that such in-house counsel first agree to be bound by the terms of this Protective Order by executing a Confidentiality Agreement in the form attached as Attachment A;

F. Court reporters employed in connection with this action; and

G. Trial and hearing support personnel and their staffs (e.g., graphics operators, designers and animators), jury consultants and their staffs, and mock jurors provided that such persons first agree to be bound by the terms of this Protective Order by executing a Confidentiality Agreement in the form attached as Attachment A.

7.2. Documents or information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE CONFIDENTIAL shall

only be disclosed to those categories of individuals listed in Paragraphs 7.1(A) through (D), (F) and (G), subject to the restrictions therein. Documents or information designated HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY shall only be disclosed to (i) counsel of record for plaintiff in this action, (ii) employees of counsel of record for plaintiff and plaintiff's outside vendors used to process documents assigned to and necessary to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order, (iii) technical advisors, consultants, and testifying experts for plaintiff that are disclosed and qualified pursuant to the terms of paragraph 9 below, and (iv) those categories of individuals listed in Paragraphs 7.1(C), (F), and (G).  Under no circumstances shall information designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY be disclosed to David Garrod, Richard Nemes or others similarly situated with respect to business operations of Bedrock.

7.3     Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY,  HIGHLY CONFIDENTIAL – SOURCE CODE, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY confidential information received by the party — provided that such rendering of advice and opinions shall not reveal the content of such Protected Documents and any information contained therein except by prior written agreement with counsel for the producing party.

## SOURCE CODE

8. Each party shall have the right to designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Documents in the following categories: (i) non-public computer source code; (ii) computer source code which exhibits trade secret or other confidential research or development, the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide improper business or commercial advantage to others.

Protected Documents designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be provided with the following further protections:

A. HIGHLY CONFIDENTIAL – SOURCE CODE includes documents and human-readable programming language text that define software, firmware, or electronic hardware descriptions (hereinafter referred to as "source code"). Text files containing source code shall hereinafter be referred to as "source code files." Source code files include, but are not limited to files containing text written in "C", "C++", assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages. Source code files further include ".include files," "make" files, link files, and other human-readable text files and documents used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

B. To the extent that any party wishes to obtain access to source code, the following procedures shall apply:

   i. The producing party shall make all properly requested source code available for inspection on two stand-alone, non-networked personal computers running a reasonably current version of the Microsoft Windows operating system ("Source Code Computers"). Should it be necessary, the Source Code Computers may be configured by the producing party to run on other mutually agreed upon operating systems, such as Linux.

   ii. The producing party shall make the source code available in its native format in a secure room at a secure facility at a location agreed to by the producing and receiving parties. The producing party shall make the source code available in such a way that the produced source code reflects the file structure of the source code as it is maintained by the producing party at the time of production of the source code.

   iii. The producing party must provide access to the source code under the same conditions and with the same limitations and restrictions as provided in Paragraph 8 for a period of time agreed upon by the parties after any expert report on non-infringement is served in this case.

iv.  At the pretrial conference in this case, a party may ask the Court for access to the source code under the same conditions and with the same limitations and restrictions as provided in Paragraph 8 in Tyler, Texas one week prior to the beginning of trial and continuing through the end of trial. However, there is no agreement, stipulation or obligation for the parties to address this issue at the pretrial conference, or to grant access to the source code beyond the discovery period absent an order from the Court.

v.  The producing party may not videotape or otherwise monitor review of source code by the requesting party.

vi.  The receiving party may use appropriate tool software on the Source Code Computers, which shall be installed by the producing party, including text editors and multi-file text search tools such as "grep." Specific tools may include (but not be limited to): Understand C, Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or similar programs. Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of agreed upon tool software shall be downloaded and installed on the Source Code Computers by the producing party, and paid for by the receiving party. In no event shall the receiving party use any compilers, interpreters or simulators in connection with the producing party's source code.

vii.  The Source Code Computers shall be made available from 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request and three business days advanced written notice until the close of discovery in this action.

viii.  The source code is to be treated as HIGHLY CONFIDENTIAL—SOURCE CODE. In addition, the source code is to be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL – ONLY, and the receiving party may not disclose the source code or the content of the source code to anyone who has not executed a Confidentiality Agreement in the form attached as Attachment A. No employee of the receiving party may access or obtain the source code. In no case shall any information designated as HIGHLY CONFIDENTIAL—SOURCE CODE by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the information.

