# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BEDROCK COMPUTER TECHNOLOGIES LLC, | CASE NO. 6:09-CV-00269 |
| Plaintiff, | Hon. Leonard E. Davis |
| v. | |
| SOFTLAYER TECHNOLOGIES, INC., CITIWARE TECHNOLOGY SOLUTIONS, LLC, GOOGLE INC., YAHOO! INC., MYSPACE INC., AMAZON.COM INC., PAYPAL INC., MATCH.COM, LLC., AOL LLC, and CME GROUP INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

# GOOGLE'S NOTICE OF SUPPLEMENTAL FACTS REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PATENT RULE 3-1 AND TO EXTEND THE TIME TO SERVE INVALIDITY CONTENTIONS

## I. BEDROCK'S INTERROGATORY RESPONSE SHOWS THAT IT HAD THE ABILITY TO IDENTIFY ALLEGEDLY INFRINGING LINES OF SOURCE CODE.

Faced with Bedrock's vague identification of various source code functions that include hundreds (perhaps thousands) of lines of source code that falls far short of the specificity requirements of P.R. 3-1, Defendant Google had little choice but to pursue an interim self-help remedy. On January 15, 2010, Google served its Interrogatory No. 7, requesting the following:

> For *each asserted claim* of the '120 patent, *specifically identify*, on a claim-by-claim basis in a claim chart format, *each line of source code in each Accused Instrumentality that Bedrock contends meets each limitation of the claim*, and explain in detail how the identified lines of source code satisfy each limitation of the claim. For the purposes of this interrogatory, Accused Instrumentality means each publicly available version of Linux identified in Bedrock's Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions dated October 9, 2009 (as archived at http://www.kernel.org/). (emphasis added)

Essentially, Google asked Bedrock to provide the very information that the Patent Rules require pursuant to P.R. 3-1(c) based on publicly available information. See P.R. 3-1(c) (Plaintiff must provide: "A chart *identifying specifically* where *each element* of *each asserted claim is found* within each Accused Instrumentality.") (emphasis added); see also Michael S. Sutton Ltd. v. Nokia Corp., Case No. 6:07-cv-00203-LED, slip op. at 5 (E.D. Tex. Feb. 13, 2009) (holding that the mere identification of a function does not "specifically identify where these steps are found in the source code").

On February 19, 2010, Bedrock responded to Google's interrogatory with three new claim charts that correspond to three different Linux kernels on which the source code used by Google is based. In sharp contrast to the charts it provided with its infringement contentions, Bedrock's new charts identify lines of source code where it contends certain elements of each asserted claim are found within the publicly available versions of the accused Linux kernels. (See Exs. 2 – 4.) This is precisely what Defendants have been requesting from Bedrock since October 2009, but Bedrock has refused to do. Bedrock even styled its charts as, "PLAINTIFF'S

P.R. 3-1 INFRINGEMENT CONTENTIONS," even though it has not sought leave of Court to amend and has not cited any authority to do so.

Bedrock's response flatly contradicts its assertions that it has complied with the specificity requirements of the Patent Rules and that identifying specific lines of source code "would be completely redundant [and] would provide no additional information." (Dkt. No. 136 at 6.) As just one example, in its Infringement Contentions for both elements (b) and (c) of claim 3, Bedrock broadly identified the function "rt_intern_hash." (See Ex. 5 at 12-14.) In its response to Google's interrogatory, however, Bedrock identified two different sections of the "rt_intern_hash" function for each of those same claim elements. (See Ex. 2 at 12-14; Ex. 3 at 12-15; Ex. 4 at 13-16.) This is the minimum level of detail that the Patent Rules require and that Bedrock has steadfastly opposed providing to Defendants thus far.

## II. BEDROCK SHOULD NOT BE ALLOWED TO GAME THE SYSTEM BY PROVIDING ITS TRUE INFRINGEMENT CONTENTIONS IN INTERROGATORY RESPONSES THAT IT CAN CHANGE AT WILL.

That Google has received this information in response to its Interrogatory No. 7 is of little consolation for several reasons. First, Bedrock unilaterally "charged" Google with three interrogatories to provide this response. (See Ex. 1 at 6.) If Bedrock has its way, Google has had to waste three out of twenty of its allotted interrogatories[1] to obtain information that Bedrock already had the ability to provide and should have provided as a matter of course. Second – and perhaps most concerning – by disguising its supplemental P.R. 3-1 Infringement Contentions as a response to an interrogatory, nothing prevents Bedrock from circumventing and undermining local Patent Rule 3-6(b), which governs supplementing infringement contentions. Bedrock could

