# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BEDROCK COMPUTER TECHNOLOGIES LLC,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CASE NO. 6:09-cv-269-LED** |
| **v.** | § § | |
| | § | **Jury Trial Demanded** |
| **SOFTLAYER TECHNOLOGIES, INC., et al.** | § § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S RESPONSES TO GOOGLE INC.'S
### SECOND SET OF INTERROGATORIES (7-8)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Bedrock Computer Technologies LLC ("Bedrock") provides the following objections and responses to defendant Google Inc.'s ("Google") Second Set of Interrogatories to Plaintiff (Nos. 7-8).

### PRELIMINARY STATEMENT

1.      Bedrock incorporates by reference each and every general objection set forth below into each specific response. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2.      By responding to Google's interrogatories, Bedrock does not waive any objection that may be applicable to: (a) the use, for any purpose, by Google of any information or documents given in response to Google's interrogatories; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

3.      No incidental or implied admissions are intended by the responses herein. The fact that Bedrock has answered or objected to any interrogatory should not be taken as an

admission that Bedrock accepts or admits the existence of any "fact" set forth or assumed by such interrogatory.

4.      Bedrock's responses to Google's interrogatories are made to the best of Bedrock's present knowledge, information, and belief.  Bedrock reserves the right to supplement and amend these responses should future investigation indicate that such supplementation or amendment is necessary.  Bedrock reserves the right to make any use of, or introduce at any hearing or trial, information or documents that are responsive to Google's interrogatories, but discovered subsequent to Bedrock's service of these responses, including, but not limited to, any information or documents obtained in discovery herein.

## GENERAL OBJECTIONS

1.      Bedrock objects to each interrogatory to the extent that it seeks information already in Google's possession, a matter of public record, or otherwise equally available to any Defendant.

2.      Bedrock objects to each interrogatory to the extent that it seeks the identification of "all," "every," "any," and "each" entity, person, or document that refers to a particular subject. Bedrock will comply with the Federal Rules and the Local Rules and will use reasonable diligence to identify responsive persons or documents.

3.      Bedrock's responses herein, and its disclosure of information pursuant to these responses, do not in any way constitute an adoption of Google's purported definitions of words and/or phrases contained in Google's interrogatories.  Bedrock objects to these definitions to the extent that they: (a) are unclear, vague, overly broad, or unduly burdensome; (b) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (c)

include assertions of purported fact that are inaccurate or at the very least disputed by the parties to this action; and/or (d) incorporate other purported definitions that suffer from such defects.

4.       Bedrock objects to each and every interrogatory to the extent that it purports, through Google's definitions, instructions to the extent that they are inconsistent with, or not authorized by, the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, or the Court's Patent Rules and discovery orders.

5.       Bedrock objects to the extent that the interrogatories call for information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable doctrine, privilege or immunity.  Any disclosure of privileged information is inadvertent and should be deemed to have no legal effect or consequence, and Bedrock does not waive any privilege upon such inadvertent disclosure.

6.       Bedrock objects to each and every interrogatory to the extent that it seeks information that is cumulative or duplicative of information, disclosures, or discovery already provided by Bedrock.

7.       Bedrock objects to the inclusion of "Bedrock's affiliates, parents, divisions, joint ventures, assigns, predecessors and successors in interest" and "former employees, counsel, agents, consultants, representatives, and any other person acting on behalf of the foregoing" in the definitions of "Bedrock," "you," "your," and "plaintiff" to the extent that the interrogatories using these definitions are requesting information that is not in the possession, custody, or control of Bedrock or seeking information that is protected by a doctrine, privilege, or immunity from discovery.

8.       Bedrock objects to Google's definitions of "reflect," "reflecting," "refers to," relating to," "referring to," "identify," "identity," "identity," and "identity," on the grounds that

they are vague, ambiguous, overly broad, and as used in the interrogatories, make the interrogatories unduly burdensome.

9.      Bedrock objects to the Definitions of "identify," and related terms and "relates to," and related terms to the extent that they purport to require Bedrock to take action or to provide information not required by, or which exceeds the scope of, the Federal Rules of Civil Procedure.

