IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Bedrock Computer Technologies LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Softlayer Technologies, Inc.,<br>CitiWare Technology Solutions, LLC,<br>Google Inc.,<br>Yahoo! Inc.,<br>Myspace Inc.,<br>Amazon.com Inc.,<br>PayPal Inc.,<br>Match.com Inc.,<br>AOL Inc., and<br>CME Group Inc.,<br><br>    Defendants. | Case No. 6:09-CV-269-LED<br><br>JURY TRIAL DEMANDED |

**DEFENDANT PAYPAL INC.'S ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND**

Defendant PayPal, Inc. ("PayPal") answers plaintiff Bedrock Computer Technologies LLC's ("Bedrock") Second Amended Complaint for Patent Infringement ("Complaint") as follows:

**PARTIES**

1. PayPal lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. The allegations of paragraph 2 are not directed to PayPal, and therefore no answer is required. To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to PayPal, and therefore no answer is required. To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are not directed to PayPal, and therefore no answer is required. To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. The allegations of paragraph 5 are not directed to PayPal, and therefore no answer is required. To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. The allegations of paragraph 6 are not directed to PayPal, and therefore no answer is required. To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. The allegations of paragraph 7 are not directed to PayPal, and therefore no answer is required. To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. PayPal admits that it is a corporation organized under the laws of the state of Delaware with its principle place of business at 2211 N. 1st Street, San Jose, California 95131-2021. PayPal denies that it is infringing or has infringed any valid and enforceable patent claim

and that Bedrock is entitled to any relief therefrom.  PayPal denies all remaining allegations of paragraph 8.

9. The allegations of paragraph 9 are not directed to PayPal, and therefore no answer is required.  To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. The allegations of paragraph 10 are not directed to PayPal, and therefore no answer is required.  To the extent a response is required, PayPal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

## JURISDICTION AND VENUE

12. PayPal admits that the Complaint purports to constitute an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285 and that the Court has jurisdiction over patent actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).  PayPal denies all remaining allegations contained in paragraph 12 of the Complaint.

13. To the extent the allegations in paragraph 13 relate to PayPal, PayPal admits that the Complaint purports to assert that venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).  PayPal denies all remaining allegations contained in paragraph 13 of the Complaint.

14. PayPal admits that it operates a website that can be accessed by individuals residing in the State of Texas.  As to the remaining Defendants, PayPal is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies them. PayPal denies the remaining

allegations contained in paragraph 14 of the Complaint.

## GENERAL ALLEGATIONS

15.     PayPal admits that U.S. Patent No. 5,893,120 (the "120 Patent") is entitled "Methods and Apparatus for Information Storage and Retrieval Using a Hashing Technique with External Chaining and On-the-Fly Removal of Expired Data." PayPal is without knowledge or information sufficient to form a belief as to whether Bedrock holds all right, title, and interest in and to the 120 Patent and therefore denies those allegations. PayPal admits that a document that purports to be a true and correct copy of the 120 Patent is attached to Bedrock's Second Amended Complaint as Exhibit A. PayPal denies any remaining allegations of paragraph 15.

16.     PayPal denies the allegations contained in paragraph 16 of the Complaint. To the extent the allegations of paragraph 16 are directed to other defendants, PayPal lacks sufficient information to admit or deny the allegations and therefore denies them.

17.     PayPal denies the allegations contained in paragraph 17 of the Complaint. To the extent the allegations of paragraph 17 are directed to other defendants, PayPal lacks sufficient information to admit or deny the allegations and therefore denies them.

## COUNT 1
### Infringement of the 120 Patent

18.     PayPal incorporates its answers to paragraphs 1 through 17 as if set forth fully herein.

19.     PayPal denies the allegations contained in paragraph 19 of the Complaint. To the extent the allegations of paragraph 19 are directed to other defendants, PayPal lacks sufficient information to admit or deny the allegations and therefore denies them.

21.     PayPal denies the allegations contained in paragraph 21 of the Complaint. To the extent the allegations of paragraph 21 are directed to other defendants, PayPal lacks sufficient

information to admit or deny the allegations and therefore denies them.

## PRAYER FOR RELIEF

22. PayPal denies that Bedrock is entitled to any of the requested relief and denies any allegations in paragraphs 22-31 of its prayer for relief.

## ADDITIONAL DEFENSES

23. PayPal alleges and asserts the following additional defenses in addition to its other defenses. In addition to the additional defenses described below and subject to its responses above, PayPal specifically reserves all rights to allege additional defenses that become known through the course of discovery. By pleading these defenses, PayPal does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues.

## FIRST ADDITIONAL DEFENSE

24. The claims of the 120 Patent are invalid and/or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. and 37 C.F.R., including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

## SECOND ADDITIONAL DEFENSE

25. Bedrock's claims of infringement under the 120 Patent are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or consent.

