IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BEDROCK COMPUTER TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6:09-cv-00269-LED |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| SOFTLAYER TECHNOLOGIES, INC., et al.; | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT YAHOO! INC.'S ANSWER TO BEDROCK'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Yahoo! Inc. ("Yahoo!" or "Defendant") files its Answer to Plaintiff Bedrock Computer Technologies LLC's ("Bedrock" or "Plaintiff") Second Amended Complaint for Patent Infringement (the "Complaint") as follows:

### PARTIES

1.      Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, on that basis, denies them.

2-4.      Paragraphs 2 to 4 of the Complaint do not contain any allegations relating to Yahoo! and therefore require no answer.

5.      Yahoo! admits that it is a Delaware corporation with its principle place of business at 701 First Avenue, Sunnyvale, California 94089-1019.  Except as so stated, Yahoo! denies every other allegation contained in paragraph 5.

6-10.      Paragraphs 6 to 10 of the Complaint do not contain any allegations relating to Yahoo! and therefore require no answer.

**JURISDICTION AND VENUE**

12.     Yahoo! admits that the Complaint alleges acts of infringement of a United States patent under 35 U.S.C. § 101 *et seq.*, and that the Court has jurisdiction over actions for patent infringement generally under 28 U.S.C. § 1338(a).  Yahoo! denies every other allegation contained in paragraph 12.

13.     Yahoo! admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), but denies that this venue is convenient in this district.  Yahoo! denies every other allegation contained in paragraph 13.

14.     Yahoo! admits that it has transacted business in the State of Texas and this District for the purposes of this action only.  Yahoo! admits that its website can be accessed in the State of Texas and the Eastern District of Texas.  Yahoo! admits that it is subject to personal jurisdiction in this district, but denies any allegation, express or implied, that it has infringed United States Patent No. 5,893,120 ("the '120 Patent").  Yahoo! denies every other allegation contained in paragraph 14.

**GENERAL ALLEGATIONS**

15.     Yahoo! admits that what purports to be the '120 Patent, attached to the Complaint as Exhibit A, is entitled "Methods and Apparatus for Information Storage and Retrieval Using a Hashing Technique with External Chaining and On-the-Fly Removal of Expired Data."  Yahoo! is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and, on that basis, denies them.

16.     Yahoo! admits that it uses computer equipment configured with or utilizing software based on one or more of the versions of the Linux operating system listed in paragraph 16.  Yahoo! denies any remaining allegations or legal conclusions contained in paragraph 16

directed at Yahoo!.  To the extent that any remaining allegations or legal conclusions contained in paragraph 16 are directed at other defendants, Yahoo! lacks sufficient information to admit or deny the allegations or legal conclusions and therefore denies them.

17.     Yahoo! denies the allegations or legal conclusions contained in paragraph 17 directed at Yahoo!.  To the extent that the allegations or legal conclusions contained in paragraph 17 are directed at other defendants, Yahoo! lacks sufficient information to admit or deny the allegations or legal conclusions and therefore denies them.

## COUNT I
### Infringement of the '120 Patent

18.     Yahoo! incorporates by reference its responses to paragraphs 1-17 as fully set forth herein.

19.     Yahoo! denies the allegations or legal conclusions contained in paragraph 19 directed at Yahoo!.  To the extent that the allegations or legal conclusions contained in paragraph 19 are directed at other defendants, Yahoo! lacks sufficient information to admit or deny the allegations or legal conclusions and therefore denies them.

20.     Yahoo! denies the allegations or legal conclusions contained in paragraph 20 directed at Yahoo!.  To the extent that the allegations or legal conclusions contained in paragraph 20 are directed at other defendants, Yahoo! lacks sufficient information to admit or deny the allegations or legal conclusions and therefore denies them.

21.     Yahoo! denies the allegations or legal conclusions contained in paragraph 21 directed at Yahoo!.  To the extent that the allegations or legal conclusions contained in paragraph 21 are directed at other defendants, Yahoo! lacks sufficient information to admit or deny the allegations or legal conclusions and therefore denies them.

## RESPONSE TO BEDROCK'S PRAYER FOR RELIEF

22-31.  In response to paragraphs 22 through 31 of the Complaint, Yahoo! denies that Bedrock is entitled to an award of any relief at all or to the relief sought in paragraphs 22-31 of the Complaint against Yahoo!, its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and against all those persons in active concert or participation with Yahoo!.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, Yahoo! asserts the following defenses, without assuming any burden of proof that it would not otherwise bear.  Yahoo! reserves the right to amend its answer as additional information is obtained.

### FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

32.   The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE (NON-INFRINGEMENT)

33.   Yahoo! does not infringe and has not infringed, either directly, indirectly, jointly, contributorily, by inducement, or in any other way, any claim of the '120 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE (INVALIDITY)

34.   One or more claims of the '120 Patent are invalid because they fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE (EQUITABLE DEFENSES)

35.   Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE (STATUTORY DAMAGES LIMITATION)

36.     Plaintiff's claim for damages is statutorily limited by 35 U.S.C. § 286 and/or 287.

## SIXTH AFFIRMATIVE DEFENSE (NO INJUNCTIVE RELIEF)

37.     Plaintiff's claim for injunctive relief is barred because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements for such relief.

## SEVENTH AFFIRMATIVE DEFENSE (LACK OF STANDING)

38.     On information and belief, Plaintiff lacks standing and/or ownership to bring suit against Yahoo! on the '120 Patent.  Plaintiff's claim should be dismissed for failure to name an indispensable party.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Yahoo!, for its Counterclaims against Bedrock pursuant to Rule 13 of the Federal Rules of Civil Procedure, alleges and states:

## JURISDICTION AND VENUE

39.     Yahoo! is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Sunnyvale, California.

40.     On information and belief, Bedrock is a Texas corporation.

41.     These Counterclaims arise under the United States Patent laws, 35 U.S.C. § 101 *et seq.*  These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1338, 2201, and 2202.

42.     This Court has personal jurisdiction over Bedrock because Bedrock has consented to jurisdiction in the state of Texas by bringing the present action.

43.     Venue is appropriate because Bedrock has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

44.     Bedrock claims to be the owner of the '120 Patent.

## FIRST COUNTERCLAIM FOR DECLARATORY RELIEF
## (NONINFRINGEMENT)

45.     Yahoo! incorporates by reference each and every allegation contained in paragraphs 39 through 44 as fully set forth herein.

46.     An actual and justiciable controversy exists between Yahoo! and Bedrock with respect to the non-infringement of the '120 Patent because Bedrock has brought this action against Yahoo! alleging that it infringes the '120 Patent, and Yahoo! denies this allegation. Absent a declaration of noninfringement, Bedrock will continue to wrongfully assert the '120 Patent against Yahoo!, and thereby cause Yahoo! irreparable injury and damage.

47.     Yahoo! has not infringed the '120 Patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaratory judgment to that effect pursuant to 28 U.S.C. §§ 2201-2202.

## SECOND COUNTERCLAIM FOR DECLARATORY RELIEF (INVALIDITY)

48.     Yahoo! incorporates by reference each and every allegation contained in paragraphs 39 through 44 as fully set forth herein.

49.     An actual and justiciable controversy exists between Yahoo! and Bedrock with respect to the invalidity of the '120 Patent because Bedrock has brought this action against Yahoo! alleging that it infringes the '120 Patent, and Yahoo! denies this allegation and asserts that the '120 patent is invalid.  The '120 Patent is currently undergoing *ex parte* reexamination at the United States Patent and Trademark Office and Yahoo! believes that the '120 Patent will be invalidated.  Absent a declaration of invalidity, Bedrock will continue to wrongfully assert the '120 Patent against Yahoo!, and thereby cause Yahoo! irreparable injury and damage

50.     The '120 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101-103, and/or 112, and Yahoo! is entitled to a declaratory judgment to that effect pursuant to 28 U.S.C. §§ 2201-2202.

## EXCEPTIONAL CASE

51.     This case is exceptional against Bedrock under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Defendant Yahoo! hereby demands a jury trial as to all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Yahoo! requests that the Court enter a judgment:

A.     Against Bedrock and in favor of Yahoo!;

B.     Dismissing Bedrock's Complaint in its entirety with prejudice and adjudging that Bedrock is entitled to no relief whatsoever from Yahoo!;

C.     Declaring and finding that Yahoo! has not infringed any asserted claims of the '120 Patent;

D.     Declaring and finding that the '120 Patent is invalid against Yahoo!;

E.     Adjudging that Bedrock take nothing by its Complaint;

F.     Awarding Yahoo! its costs and attorney's fees; and

G.     Awarding Yahoo! such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  April 30, 2010

 /s/ Yar R. Chaikovsky
Yar R. Chaikovsky
California State Bar No. 175421
John A. Lee
California State Bar No. 229911
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Tel:  650.815.7400
Fax:  650.815.7401
E-mail:  ychaikovsky@mwe.com
Email: jlee@mwe.com

ATTORNEYS FOR DEFENDANT
Yahoo! Inc.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that, on April 30, 2010, a true and correct copy of the foregoing DEFENDANT YAHOO! INC.'S ANSWER TO BEDROCK'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS has been sent to the following counsel of record by electronic mail via the CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(a)(3).  Any other counsel of record will be served by U.S. Mail.


/s/ Yar R. Chaikovsky
Yar R. Chaikovsky