-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BEDROCK COMPUTER TECHNOLOGIES LLC,** | § § § | |
| Plaintiff, | § § | |
| | § | **CASE NO. 6:09-cv-269-LED** |
| v. | § § | **Jury Trial Demanded** |
| **SOFTLAYER TECHNOLOGIES, INC.,** et al. | § § § | |
| Defendants. | § § | |

# BEDROCK'S RESPONSE TO RED HAT'S MOTION TO INTERVENE

## I. INTRODUCTION

On June 16, 2009, Plaintiff Bedrock Computer Technologies ("Bedrock") brought this lawsuit ("Bedrock I") against companies using certain versions of the Linux kernel and infringing the '120 patent. Bedrock did not, however, sue Red Hat, Inc. ("Red Hat"). Half a year later, Red Hat filed a declaratory judgment action against Bedrock in this District (Civil Action No. 6:09-cv-549) ("Bedrock II" or "DJ"). Now, another half a year later, Red Hat is moving to intervene in this case *even though* it has already chosen to litigate against Bedrock via its DJ action, *even though* the motion to intervene is not timely, *even though* Red Hat is suffering no prejudice in litigating its case through its DJ action, and *without* presenting any argument as to why its DJ action is somehow insufficient. Simply put, when Red Hat decided to litigate its interests in a declaratory judgment action, it lost any rationale that it might have otherwise had to intervene under Fed. R. Civ. P. 24.

## II. ARGUMENT

Fed. R. Civ. P. 24 ("Rule 24") allows a party to intervene as a matter of right under Rule 24(a) or through permission of a court under Rule 24(b):

> (a) Intervention of Right.
>
> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General.
>
> On timely motion, the court may permit anyone to intervene who:
>
> . . .

>    (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24. Red Hat, in its motion, discusses the necessary elements of Rule 24 to present a straightforward—but specious—application of the law governing intervention. Red Hat's motion is untimely and falls apart when it is considered that Red Hat has already decided to file its declaratory judgment action.

### A. Red Hat Has Already Filed a Declaratory Judgment Action.

The law is clear: a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). On December 9, 2009, Red Hat came to a fork in the road: it could file its own declaratory judgment action against Bedrock, or it could move to intervene in this case. Red Hat opted to file its own declaratory judgment action. From that point onward, Red Hat could not initiate a duplicative action against Bedrock. *See Oliney*, 771 F.2d at 859. Red Hat's motion to intervene seeks to do just that. *Compare* Red Hat's Complaint in Intervention (Dkt. No. 220) *with* Red Hat's Complaint for Declaratory Judgment, *Red Hat, Inc. v. Bedrock Computer Techs.*, Case No. 6:09-cv-549 (E.D. Tex Dec. 9, 2009) (Dkt. No. 1). To intervene, Red Hat would first need to dismiss its own declaratory judgment action. But because Bedrock has already answered Red Hat's DJ complaint, Red Hat cannot, without Court order, dismiss its DJ action, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), and Red Hat has made no such motion. In this way, Red Hat has already chosen its course in litigating against Bedrock, and its time to change its mind and switch courses has passed.

-3-

### B.  Red Hat's Motions for Intervention Under Rule 24(a) and 24(b) Are Not Timely

Motions for intervention under both Rule 24(a) and 24(b) must be timely.  *See* Fed. R. Civ. P. 24.  Red Hat moved to intervene in Bedrock I on June 1, 2010.  This is nearly *six months* after Red Hat chose to file its own declaratory judgment action rather than move to intervene in this case.  In its motion, however, Red Hat ignores this critical fact and instead attempts to establish that its motion is timely merely by pointing to the fact that this case is still in the discovery phase.  *See* Mot. (Dkt. Not. 219) at 6-8.  This is completely beside the point.  Red Hat must have known that intervention was an alternative to filing its own declaratory judgment action, but for whatever reason, it waited six months to move to intervene.  In this way, Red Hat has, itself, demonstrated that its motion to intervene is not timely.

Alternatively, Red Hat will suffer no prejudice by litigating its rights via its declaratory judgment action.  Red Hat claims that it would be "severely prejudiced" absent intervention and therefore must be permitted to intervene so as "to exonerate RHEL."  These highly charged arguments, however, ignore the facts that (i) Red Hat has already filed a declaratory judgment action against Bedrock and (ii) Red Hat's declaratory judgment lawsuit is set for trial six months after this case.  When these facts are taken into consideration, Red Hat's choice to file its own DJ action undercuts the dire need to intervene that it now paints for the Court.  When Red Hat filed its own DJ action, it made the choice to initiate a separate lawsuit rather than seek intervention at that point in time, and only Red Hat is responsible for that decision.  Moreover, the time between the Bedrock I and Bedrock II trials—six months—is the same amount of time that Red Hat delayed in bringing its motion to intervene:

-4-

-5-



When Red Hat tries its declaratory judgment action, Red Hat will have the full opportunity to present its case and "exonerate RHEL." So if a six month delay for filing its motion to intervene is timely under Rule 24, then a six month delay in trying the DJ action it brought is just as timely—and Red Hat therefore has no need to intervene.

