IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DATE: 2/16/11

| JUDGE<br>JOHN LOVE | REPORTER: Christy Humphries<br>LAW CLERK: Anna Phillips |
|---|---|
| BEDROCK COMPUTER TECHNOLOGIES, INC.<br>   Plaintiff<br><br>vs.<br><br>SOFTLAYER TECHNOLOGIES, ET AL<br>   Defendant | CIVIL ACTION NO: 6:09cv269<br><br>STATUS CONFERENCE &<br>MOTION HEARING (Documents #347 / 384) |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
| Jason Cassady<br>Phillip Aurentz<br>Chris Bunt<br>Scott Hejny<br>Doug Cawley | Jennifer Doan<br>Evette Pennypacker<br>Claude Stern<br>Frank Smith<br>Faye Morrisseau |

On this day, came the parties by their attorneys and the following proceedings were had:

OPEN: 9:34 am                ADJOURN: 10:54 am

| TIME: | MINUTES: |
|---|---|
| 9:34 am | Case called. All parties announced ready to proceed. |
| 9:36 pm | The Court stated we are here for a status conference and motion hearing on Motion to Stay, #347. The Court wants to discuss the willful issue. The Court wants to discuss the reexamine issue. |
| 9:37 am | Mr. Cawley stated he believes this is moot. |
| 9:38 am | Mr. Stern asked why this would be moot. |
| 9:39 am | The Court discussed a stipulation from parties due to the re examine. The Court wants to hear from the plaintiff as to what is going to trial. |

DAVID J. MALAND, CLERK

FILED: 2/16/11

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:40 am | Mr. Cassady stated they plan to go to trial on original 1, 2, 5 and 6. Plaintiff plans to work on a stipulation. |
| 9:40 am | Mr. Stern responded as to the stipulation. The proposition is acceptable if it is understood correctly. There cannot be any uncertainty. |
| 9:41 am | Mr. Cassady will put his bar card down as to the agreement. |
| 9:41 am | The Court is satisfied as to the agreement as to the covenant not to sue. |
| 9:42 pm | Mr. Stern further responded. The president needs to announced this. |
| 9:42 am | The Court is satisfied with what is stated here in Court. |
| 9:43 am | Mr. Cassady stated the Court will not hear about this again unless there is a serious malfunction. |
| 9:43 am | The Court asked for update on re examine and final certificate. |
| 9:44 am | Mr. Cassady stated they are waiting on final certificate. There is a notice of allowance and awaiting final allowance. |
| 9:44 pm | The Court will proceed and see what developments are regarding re examine. The Court wants to discuss willful. The Court discussed letter briefs. |
| 9:46 am | Mr. Hejny discussed the basis of willfulness. There is a 4 to 5 month window of willful. Discussion made on what the jury can decide and hear about. This motion deals strictly willfulness. Defendants activity has been reckless. Discussion made on plaintiff's request on third party communications. The re examine process will be brought before the jury. |
| 9:51 am | Mr. Smith responded. He stated he will speak on behalf of all defendants. They submitted the letter brief on summary judgment. He believe this should be granted and discussed why motion should be granted. The only willful that plaintiff has alleged is post filing of the complaint, willfulness. Discussion made on no movement on preliminary injunction. Further discussion made on the re examine process. Plaintiff has to show that the infringement was reckless. There is nothing here on this. Bringing these issues into court at a late date, the defendants have been prejudice. The motion for summary judgment should be granted. The willful claims should be deleted. The defendants will allow the letter brief to be the motion. |
| 9:58 am | Mr. Hejny asked if plaintiff can file an additional brief. |
| 9:59 am | The Court will set deadline of Monday. |
| 10:00 am | Mr. Smith asked for the following Friday for a response. |
| 10:01 am | The Court wants to discuss how this case will be tried. There are 7 defendants, one patent and four claims. The Court wanted to get from parties how they project the case being tried. |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 10:02 am | Mr. Cawley discussed the status of the case and how plaintiff proposes to proceed to trial. Mediation has not happened at this time. Discussion made on the infringement case and time burden. Discussion made on the invalidity case and times for case. Discussion also made on the damages case. The time burden is no greater than a single defendant. He believes that parties should have 13 hours per side, with no more than 15 per side. Every defendant infringe regarding the code. The infringement case can be put on in one trial as to all defendant. Discussion made on the invalidity case and how it can proceed. Discussion made on damages and the theory. All that is necessary is to have expert explain basis and factual support, then do the math separately. Discovery was brought forth from defendant in a limited manner as being related. The infringement case is very simple, however, defendants will say different now, from before. The defendants have all the same damage expert and should be tried together. Mr. Cawley requested that the case proceed as one case at one time. Anything other, would be unfair. If not, discussion was made of proposal. |
| 10:16 am | The Court asked about a trial being solely on validity. |
| 10:16 am | Mr. Cawley responded. Discussion made on the rearrangement of trial. |
| 10:17 am | Mr. Morrisseau responded. He would like to discuss the motion to dismiss on trial. The most efficient way is to have a bench trial on lack of standing. The issue has to be addressed and should be addressed first. Discussion made as to the scope of defendants as to how the trial should proceed. All defendants have an issue with going forward as to all defendants. After mediation, it may be easier on how to proceed to trial. Suggestions made as how to proceed. Discussion made on the suit and brief history given. Discussion made on why defendants should be separated for trial. There are differences in arguments and presentations. They have different experts as well, totaling 8. If the Court decides to keep all 7 defendants, defendants have some proposed trial times. Total of 25 hours needed as to all defendants. Opening, 1 and half hour, Voir dire, 1 hour, closing, 1 and half hr. |
| 10:32 am | Mr. Smith responded as to MySpace and AOL only, as to trial proceedings. They need enough time to present their defenses, no matter how trial proceeds. |
| 10:36 am | Mr. Cawley discussed why case should be brought to trial once. There are down sides, but there is efficiency given. |
| 10:39 am | The Court asked about damages. |
| 10:40 am | Mr. Cassady discussed the damage amounts for the defendants. |
| 10:40 am | Mr. Cawley stated the standing issues can be decided on the papers. Discussion made on the defense experts. |
| 10:41 am | Mr. Boise responded. Discussion made on experts. |
| 10:41am | The Court discussed will be considering the standing issue and the motions. He may want a hearing. Mediation and resolution should be continued. Discussion made on questionnaires and how this could happen, either mailed with summons or filled out before selection. The Court does not have a preference. |
| 10:44 am | Mr. Cawley agreed that it should be one page and has no preference as to being filled out. |

PAGE 4  - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 10:44 am | Mr. Morrisseau stated they would prefer it to be mailed out. |
| 10:45 am | The Court discussed times and parties needing to put down estimates later. |
|  | Mr. Smith would like to bring an issue regarding AOL and MySpace. |
| 10:46 am | Mr. Whitehurst stated they will be filing a motion for leave as some defendants do not use the code mentioned. |
| 10:47 am | Mr. Cassady responded. |
| 10:48 am | The Court wants Bedrock to cut loose as to defendants not infringing. |
| 10:51 am | Mr. Stern stated they may be joining in this motion. |
| 10:52 am | Mr. Cassady stated that all defendants directly infringe. Plaintiff has evidence of use. |
| 10:53 am | Mr. Whitehurst responded and argued infringement. |
| 10:54 am | There being nothing further, Court is adjourned. |