IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BEDROCK COMPUTER TECHNOLOGIES, LLC,** § § § | |
| Plaintiff, § § | NO. 6:09cv269 LED-JDL |
| vs. § § § | PATENT CASE |
| **YAHOO! INC.** § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Yahoo! Inc.'s ("Yahoo") Motion to Declare This an Exceptional Case and For Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 ("Fees Mtn") (Doc. No. 842), and Yahoo's Renewed Motion for Judgment as a Matter of Law Regarding Invalidity ("JMOL") (Doc. No. 845). Both matters have been fully briefed. The Court heard argument on July 26, 2011. Upon consideration of the briefings and the parties' oral arguments, both motions are **DENIED**.

### BACKGROUND

On June 16, 2009, Bedrock Computer Technologies, LLC ("Bedrock") filed the instant action against Yahoo alleging infringement of U.S. Patent No. 5,893,120 ("the '120 patent"). After a five day trial, the jury reached a verdict of noninfringement on May 20, 2011. The jury did not answer the question of invalidity of the '120 patent. On June 6, 2011, Yahoo filed the above-mentioned motions. The Court heard argument on July 26, 2011.

The '120 patent is related to an "on-the-fly" garbage collection procedure designed to remove expired data from information storage and retrieval systems while "other types of access to the

storage space are taking place." *See* '120 patent at 1:1-5; 1:21-23; 2:56-57. In particular, the system stores information using a hashing technique in the form of external chaining. *See* '120 patent at 2:60.

## LEGAL STANDARD

### I. Exceptional Standard

"The court in exceptional cases may award reasonable attorneys' fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is one in which "there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Absent litigation misconduct, attorneys' fees may be awarded if: (1) "the litigation is objectively baseless;" and (2) "the litigation is brought in subjective bad faith." *Id.* The standard for objective baselessness is identical to the objective recklessness standard used to determine enhanced damages and attorneys' fees as sanctions for those who have willfully infringed. *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011) (citing *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*)). Thus, objective baselessness turns on whether the asserted infringement argument is "so unreasonable that no reasonable litigant could believe it would succeed." *Id.* at 1378. Subjective bad faith may be shown by wrongful intent, recklessness, or gross negligence. *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003). However, the Supreme Court has stated that "[o]nly if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993).

Due to the presumption that a claim of infringement of a duly granted patent is made in good faith, both the objective and subjective prongs of this two-part test must be established by clear and convincing evidence. *Brooks Furniture*, 393 F.3d at 1382. Should a case be found exceptional under § 285, the decision to award attorneys' fees and the amount of those fees "are within the district court's sound discretion." *Id.*

## II. Renewed Judgment as a Matter of Law

A renewed motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Power-One, Inc. v. Artesyn Tech., Inc.*, 556 F. Supp. 2d 591, 593 (E.D. Tex. 2008) (citing *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 235 (5th Cir. 2001)). Rule 50 provides that judgment as a matter of law is appropriate if the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. FED. R. CIV. P. 50(a)(1). In ruling on a renewed motion for judgment as a matter of law, the court may allow judgment on the verdict, if the jury returned a verdict; order a new trial; or direct the entry of judgment as a matter of law. FED. R. CIV. P. 50(b).

A jury's verdict may be overturned if, viewing the evidence and inferences therefrom in the light most favorable to the party opposing the motion, there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.[1] *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (citing *Delano-Pyle v. Victoria County*, 302 F.3d 567, 572 (5th Cir. 2002)). The court may not make credibility determinations, nor weigh the evidence. *Power-One*, 556 F. Supp. 2d at 594 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150

---

[1] Because a motion for judgment as a matter of law is a procedural matter not unique to patent law, the law of the regional circuit controls. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004).

3

(2000)).

## DISCUSSION

I. **Motion for Exceptional Case and Attorneys' Fees**

Yahoo requests the Court declare this an exceptional case and award Yahoo attorneys fees. FEES MTN AT 1 (Doc. No. 842). Yahoo argues that Bedrock pursued a meritless willfulness allegation and continually shifted its damages theory throughout the case. *Id*. at 1–2. Bedrock responds that its case was not objectively baseless or brought with subjective bad faith. FEES RESPONSE AT 4, 8.