ix.  No more than two (2) individuals, per producing party, who qualify under paragraph 7.1D, above, for each receiving party, may have access to the Source Code Computers. As an example to illustrate the foregoing sentence, Plaintiff may have up to eighteen (18) individuals have access to the source code of nine (9) Defendants, however no more than two (2) individuals may have access to any one Defendant's source code. For each day that counsel for the receiving party requests a review of the Source Code Computers, it must give at least three business days (and at least 72

hours) notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computers. The receiving party shall identify all individuals who will be given access to the source code at least fourteen days prior to any inspection; after that identification, the producing party may object to providing source code access to any persons so identified.

x.   Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computers. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure facility or the Source Code Computers may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification.

xi.  The Source Code Computers shall be equipped with a printer to print copies of the source code on yellow, pre-Bates numbered paper, which shall be provided by the producing party. All printed source code shall be logged by the receiving party to facilitate destruction certification as described in paragraph xiv below. In addition to other reasonable steps to maintain the security and confidentiality of the producing party's source code, all printed copies of the source code maintained by the receiving party must be kept in a locked storage container when not in use. No electronic copies of the source code shall be made by the receiving party except for electronic copies made for filing (under seal) in a proceeding with the Court, in an expert's report, or for use for presentation purposes at trial or in a hearing in this matter. The receiving party will limit its requests for paper copies of the source code to source code that is reasonably related to this case.

xii. Other than in connection with pleadings filed under seal and depositions designated HIGHLY CONFIDENTIAL – SOURCE CODE, no subsequent copies shall be made of the printed copies provided by the producing party to the requesting party. Hard copies of the source code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology;

xiii. No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room. The producing party must make a telephone available in the secure room for the use (including long-distance calls) by the reviewer(s) of the source code. The producing party must also give the reviewer of the source code instructions on how to operate the telephone if requested. The producing party must keep and be

responsible for the items prohibited in this section and may not inspect the prohibited items in any way. The producing party must keep the items prohibited in this section in a place that is in close proximity to the secure computer room.

xiv. Within sixty (60) days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving party must either serve upon the producing party, or certify the destruction of, all paper copies of the producing party's source code as well as documents, pleadings, reports, and notes reflecting or referring to such source code.

xv. Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any source code for purposes unrelated to this case.

xvi. Nothing herein shall be deemed a waiver of a Party's right to object to the production of source code. Absent a subsequent and specific court order, nothing herein shall obligate a Party to breach any third party license agreement relating to such source code.

xvii. The Parties further acknowledge that some or all of the source code may be owned by non-Parties and outside a Party's possession, custody or control. Nothing herein shall be deemed a waiver of any non-Party's right to object to the production of source code or object to the manner of any such production.

## DISCLOSURE TO TECHNICAL ADVISORS, CONSULTANTS AND EXPERTS

9. Before counsel for a party receiving Protected Documents may disclose any such material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY to a proposed technical advisor, consultant, or testifying expert under paragraph 7.1D:

(i) Counsel shall provide a copy of this Protective Order to such person, who shall sign the Confidentiality Agreement attached hereto as Attachment A; and

(ii) At least ten (10) business days before the first such disclosure, counsel for the receiving party shall notify the producing party in writing of the

intent to disclose CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY discovery material to such person. The notice must be accompanied by the person's curriculum vitae and include the following information about the person: (a) business address; (b) business title; (c) business or profession; (d) any previous or current relationship (personal or professional) with any of the parties; and (e) a listing of other cases in which the individual has testified (at trial or deposition), and all companies that have employed the individual within the preceding four years.

10.     If the producing party objects to its Protected Documents being disclosed to such person identified in a receiving party's notice given pursuant to this paragraph, the producing party shall notify counsel for the receiving party in writing of the producing party's objection(s) to such disclosure within five (5) business days of receiving notice of the intent to disclose (plus three (3) days if notice is served other than by hand delivery, e-mail transmission or facsimile transmission). Any objection must be made for good cause, stating with particularity the reasons for the objection. Untimely objections or objections not stating their basis will be deemed ineffective. If the producing party serves an effective written objection in response to the receiving party's written notice given pursuant to this paragraph, the parties must attempt in good faith to resolve the objection. If the parties are unable to resolve the objection, the producing party has five (5) days from the date of the written objection (plus three (3) days if notice is served other than by hand delivery, e-mail transmission or facsimile transmission), to move the Court for an appropriate protective order. If the producing party serves an effective written objection and files a motion for protective order within the prescribed period, the receiving party may not disclose the producing party's CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY

material to the such person before the objection has been resolved by the Court. If the producing party fails to make an effective objection or fails to move for a protective order within the prescribed period, any objection is waived and its CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY material may be then be disclosed to such person provided that the person has signed the Confidentiality Agreement appended as Attachment A to this Order. Such Confidentiality Agreement must be retained by counsel for the party that retained such person, but need not be disclosed to any other party unless the Court so orders.

11. Protected Documents may not be disclosed to a proposed technical advisor, consultant, testifying expert, or in-house counsel until after the objection period provided in Paragraph 9 has expired except with the producing party's written consent.

## PROSECUTION BAR

12. Any information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE**,** or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY by a Defendant is automatically subject to a **PROSECUTION BAR**. Any person who receives a document designated subject to the **PROSECUTION BAR** may not participate, directly or indirectly, or prosecute, supervise, or assist in the prosecution, preparation, or amending of any patent claim or application on behalf of any party—other than the producing party of the information that is designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY —involving the particular technology or

information disclosed in the Protected Documents from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. In addition to and notwithstanding the preceding sentence, any person subject to the **PROSECUTION BAR** shall not draft or assist in the drafting of any claim or amendment to any claim of the patent-in-suit pursuant to a re-examination proceeding for a period ending one (1) year after the final resolution of this litigation (including any appeals); otherwise, participation, including but not limited to the discharge of the duty of candor and good faith, in re-examination proceedings is permitted.

## NO WAIVER OF PRIVILEGE

13. Consistent with Federal Rules of Evidence 502, if a party notifies another party that it has disclosed documents (including physical objects) that are protected by the attorney-client privilege or work product doctrine and/or any other applicable privilege or immunity, or a party receiving documents for inspection or production discovers such disclosure, the disclosure shall not be deemed a waiver in whole or in part of the of the applicable privilege or protection either as to the specific material or information disclosed or as to any other material or information relating thereto on the same or related subject matter. Upon request or discovery of such materials, the receiving party must immediately, but in no case later than ten (10) days from said request or discovery, return all paper copies and destroy all electronic copies of such disclosed document(s). After returning all papers copies and destroying all electronic copies, the receiving party may challenge the propriety of the asserted privilege or immunity by submitting a written challenge to the Court.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

14.     At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the confidentiality designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether a confidentiality designation is appropriate, the party challenging the designation may file and serve, within ten (10) business days after it provided the written notice, a motion for a further order of this Court directing that the designation be changed or removed.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

15.     Information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY must be held in confidence by each person to whom it is disclosed, may be used only for purposes of this litigation, may not be used for any business purpose, and may not be disclosed to any person who is not permitted by this Order to receive such information.  A producing party's CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY information must be carefully maintained by the receiving party to prevent access by persons who are not permitted to receive it.  However, nothing in this Order prevents any court reporter, videographer, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings.  Further, nothing in this Order affects the admissibility of any document or other evidence at any hearing or at trial.

16. Except as the Court otherwise orders, any person may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Documents of which such person has prior personal knowledge. Specifically, but without limitation:

(a) A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Documents which have been produced by that party;

(b) A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Documents of which he or she has prior knowledge, including any Protected Document that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c) Nonparties may be examined or testify concerning any Protected Document which appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the producing party, or a representative of such producing party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Documents under this Order may be excluded, at the request of the producing party, from the portion of the examination concerning such information, unless the producing party consents to such persons being present at the examination. If the witness is represented by an attorney who is not permitted under this Order to receive such information, then prior to the examination, the attorney must be requested to provide a Confidentiality Agreement in the form of Attachment A to this Order. If such attorney refuses to sign such a Confidentiality Agreement, the parties, by their attorneys, may prior to the

examination, jointly seek a protective Order from the Court prohibiting such attorney from disclosing such Protected Documents.