---

[1] Google disputes that its Interrogatory No. 7 should count as multiple interrogatories. More importantly, since Google never should have had to request this information in the first place, Google respectfully asks that the Court restore the interrogatory by allowing Google to withdraw it should the court grant Defendants' Motion to Compel.

possibly amend and/or supplement its response without seeking leave and showing good cause as would be required under P.R. 3-6(b). This allows great room for mischief, providing Bedrock with a means of moving the infringement target whenever it so chooses simply by amending and/or supplementing this interrogatory response. As the Patent Rules recognize, such a "shifting sands" regime would greatly prejudice Defendants, who could never be assured in relying on Bedrock's Infringement Contentions when formulating litigation strategy, claim construction positions, and invalidity strategy. See <u>Nike, Inc. v. Adidas Am. Inc.</u>, 479 F. Supp. 2d 664, 669-70 (E.D. Tex. 2007) (holding that it would "thwart the purpose of the local patent rules" to allow parties "to adopt a 'rolling' approach to infringement and invalidity contentions in the hope of hiding their true intentions until late in a case").

Moreover, Google has been prejudiced by Bedrock's decision to withhold its true infringement allegations in violation of P.R. 3-1 despite its demonstrated ability to provide additional detail based on publicly available information. Google has, for example, expended substantial resources searching for prior art and preparing invalidity contentions based on little more than guesswork due to Bedrock's broad and undefined infringement allegations. Had Bedrock provided the required specificity in October 2009, Google could have focused its efforts on the real issues instead of trying to make Bedrock fulfill its obligations. Bedrock should not be rewarded for withholding its true infringement contentions by granting it a back-door means to change them at will. Bedrock should be ordered to supplement its Infringement Contentions with, at minimum, all publicly-available information at its disposal.

## III. BEDROCK'S RESPONSE TO GOOGLE'S INTERROGATORY DOES NOT RESOLVE DEFENDANTS' MOTION TO COMPEL.

Even if the charts provided with Bedrock's interrogatory response are accepted as supplemental infringement contentions as to Google, Defendants' motion to compel still should be granted by the Court for the following reasons:

1. Bedrock still has not provided any new charts for any other Defendant;

2. Bedrock's new charts still lack specific identification of source code for several claim elements;[2]

3. Bedrock's new charts still fail to specifically identify the structure corresponding to means plus function limitations; and

4. Bedrock has not added any specificity with regard to theories of direct/indirect infringement and the doctrine of equivalents.

See Defendants' Motion and Reply in Support of Motion to Compel Plaintiff to Comply with Patent Rule 3-1. (Dkt. Nos. 133 & 147.) Accordingly, for the reasons set forth in Defendants' Motion to Compel, Google respectfully asks that Bedrock be ordered to supplement its P.R. 3-1 Infringement Contentions to provide Defendants, at a minimum, with the level of specificity it has now shown it is capable of providing based on publicly available information for each claim element as well as the further detail as outlined above.

---

[2] As just one example, in its chart for Linux kernel version 2.6.26, Bedrock identifies no lines of source code for the second element of claim 1 ("a record search means utilizing a search key to access the linked list"). (Ex. D, at 4). Instead, Bedrock states that "***code contained within*** functions ip_rt_redirect, ip_route_input_mc, ip_mkroute_input, ip_route_input_slow, and/or ip_mkroute_output in module /net/ipv4/route.c calls functions rt_hash and rt_intern_hash." (*Id.* (emphasis added)). Despite Bedrock's access to the publicly available code, Defendants are still left guessing as to the identity of the "code contained within" the listed functions.

Dated: March 4, 2010

Respectfully submitted,

By:   */s/ Michael E. Jones*
     Michael E. Jones
     State Bar No. 10929400
     POTTER MINTON
     110 N. College
     Tyler, Texas 75702
     Telephone: (903) 597-8311
     Facsimile: (903) 593-0846
     Email: mikejones@potterminton.com

     Claude M. Stern
     Todd M. Briggs
     QUINN EMANUEL URQUHART
     OLIVER & HEDGES, LLP
     555 Twin Dolphin Dr., Suite 560
     Redwood Shores, CA 94065
     Telephone: 650-801-5000
     Facsimile: 650-801-5100
     Email: claudestern@quinnemanuel.com
     Email: toddbriggs@quinnemanuel.com

     *Attorneys for Defendants Google, Inc. and Match.com LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **NOTICE OF SUPPLEMENTAL FACTS REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO COMPLY WITH PATENT RULE 3-1 AND TO EXTEND THE TIME TO SERVE INVALIDITY CONTENTIONS**, via the Court's CM/ECF system per Local Rule CV-5(a)(3) and electronic mail on March 4, 2010. Any other counsel of record was served via First Class Mail.

                By:  */s/ Michael E. Jones*
                          Michael E. Jones