10.     Bedrock objects to the extent that the interrogatories seek information of third parties with whom Bedrock may have entered into non-disclosure or confidentiality agreements or other agreements having privacy, confidentiality, or non-disclosure provisions, which prohibit the disclosure by Bedrock of the third party's information.

11.     Bedrock objects to providing responses to each interrogatory where the requested information may be derived or ascertained from documents that have been or are being produced.

12.     Bedrock objects to each and every interrogatory to the extent that it seeks information that is properly the subject of expert testimony in advance of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, the Court's Patent Rules and discovery orders, or the parties' discovery stipulations.

13.     Bedrock objects to the extent the interrogatories seek information that is not relevant to any claim or defense in this case, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise not discoverable under Fed. R. Civ. P. 26(a).

14.     Bedrock notifies the Defendants that it will object to interrogatories containing multiple subparts that together exceed the total number of interrogatories that the Defendants are allowed to propound pursuant to an order of the Court or the Federal Rules of Civil Procedure.

For purposes of this objection, Bedrock will count interrogatory subparts as part of one interrogatory for the purpose of numerically limiting interrogatories to the extent that such subparts are logically or factually subsumed within and necessarily related to the primary question. To the extent any subsequent question can stand alone or is independent of the first question, such subsequent question is a discrete interrogatory. Accordingly, Bedrock will count discrete or separate questions as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related. Bedrock will endeavor, however, to treat genuine subparts as subparts and will not count such genuine subparts as separate interrogatories. For purposes of this objection, a subpart inquiring on the same topic as the interrogatory therefore will not itself qualify as a separately counted interrogatory, but when the interrogatory subpart introduces a new topic that is in a distinct field of inquiry, the subpart then assumes separate interrogatory status for the purpose of counting. *See Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997).

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

## INTERROGATORY NO. 7:

For each asserted claim of the '120 patent, specifically identify, on a claim-by-claim basis in a claim chart format, each line of source code in each Accused Instrumentality that Bedrock contends meets each limitation of the claim, and explain in detail how the identified lines of source code satisfy each limitation of the claim. For the purposes of this interrogatory, Accused Instrumentality means each publicly available version of Linux identified in Bedrock's Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions dated October 9, 2009 (as archived at http://www.kernel.org/).

## RESPONSE

In addition to the general objections, Bedrock specifically objects to this interrogatory as overly broad and unduly burdensome. Bedrock also objects to this interrogatory to the extent that it seeks the production, identification, or disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or doctrine.

Subject to the foregoing general and specific objections, Bedrock responds as follows. As noted in the February 5, 2010 letter to Mr. Briggs, there are 375 point release versions and 48 series release versions of the Linux kernel. A response on either a series release or point release basis will greatly exceed Google's allotted interrogatories. Bedrock therefore responds to this interrogatory for Linux versions 2.6.11, 2.6.18, and 2.6.26 (attached as Exhibits A, B, and C) and treats a response to each version of Linux as a separate interrogatory. In addition, Bedrock incorporates by reference its infringement contentions that it served on Google on October 9, 2009.

## INTERROGATORY NO. 8:

For each asserted claim of the '120 Patent, specifically identify, on a claim-by-claim basis in a claim chart format, each limitation that is not disclosed by or rendered obvious by each item of prior art identified in Exhibits B, C, and D of Defendants' Invalidity Contentions, and for each limitation identified, explain in detail why the item of prior art does not disclose or render obvious the limitation.

## RESPONSE

In addition to the general objections, Bedrock specifically objects to this interrogatory to the extent that it seeks the production, identification, or disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or doctrine. Bedrock also objects to this interrogatory to the extent that it calls for a legal conclusion, including a conclusion relating to whether any specific references constitute prior art to the '120 Patent. Bedrock objects to this interrogatory as untimely and premature because Bedrock's investigation of these references is ongoing. Bedrock also objects to this interrogatory in that it improperly asks Bedrock to prematurely marshal evidence for Defendants and seeks to shift Defendants' burden of proof to Bedrock. Bedrock further objects to this interrogatory as untimely and premature because invalidity/validity arguments are dependent on claim construction, which has not yet occurred. Bedrock objects to this interrogatory as it calls for Bedrock to form and then render an expert opinion, requires disclosure of expert reports, analysis, findings, or assessments that are not yet required by the local rules or scheduling order.