## THIRD ADDITIONAL DEFENSE

26. Bedrock's claims of infringement under the 120 Patent are barred, in whole or in part, by unclean hands.

## FOURTH ADDITIONAL DEFENSE

27. Bedrock's claims of infringement under the 120 Patent are barred, in whole or in part, by laches.

## FIFTH ADDITIONAL DEFENSE

28. Bedrock's claims of infringement under the 120 Patent are barred, in whole or in part, by the doctrines of equitable estoppel and/or prosecution history estoppel.

## SEVENTH ADDITIONAL DEFENSE

29. Bedrock's claim for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and 35 U.S.C. § 287 (marking).

## EIGHTH ADDITIONAL DEFENSE

30. Bedrock's claims for relief are barred by license and/or the doctrine of patent exhaustion.

## NINTH ADDITIONAL DEFENSE

31. Bedrock fails to state a claim on which relief can be granted.

## TENTH ADDITIONAL DEFENSE

32. PayPal does not and has not infringed any valid and enforceable claim of the 120 Patent literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

## ELEVENTH ADDITIONAL DEFENSE

33. PayPal is not willfully infringing and has not willfully infringed any claim of the 120 Patent.

## TWELFTH ADDITIONAL DEFENSE

34. Bedrock is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### THIRTEENTH ADDITIONAL DEFENSE

35. Upon information and belief, Bedrock lacks standing to assert infringement of the 120 Patent because it did not have sufficient rights in the 120 Patent at the time the suit was filed.

### PAYPAL'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, PayPal asserts the following Counterclaims against Bedrock:

### PARTIES

1. Counterclaim-Plaintiff PayPal, Inc. ("PayPal") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2211 N. 1st Street, San Jose, California 95131-2021.

2. Counterclaim-Defendant Bedrock purports to be a Texas corporation with its principal place of business at 100 E. Ferguson Street, Suite 712, Tyler, TX 75702.

### JURISDICTION AND VENUE

3. Subject to PayPal's affirmative defenses and denials, PayPal alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, §§ 1331, 1367, 1338(a), 2201, and 2202.

4. This Court has personal jurisdiction over Bedrock because, *inter alia,* Bedrock is the plaintiff in the underlying action.

5. Venue is proper in this judicial district for PayPal's counterclaim against Bedrock's underlying action pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c).

### FACTUAL BACKGROUND

6. In its Second Amended Complaint for Patent Infringement ("Complaint"), Bedrock asserts that PayPal has infringed U.S. Patent No. 5,893,120 (the "120 Patent"). PayPal denies Bedrock's allegations of infringement and further denies that the 120 Patent is valid.

Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the 120 Patent.

## COUNT ONE
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,893,120

7. PayPal restates and incorporates by references it allegations in paragraphs 1 through 6 of its Counterclaims.

8. An actual case or controversy exists between PayPal and Bedrock as to whether the 120 Patent is infringed by PayPal.

9. PayPal seeks a judicial declaration finding that PayPal has not infringed and does not infringe any claim of the 120 Patent.

## COUNT TWO
### Declaratory Judgment of Invalidity of U.S. Patent No. 5,893,120

10. PayPal restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between PayPal and Bedrock as to whether the 120 Patent is invalid.

12. PayPal seeks a judicial declaration finding that the 120 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, 112 and/or 116.

## PRAYER FOR RELIEF

Wherefore, PayPal prays for judgment as follows:

    a. A judgment in favor of PayPal denying Bedrock all relief requested in its Complaint in this action and dismissing Bedrock's Second Amended Complaint for patent infringement with prejudice;

    b.      A Judgment in favor of PayPal on all its Counterclaims;

    c.      A declaration that PayPal has not infringed any valid claims of the 120 Patent;

    d.      A declaration that the 120 Patent is invalid;

    e.      A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to PayPal of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

    f.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, PayPal respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  April 30, 2010

Respectfully submitted,

_/s/ Alan L. Whitehurst_
Frank G. Smith
frank.smith@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309
Telephone:  (404) 881-7240
Facsimile:  (404) 256-8184

Alan L. Whitehurst
alan.whitehurst@alston.com
Marissa R. Ducca
marissa.ducca@alston.com
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, N.W.
Washington, DC  20004
Telephone:  (202) 756-3300
Facsimile:  (202) 756-3333

Michael J. Newton (SBN 24003844)
mike.newton@alston.com
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 3601
Dallas, TX  75201
Telephone:  (214) 922-3423
Facsimile:  (214) 922-3839

Louis A. Karasik (*pro hac vice*)
lou.karasik@alston.com
ALSTON & BIRD LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1148
Facsimile:  (213) 576-1100

*Attorneys for Defendants PayPal Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 30th of April, 2010, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule Cv-5(a)(3). Any other counsel of record will be served via first class mail and/or facsimile.

      */s/ Alan L. Whitehurst*
      Alan L. Whitehurst