### C. Because Red Hat Ignores Its Own Declaratory Judgment Action, Its Motion for Intervention Under Rule 24(a) Falls Apart.

Red Hat fails to consider the potential implications of its DJ action on its eligibility for intervention in this case. As such, Red Hat makes many unqualified statements in support of intervention when most of these statements should be heavily discounted:

- Red Hat claims that it has a "direct, substantial, and legally protectable interest in this case," *see* Mot. at 8, without acknowledging its legal interests in the DJ action that it chose to bring;

- Red Hat claims that it "unquestionably has interest in defending the technology that it helps to develop," *see* Mot. at 9, without mentioning that these interests are already being litigated in the DJ action;

-5-

- Red Hat claims that it "cannot adequately defend RHEL or its current and potential customers if it is not permitted to intervene in Bedrock I," *see* Mot. at 9, paying no mind to the fact that Bedrock II is set for trial just six months after Bedrock I;

- Red Hat claims that it will be "relegated to the sidelines and may be subjected to any adverse ruling flowing from Bedrock I" *see* Mot. at 9, while omitting that Red Hat shares counsel with some Bedrock I defendants and most likely participates in their joint defense concurrent to its own defense;

- Red Hat claims that, through intervention, "Red Hat will best be able to protect its interests and the use the Court's resources efficiently," *see* Mot. at 10, while ignoring that, because Red Hat chose to file its own DJ action, there will be two lawsuits taxing the Court's resources regardless of Red Hat's intervention; and

- Red Hat claims that only it "can protect its interests vigorously and thoroughly, given its depth of knowledge and experience with RHEL, and its access to the information critical to the development and function of RHEL and the Linux kernel," *see* Mot. at 11, without making any showing that its engineers had anything to do with the development of the Linux code at the heart of the accused infringement.

Red Hat justifies its motion for intervention with sweeping, unqualified statements, like those above, and little else. As such, Red Hat has failed to demonstrate that intervention is warranted—let alone appropriate—and its motion for intervention under Rule 24(a) should likewise fail.

### D. Red Hat's Motion for Intervention Under Rule 24(b) Is Similarly Deficient.

Red Hat's motion for intervention under Rule 24(b) also ignores its own declaratory judgment action and should be denied. As discussed above, both Rule 24(a) and 24(b) require

-6-

the motion to be "timely," and Red Hat's motion is not timely.  Further, Red Hat cites *Reid v. General Motors Corp.*, 240 F.R.D. 257 (E.D. Tex. Dec. 19, 2006) (Folsom, J.) and *Tivo, Inc. v. AT&T, Inc.*, No. 2:09-cv-00259 (E.D. Tex. March 31, 2010) (Folsom, J.) for the proposition that this District "routinely permit[s] manufacturers to intervene permissively."  *See* Mot. at 11.  There is no indication in either of those cases that the intervenor first decided to file its own declaratory judgment action, reconsidered, and then moved to intervene six months later.  Those cases are therefore inapposite.  A case closer to the instant procedural posture is *iWork Software, LLC v. Corporate Exp., Inc.*, No. 02-cv-6355, 2003 WL 22494851, at *5 (N.D. Ill. 2003), where the court denied a motion to intervene in part by noting that webMethods, the would-be intervenor, "has already brought a separate declaratory judgment action for non-infringement of its software and invalidity of [the patent in suit]."[1]  The court there recognized that "[t]o allow webMethods to present the same arguments and evidence again would not be in the interests of justice or judicial efficiency."  *Id.*  Similarly, Red Hat should not be permitted to intervene here.

### III. CONCLUSION

For the reasons stated above, Bedrock respectfully asks the Court to deny Red Hat's motion for intervention.

---

[1]  To be sure, *iWork Software* differs from the case at hand in that the declaratory judgment action there was not pending but had been dismissed for lack of case or controversy.  *See iWork*, 2003 WL 22494851, at *5.  This distinction, though, does not diminish the rationale behind the denial of the motion for intervention.  If anything, the rationale is stronger with a pending declaratory judgment action because intervention would allow Red Hat "to present its same arguments and evidence" in two, simultaneous actions and "would not be in the interests of justice or judicial efficiency."  *See id.*; *see also Oliney*, 771 F.2d at 859.

DATED: June 25, 2010

Respectfully submitted,
**McKOOL SMITH, P.C.**

 /s/ *Douglas A. Cawley*
Sam F. Baxter
Texas Bar No. 01938000
**McKOOL SMITH, P.C.**
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

Douglas A. Cawley, Lead Attorney
Texas Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson, III
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
J. Austin Curry
Texas Bar No. 24059636
acurry@mckoolsmith.com
Jonathan R. Yim
Texas Bar No. 24066317
jyim@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4000
Facsimile: 214-978-4044

Robert M. Parker
Texas Bar No. 15498000
Robert Christopher Bunt
Texas Bar No. 00787165
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: 903-531-3535
Facsimile: 903-533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
BEDROCK COMPUTER
TECHNOLOGIES LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that true and correct copies of the foregoing document were filed via CM/ECF, and were thereby made available to all counsel of record.

                                           */s/ J. Austin Curry*
                                           J. Austin Curry

Dallas 304514v1