A. **Willful Infringement Allegations**

The issue is whether Bedrock's claims "were so unreasonable that no reasonable litigant could believe it would succeed." *See iLOR*, 631 F.3d at 1378; *see also Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 544 (Fed. Cir. 2011). Although Bedrock was unsuccessful in its patent infringement suit, Yahoo has not shown by clear and convincing evidence that Bedrock's willfulness case or damages theories were objectively baseless or untenable.

In particular, Bedrock's willfulness allegations were not wholly unreasonable. An email from Alexey Kuznetzov, author of the accused Linux code, initially represented that the '120 patent did not read on the prior art, and further, that the patent was infringed. FEES MTN AT 12. Although Mr. Kuznetsov retracted this statement—eventually opining that Yahoo's prior art invalidated the '120 patent claims—the retraction did not erase the earlier statement, and the jury was free to believe either. Bedrock also argued that Mr. Kuznetsov, through email and again at deposition, concluded that the '120 patent was both valid and infringed. *See* BEDROCK LETTER BRIEF AT 2 (Doc. No. 496); *see also* TRIAL TRANSCRIPT, 5/9/11 AFTERNOON AT 306:10-13; 307:5-308:1. Bedrock had additional

prior art witnesses attesting to the same conclusions, particularly Shawn Ostermann and Dan McDonald. BEDROCK LETTER BRIEF AT 2. Mr. McDonald, author of the prior art NRL code, concluded he could not help Yahoo defend against allegations of infringement of the '120 patent.[2] *Id.* There was ample evidence to overcome the "objectively baseless" standard.

Additionally, the Court denied Yahoo's Motion for Judgment as a Matter of Law on the issue. TRIAL TRANSCRIPT, 5/9/11 AFTERNOON AT 306:10-13; 307:5-308:1. "When a trial court denies a Motion for Judgment as a Matter of Law, it determines that there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded individuals in the exercise of impartial judgment might reach different conclusions." *Sulzer Textil A.G. v. Picanol N.V.*, Civil Action No. 6:00cv279, 2002 U.S. Dist. LEXIS 27197, at *6 (E.D. Tex. March 11, 2002) (citing *Rutherford v. Harris County, Texas*, 197 F.3d 173, 179 (5th Cir. 1999)). Because Bedrock's willfulness allegations survived a motion for judgment as a matter of law, its claims cannot be objectively baseless. *See Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (stating it difficult to find a claim baseless if it survived a motion for summary judgment). For all of the above reasons stated, Bedrock's willful infringement allegations do not make this an exceptional case.

B. **Damages Theories**

"The mere fact that an issue was plead and then dropped prior to trial does not establish vexatious litigation." *Sulzer*, 2002 U.S. Dist. LEXIS, at *9 (citing *Beckman Instruments*, 892 F.2d

---

[2] In addition, Bedrock limited its willfulness allegations to post-filing conduct, amending its complaint only after the '120 patent survived reexamination. SURREPLY AT 4—5. Bedrock further cited *Webmap Technologies, LLC v. Google., Inc.* to justify the continued pursuit of its willfulness claim despite not having filed for a preliminary injunction. *Id.*

at 1551). Yahoo takes issue with Bedrock's damages theories, which were based on: (1) direct service attacks; (2) litigation-induced settlements; (3) and finally, an efficiency theory. FEES MTN AT 14. However, the Court struck all references to a per-server royalty extrapolated from Bedrock's litigation licenses (Doc. No. 656), forcing Bedrock to rely on the alternate theory proposed in its expert damages report. Thus, Bedrock's "ever-shifting theories"—as Yahoo describes them—were asserted out of necessity and with notice.

Yahoo further contends that the efficiency theory Bedrock asserted at trial contradicted Federal Circuit law, incorrectly applied the entire market value rule, and applied a cost savings theory without any justification. *See* FEES MTN AT 3. However, Yahoo asserted these same arguments in its Motion for Judgment as a Matter of Law Regarding Damages (Doc. No. 823), which was denied from the bench. TRIAL TRANSCRIPT, 5/9/11 AFTERNOON AT 306:10-13; 306:25-307:2. As stated above, overcoming a motion for judgment as a matter of law indicates that a claim cannot be objectively baseless. *See Sulzer*, 2002 U.S. Dist. LEXIS, at *5–6.