(d)     In addition to the restrictions on the uses of all types of Protected Documents set forth in this Order, the following provisions apply to use of documents that a party has designated HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY at a deposition:

(i)     A witness who previously had access to Protected Documents, but who is not under a present non-disclosure agreement with the producing party that covers that document, may be shown the document if a copy of this Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of this Order and that it requires the parties to keep confidential any questions, testimony or documents that are designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY.

(ii)     The witness may not copy, take notes on or retain copies of any Protected Documents used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY.  The producing party of any Protected Documents used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in his case and under the supervision of one of the lawyers who is bound by the terms of the order).

17.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE

CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY or which contain information so designated, must be filed under seal.

18.	Nothing in this Order prohibits transmission or communication of CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY information between or among qualified recipients (i) by hand-delivery; (ii) in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or (iii) by telephone, telegraph, email, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

19.	Protected Documents may not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party or order of the Court. However, a qualified recipient may make working copies, abstracts, digests and analyses of Protected Documents which will be deemed designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY according to the designation of the original documents upon which they are based. In addition, a qualified recipient may convert or translate CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY information into machine-readable form for incorporation into a data retrieval system used in connection with this action unless that information is also designated "NO ELECTRONIC COPIES," and provided that access to CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or

HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY information in whatever form stored or reproduced, must be limited to qualified recipients.

## DISCOVERY FROM EXPERTS

20.     Testifying experts are not subject to discovery about any draft report and such draft reports and notes or outlines for draft reports are also exempt from discovery.

21.     Discovery of materials provided to testifying experts is limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in formulating his final report, trial or deposition testimony or any opinion in this action.  No discovery may be taken from or about any consulting expert except to the extent that consulting expert has provided information, opinions or other materials that a testifying expert relied on in formulating his final report, trial or deposition testimony or any opinion in this action.

22.     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are actually relied upon by a testifying expert in formulating his final report, trial or deposition testimony or any opinion in this action.

23.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs will be treated as attorney-work product for the purposes of this Order and this litigation.

24.     Nothing in Paragraphs 20-23 above changes the requirements in Paragraph 8 regarding printing of code and Paragraph 8 controls that issue.

## NONPARTY USE OF THIS PROTECTIVE ORDER

25.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will enjoy the same level of protection under this Order as any party to this action.

26.     A nonparty who produces information or material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, and/or HIGHLY CONFIDENTIAL – SOURCE CODE pursuant to this Order is not entitled to have access to Protected Documents produced by any party in this action.

## MISCELLANEOUS PROVISIONS

27.     Any of the notice requirements provided in this Order may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver is asserted.

28.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party must, at its option, either return to the producing party or destroy all Protected Documents received from the producing party, and must destroy all other physical objects and documents, in whatever form stored or reproduced, including but not limited to, correspondence, memoranda, notes and other work product materials, that contain or refer to CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY information; provided, that all CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY information that is not embodied in physical objects and documents will remain subject to this Order.  Notwithstanding

the foregoing, counsel may maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits), written discovery requests and responses (including exhibits), deposition transcripts and exhibits, expert reports and exhibits, trial transcripts, and exhibits offered or introduced into evidence at trial.

29.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  The Court will take appropriate measures to protect CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PLAINTIFF'S OUTSIDE COUNSEL ONLY information at trial and any hearing in this case.

30.     The United States District Court for the Eastern District of Texas, Tyler Division, is responsible for interpreting and enforcing this Order.  Disputes concerning Protected Documents produced under the protection of this Order will be resolved by the United States District Court for the Eastern District of Texas, Tyler Division.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BEDROCK COMPUTER TECHNOLOGIES LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 6:09-cv-269** |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **SOFTLAYER TECHNOLOGIES, INC.,** | § | |
| **et al.** | § | |
| | § | |
| **Defendants.** | § | |

**<u>ATTACHMENT A</u>**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____, state:

    1.     I reside at _____;

    2.     My present employer is _____;

    3.     My present occupation or job description is _____;

    4.     I agree to keep confidential all information provided to me in the matter of *Bedrock Computer Techs. v. Softlayer Techs., et. al*, and to be subject to the authority of the United States District Court for the Eastern District of Texas, Tyler Division in the event of any violation of this agreement or dispute related to this agreement.

    5.     I have been informed of or read the Agreed Protective Order dated_____, and I will not divulge any confidential information to persons other than those specifically authorized by said Order.

6.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____.


_____
[Print Name]


_____
[Title]


_____
[Company Name]