Subject to the foregoing general and specific objections, Bedrock responds as follows. Claim construction has not yet been performed by the Court. Bedrock therefore does not claim that its responses, at this time, are consistent with any particular claim construction because

Bedrock must allow for the possibility of differing claim construction results. Each reference cited in Exhibits B, C, and D to Defendants' Invalidity Contentions (1) does not constitute prior art, (2) does not provide an enabling disclosure, and/or (3) does not disclose each of the elements of the asserted claims either expressly or inherently. Specifically, none of the references cited in Exhibits B, C, and D teach or suggest at least the following elements of claim 1: "the record search means including a means for identifying and removing at least some of the expired ones of the records from the linked list when the linked list is accessed" and "means, utilizing the record search means, for accessing the linked list and, at the same time, removing at least some of the expired ones of the records in the linked list." In addition, none of the references cited in Exhibits B, C, and D teach or suggest at least the following element of claims 3 and 7: "removing at least some of the automatically expired records from the linked list when the linked list is accessed." None of the references cited in Exhibits B, C, and D teach or suggest at least the following elements of claim 5: "the record search means including means for identifying and removing at least some expired ones of the records from the linked list of records when the linked list is accessed" and "meals [sic], utilizing the record search means, for inserting, retrieving, and deleting records from the system and, at the same time, removing at least some expired ones of the records in the accessed linked list of records."

Finally, Bedrock responds that the '120 Patent is not rendered obvious by the references cited in Exhibits B, C, and D of Defendants' Invalidity Contentions because (1) the references cited in Defendants' Invalidity Contentions teach away from any such combination, (2) the references cited in Defendants' Invalidity Contentions are not analogous art to one another, (3) there is no teaching, suggestion, or motivation to combine the references cited in Exhibits B, C, and D to Defendants' Invalidity Contentions, (4) any such combination would render the

references inoperable for their intended purpose, (5) such references are not prior art, and/or (6) such references do not disclose each of the elements of the asserted claims either expressly or inherently. Specifically, none of the references cited in Exhibits B, C, and D teach or suggest at least the following elements of claim 1: "the record search means including a means for identifying and removing at least some of the expired ones of the records from the linked list when the linked list is accessed" and "means, utilizing the record search means, for accessing the linked list and, at the same time, removing at least some of the expired ones of the records in the linked list." In addition, none of the references cited in Exhibits B, C, and D teach or suggest at least the following element of claims 3 and 7: "removing at least some of the automatically expired records from the linked list when the linked list is accessed." None of the references cited in Exhibits B, C, and D teach or suggest at least the following elements of claim 5: "the record search means including means for identifying and removing at least some expired ones of the records from the linked list of records when the linked list is accessed" and "meals [sic], utilizing the record search means, for inserting, retrieving, and deleting records from the system and, at the same time, removing at least some expired ones of the records in the accessed linked list of records." Moreover, to inform its non-obviousness analysis, Bedrock expects to rely on certain evidence relating to secondary or objective indicia of non-obviousness.

Date: February 19, 2010

Respectfully submitted,
**McKOOL SMITH, P.C.**

 /s/ J. Austin Curry
Sam F. Baxter
Texas Bar No. 01938000
**McKOOL SMITH, P.C.**
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

Douglas A. Cawley, Lead Attorney
Texas Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson, III
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
J. Austin Curry
Texas Bar No. 24059636
acurry@mckoolsmith.com
Jonathan R. Yim
Texas Bar No. 24066317
jyim@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4000
Facsimile: 214-978-4044

Robert M. Parker
Texas Bar No. 15498000
Robert Christopher Bunt
Texas Bar No. 00787165
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: 903-531-3535
Facsimile: 903-533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
BEDROCK COMPUTER
TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on Google's counsel of record on February 19, 2010.

/s/ J. Austin Curry

J. Austin Curry