Because Bedrock's willfulness and damages theories were not objectively baseless, the Court need not reach the question of subjective bad faith. Accordingly, Yahoo's Motion to Declare This an Exceptional Case and For Attorneys' Fees and Costs is **DENIED**.

II. **Renewed Motion for Judgment as a Matter of Law Regarding Invalidity**

    A. **Parties' Contentions**

Yahoo contends that the '120 patent is invalid as a matter of law. JMOL AT 1. Yahoo asserts that: (1) the Linux source code versions 1.3.51, 1.3.52, and/or 2.0.1 from 1995-1996 ('95 Linux Code) anticipates the '120 patent and makes claims obvious; (2) the Naval Research Labs key management computer source code (NRL Code), when combined with other prior art, renders the

6

'120 patent obvious; and (3) U.S. Patent No. 5,121,495 ("the '495 patent"), in combination with other prior art, invalidates the '120 patent due to obviousness. *See generally* JMOL (Doc. No. 845). Yahoo further asserts that the '95 Linux Code and the NRL Code were not before the PTO during the original examination, or reexamination , and therefore, the PTO should not be accorded its usual deference with respect to the '120 patent. JMOL AT 1–2. In addition, Yahoo contends the Court should apply the preponderance of the evidence standard to the question of invalidity, pursuant to the parties' joint stipulation (Doc. No. 652).

In response, Bedrock contends Yahoo's JMOL should be denied because the jury was free to disbelieve the evidence Yahoo put on at trial. JMOL RESPONSE AT 1. Further, in discussing equivalents, Yahoo failed to give particularized testimony linking the structure Yahoo identified in its prior art references to the structure identified in the Court's claim construction. *See id.* at 5. To succeed on a motion for judgment as a matter of law, Bedrock argues Yahoo must show by clear and convincing evidence that the '120 patent is invalid. *Id.* at 4.

### B. Which Rule of Civil Procedure Governs Yahoo's Motion

As a preliminary matter, the parties dispute which rule of procedure governs Yahoo's motion. Bedrock argues that Federal Rule of Civil Procedure 49(a)(3), as opposed to Rule 50, governs Yahoo's motion given that Yahoo failed to object to language in the verdict form that conditioned an answer to the question of invalidity on a finding of infringement, i.e., the jury determined the validity of the patent only if Yahoo was found to have infringed. *Id.* at 16–17. Yahoo contends that Rule 49 does not apply because that particular rule is reserved for special verdicts, which were not submitted to the jury in this case. JMOL REPLY AT 8. Rather, Yahoo contends that Rule 50 governs. *Id.* As discussed in detail below, Rule 49 governs; however, even under a Rule 50 analysis, Yahoo's

7

motion fails.

    **C.    Analysis**

        **1.    Analysis Under Federal Rule of Civil Procedure 49**

The verdict form submitted to the jury was a special verdict form governed by Rule 49(a). Although a strict reading of Rule 49(a) warrants that a special verdict "seeks resolution of only *factual* issues," there is no error "where a legal question has been included" because the legal question necessarily resolves any issues of underlying fact. *Quaker City Gear Works, Inc. v. Skil Corporation*, 747 F.2d 1446, 1453 (Fed. Cir. 1984). Thus, because anticipation and obviousness—the invalidity theories proffered by Yahoo—are questions of law with issues of underlying fact,[3] the question of invalidity proposed on the verdict form is a special verdict.[4] *See id.*

Yahoo failed to object to the verdict form, particularly the conditional statement instructing the jury not to answer the question of invalidity unless the jury failed to find infringement. Thus, the jury did not reach the question of invalidity. Pursuant to Rule 49(a)(3),[5] Yahoo has waived its right to trial by jury on the issue of invalidity and therefore the Court may make a finding on the issue. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 309 (5th Cir. 1993); *Spectra-Physics,*

---

[3] *See Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, --- F.3d ----, 2011 WL 3672474, at *9 (Fed. Cir. Aug. 23, 2011); *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999).

[4] The question proposed by the verdict form read, "Did Yahoo prove by a preponderance of the evidence that any of the listed claims of the '120 patent are invalid?" (Doc. No. 834).

[5] Rule 49(a)(3) states:
    A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court may make a finding on the issue. If the court makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict.

FED. R. CIV. P. 49(a)(3).

*Inc. v. Coherent*, *Inc.*, 827 F.2d, 1524, 1535 (Fed. Cir. 1987); *Quaker*, 747 F.2d at 1453 (stating the right to trial by jury is waived as to any factual issue where the parties agreed to instructions that the jury need not answer all questions). However, the Court is not required to make an express finding as to the '120 patent's validity, and the Court declines to so. *See* FED. R. CIV. P. 49(a)(3).

### 2. Analysis under Federal Rule of Civil Procedure 50

Even if Rule 49 does not apply, Yahoo has failed to show by a preponderance of the evidence[6] that the '120 patent is invalid. Therefore, Yahoo's Renewed Motion for Judgment as a Matter of Law Regarding Invalidity is **DENIED**.

Under the standard for judgments as a matter of law, the Court reviews the case for substantial evidence. *Goodner v. Hyundai Motor Co., Ltd.*, --- F.3d ----, 2011 WL 3634166, at *2 (5th Cir. Aug. 19, 2011); *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1563 (Fed. Cir. 1996). In other words, the Court reviews "such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the finding under review." *Texas Instruments*, 90 F.3d at 1563; *see also McNair v. City of Cedar Park, Texas*, 993 F.2d 1217, 1219 (5th Cir. 1993) ("The court must then review the evidence bearing on those issues, drawing all inferences in favor of the nonmovant/appellee, to determine whether a reasonable juror could arrive at a verdict in his favor.").

Much of the invalidity argument rested with the testimony of experts, and all testifying experts were extensively cross-examined. Joel Williams, Yahoo's technical expert, testified that the '95 Linux Code disclosed all the elements of Claim 1 of the '120 patent. JMOL AT 8–12. Both Mr.

---

[6] The Court applies the preponderance of the evidence standard in accordance with the parties' joint stipulation. (Doc. No. 652).

9

Williams and Daniel McDonald, author of the NRL Code, testified that it would be obvious to combine separate portions of the NRL Code to create a hashing or external chaining method with the use of on-the-fly garbage collection. *Id.* at 15–16. Finally, Williams also testified that the '495 patent, when combined with other references, made the '120 patent obvious. *Id.* at 21.

However, Bedrock put on testimony rebutting all of Yahoo's experts' conclusions as to invalidity. Dr. Jones testified that the '95 Linux Code did not function in the same way as the '120 patent. JMOL RESPONSE AT 9. Mr. Williams, Yahoo's own expert, testified that the NRL Code taught standalone garbage collection, contrary to the on-the-fly garbage collection method disclosed by the '120 patent. TRIAL TRANSCRIPT, 5/9/11 AFTERNOON AT 207:22-208:23. Finally Dr. Nemes, the inventor of both the '495 and '120 patents, explained that the two patents were very different; the '120 patent performed the removal of records in a much simpler way. TRIAL TRANSCRIPT, 4/27/11 MORNING AT 12:22-14:5. The record is replete with substantial evidence indicating that a reasonable mind could have upheld the presumption that the '120 patent is valid.[7] Because the jury heard conflicting testimony with regard to the anticipation and obviousness of the '120 patent, the jury was free to disbelieve Yahoo's experts and their opinions regarding invalidity. *See i4i Limited Partnership v. Microsoft Corp.*, 598 F.3d 831, 848 (Fed. Cir. 2010).

Further, much of the anticipation argument turned on whether the '95 Linux Code contained structures equivalent to those disclosed in the '120 patent. Both parties put forth expert testimony on this issue, and a reasonable juror could have found that the structures disclosed within the prior art were not equivalent to the structures identified in the Court's claim construction.

---

[7] In addition, the USPTO recently concluded its second reexamination of the '120 patent, confirming the patentability of claims 1 and 2. (Doc. No. 878-1).

The Court finds that there is adequate evidence indicating that a reasonable juror could have upheld the validity of the '120 patent. Consequently, Yahoo's JMOL is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Yahoo's Motion to Declare This an Exceptional Case and for Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285, as well as Yahoo's Renewed Motion for Judgment as a Matter of Law Regarding Invalidity.

**So ORDERED and SIGNED this 30th day of September, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**